IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOEY D. GONZALEZ RAMOS | * | |
| Plaintiff | * | |
| v. | * | |
| ADR VANTAGE, INC., | * | Case: 1:18-cv-01690 JURY<br>Assigned to: Mehta, Amit P. |
| | * | |
| Defendant | | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT ADR VANTAGE, INC.

Defendant, ADR Vantage, Inc. (ADR), by counsel, Anthony D. Dwyer, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Count I of the Complaint alleging "defamation - slander per se and libel per se" is barred by D.C.'s one year statute of limitations. Count II alleging civil conspiracy, Count III alleging intentional infliction of emotional distress, Count IV alleging invasion of privacy and Count V alleging injunctive relief fail to state a claim upon which relief can be granted and should be dismissed.

### I. FACTUAL BACKGROUND

On or about November 22, 2016, the Agricultural Research Service (ARS or the Agency) of the United States Department of Agriculture (USDA), issued a Request for Quotation (RFQ) for an organizational "climate assessment" of the Subtropical Horticultural Research Station (SHRS) in Miami, Florida. (see Exhibit 1). The ARS is a part of the USDA that conducts

research relating to agricultural problems of high national priority. The SHRS conducts research on the genetics of tropical and sub-tropical fruit among other things.

The Statement of Work (SOW) from the RFQ provides that the purpose of the contract is for the ARS to obtain consultative support in conducting a thorough employee assessment of the SHRS including conducting in person interviews of the staff. Thus, it requested that there be an assessment of the workplace climate.

The SOW which was later incorporated as part of the contract specifically called for the selected contractor to provide an objective analysis of the challenges in the Miami location and to develop and provide recommendations on ways to improve or resolve the challenges, and required that a report be prepared outlining the challenges. Thus, ADR had no prior knowledge as to the reason for the Agency's interest in a climate survey.

ADR submitted a proposal in response to the Agency's RFQ on November 18, 2016 (attached as Exhibit 2). It was awarded the contract.

Ms. Dianne Lipsey and Mr. Rick Buccheri from ADR spent 3 days on site in Miami in mid- December 2016. On that visit, they interviewed 26 of the approximately 32 employees then employed at the SHRS. These were voluntary interviews. Thereafter, ADR issued a report in February 2017, a copy of which is attached as Exhibit 3.

Upon completion of the report, ADR sent the climate assessment survey report in an email only to Chevon Gibson (USDA contracting officer representative, located in Washington, D.C.), Stephanie E. Masker (Senior Counsel, USDA Office of General Counsel, located at the time in Washington, D.C.), and Archie Tucker (ARS Associate Area Director, located at the time in Southeast Regional Office in Arkansas who served as the programmatic point of contract for

the contract). ADR distributed the report to no one else, nor was the report published online. (See Affidavit of Dianne Lipsey, attached as Exhibit 4).

Plaintiff initially filed a complaint in Florida state court in the 11th Circuit Court of Miami in Dade County. That case was subsequently removed to the U.S. District Court for the Southern District of Florida. The United States District Court for the Southern District of Florida dismissed the lawsuit on the grounds of absence of personal jurisdiction. (See Order attached as Exhibit 5). Then plaintiff filed the present lawsuit in the United States District Court for the District of Columbia.

## II. COUNT I ALLEGING DEFAMATION - SLANDER PER SE AND LIBEL PER SE IS BARRED BY THE STATUTE OF LIMITATIONS

DC Code §12-301 (4) (2012) applies and provides that there is a one year statute of limitations for libel and slander. In the present case, the report prepared by ADR was issued in February 2017. See Exhibits 3 and 4. The complaint in this case was filed on July 18, 2018. Accordingly, the defamation claim is barred by the one-year statute of limitations and should be dismissed.

Even if the Defamation claim was not barred by this one-year statute of limitations, which it is, there is no *prima facie* showing of defamation. To state a claim for defamation under District of Columbia law, a plaintiff must allege: (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement without privilege to a third party; (3) the defendant's fault in publishing the statement was at least negligent; and (4) either the statement was actionable as a matter of law irrespective of special harm, or that its publication caused special harm. *Rosen v. Am. Israel Pub. Affairs Comm.*, 41 A.3d 1250, 1256 (D.C. 2012). A statement is defamatory "if it tends to injure [the] plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Id.*

Even a cursory review of the report for the USDA prepared by ADR reveals that there are no defamatory statements contained therein. Nowhere in the report is the plaintiff identified by name. Even more importantly, the report set out an organizational climate assessment based exclusively on interviews with 26 of 32 employees. The purpose in the report is to identify factors that contribute to employee harassment and a hostile work environment. The report is based on the accumulated results of the employee interviews which also included input from current and former members of the leadership with knowledge of the circumstances at the SHRS. There was a strong consensus represented in the identified themes. In the report findings section, it specifically states that they are based on matters raised by employees in response to open-ended questions. There is no assertion as to whether or not the views of the employees are true. In other words, it was a survey of employee views, not an assertion by ADR.

In determining whether a communication is capable of a defamatory meaning, "a court must examine the entire context of a publication." *Tavoulareas v. Piro*, 817 F. 2d 762 (D.C. Cir. 1987). A report to Agency management officials regarding an employment environment is privileged and not defamatory when the entire context of the publication is examined. The whole purpose of the contract was to assess and report on the work environment. *See Sturdivant v. Seaboard Service System*, Ltd., 459 A.2d 1058 (D.C. 1983) (Absolute privilege applied to arbitration statement in a case involving an investigator for a company which had contracted with an employer to provide internal security reports concerning conduct of employees); *General Motors v. Mendicki*, 367 F.2d 66 (10th Cir. 1966) (Unqualified privilege applies to statement about employee). Here ADR was acting as an agent of the plaintiff's employer by contract, and it enjoyed the same privilege.

While statements of fact "may be the basis for a defamation claim, a statement of pure 776, 781 (E.D. Va. 2005)). "[A] statement of opinion is actionable if—but only if—'it has an explicit or implicit factual foundation and is therefore objectively verifiable.' " *Guilford Transp. Indus. v. Wilner*, 760 A.2d 580, 597 (D.C. 2000). Here ADR is merely reflecting consensus of opinions of employees gleaned from interviews.

In the District of Columbia, statements of opinion are absolutely privileged. *Ollman v. Evans*, 750 F.2d 970, 982 (D.C.Cir.1984). *See also Myers v. Plan Takoma, Inc.*, 472 A.2d 44, 47 (D.C. 1983) (stating that, in deciding whether the challenged statements are opinion, "the court must consider whether the allegedly defamatory words are susceptible to proof of their truth or falsity" and statements that cannot "readily be proven true or false" are "more likely to be viewed as statements of opinion, not fact"). USDA's General Counsel and Management were not only entitled to assess the work environment of the workplace by hiring expert contractors, it probably had an obligation to do so under law where the issues of harassment or hostile work environments existed. *Cf. Rowe v. Guardian Automotive Products, Inc.*, 2005 WL 3299766 (N.D. Ohio 2005) (Court implicitly recognized that employers have a duty to provide a safe work environment where an an employee was terminated for failing to cooperate in an investigation.)

Alternatively, even if the Court were to deny the Motion to Dismiss the defamation claim, there is no basis for an award of punitive damages. ADR was merely fulfilling the contract requirements and there was no ill will or evil intent. See Exhibit 4. Accordingly, the claim for punitive damages should be dismissed.

### III. COUNT II ALLEGING CIVIL CONSPIRACY MUST BE DISMISSED

To state a claim of civil conspiracy, Plaintiff must allege: (1) an agreement between defendant and someone else; (2) to participate in an unlawful act or in a lawful act performed in

an unlawful manner; (3) that an injury was caused by an overt act performed by defendant; (4) pursuant to, and in furtherance of the common scheme. *See Weishapl v. Sowers*, 771 A.2d 1014, 1023 (D.C. 2001).   Where there is no direct evidence of a common scheme whatsoever, plaintiff must, at the very least, present circumstantial evidence from which the trier of fact could infer a common scheme and an overt act in furtherance of the conspiracy. *Id*. Civil conspiracy is dependent on an underlying tortious act and "it is a means for establishing liability for the underlying tort." *Id*.

In the present case, ADR was merely reported its findings from interviews of the employees to the USDA General Counsel's office, ARS Management and as always required for government contract deliverables, to the Contracting Officer's Representative (COR). There is no agreement to perform an unlawful act.   See Exhibit 4.   Plaintiff's complaint is deficient because it merely alleges that there was some sort of conspiracy with some unknown person. Count II should be dismissed.

## IV.  COUNT III ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED

To proceed on a claim of intentional infliction of emotional distress, a plaintiff must plead facts sufficient to support a reasonable inference of  (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress.  *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)).   The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*.   Courts have even held that discharge of an employee (which was not recommended by ADR) does not amount to such outrageous conduct, nor do employer-

employee conflicts generally rise to the level of outrageous conduct. *Elliot v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C. 1993).

In the present case, ADR was merely reporting recommendations on the requested findings in the contract with the USDA that were silent on the employment status of the plaintiff. There is no extreme or outrageous conduct. Accordingly, Count III alleging intentional infliction of emotional distress claim should be dismissed.

## V. COUNT IV ALLEGING INVASION OF PRIVACY CLAIM SHOULD BE DISMISSED

Under District of Columbia law, to state a claim for an invasion of privacy false light, a plaintiff must establish: (1) publicity, (2) about a false statement (3) understood to be concerning the plaintiff (4) which places the plaintiff in a false light that would be offensive to a reasonable person. *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856, 859 (D.C. 1999). (citing Restatement § 652E (1977)). Failure to establish any one of these elements will defeat a plaintiff's cause of action.

Here plaintiff's allegations fail to satisfy the elements of the claim and thus the invasion of privacy claim should be dismissed. As stated above with respect to claim of defamation, there was no publicity and the reporting by ADR to USDA General Counsel and Management on employee interviews per the contract was privileged. Accordingly, Count IV should be dismissed.

## VI. THERE IS NO BASIS FOR INJUNCTIVE RELIEF

Count V seeking permanent injunctive relief should also be dismissed. A permanent injunction requires the trial court to find that "there is no adequate remedy at law, the balance of equities favors the moving party, and success on the merits has been demonstrated." 43A C.J.S. *Injunctions* § 16 (1978); *Universal Shipping Co. v. United States*, 652 F. Supp. 668, 675-76

(D.D.C.1987) (Court must look at the interests of the parties who might be affected by the [injunction] and must also examine whether the facts and the relevant law indicate that an injunction clearly should be granted or denied apart from any countervailing interest").

Because all of the underlying claims should be dismissed, the claim for injunctive relief should also be dismissed. Additionally, ADR merely issued its report to USDA General Counsel's representative, ARS Management and as a contract deliverable to the Contract Officer in the person of the COR and had no further involvement in this matter. Its work is completed. There is an adequate remedy at law. Count V should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Complaint should be dismissed.

Respectfully Submitted

/s/ Anthony D. Dwyer (DC Bar: 415575)
Anthony D. Dwyer
Law Office of Anthony D. Dwyer
6230 Old Dobbin Lane
Suite 190
Columbia, MD 21045
240-512-2199
*Attorney for Defendant*