UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEY D. GONZALEZ RAMOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADR VANTAGE, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 18-cv-01690 (APM) |

## ORDER

Before the court is Defendant ADR Vantage, Inc.'s Motion to Dismiss all counts of Plaintiff Joey Ramos's Complaint. *See* Def.'s Mot. to Dismiss, ECF No. 4 [hereinafter Def.'s Mot.]; Mem. of P&A in Support of Def.'s Mot., ECF No. 4-1 [hereinafter Def.'s Mem.]. For the following reasons, the court denies Defendant's Motion in its entirety.

*Count I: Defamation*

Defendant offers a raft of disjointed arguments for why Plaintiff's defamation claim must be dismissed. None are persuasive.

*First*, Defendant argues that the defamation claim is time-barred under the District of Columbia's one-year limitations period. *See* Def.'s Mem. at 3. But under District of Columbia law, a defamation claim, as here, which does *not* involve publication through the media, begins to accrue when the plaintiff "first saw or became aware of the contents of the [publication]." *Maupin v. Haylock*, 931 A.2d 1039, 1043 (D.C. 2007). Here, Plaintiff makes a plausible allegation that he did not learn of at least some of the alleged false statements contained in Defendant's report until

February 10, 2018, within the one-year limitations period. *See* Compl., ECF No. 1 [hereinafter Compl.], ¶ 34.[1]

*Second*, Defendant maintains that the report does not contain any defamatory statements. But that is not correct. "[A] statement is 'defamatory' if it tends to injure the plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1091 (D.C. Cir. 2007) (quoting *Moss v. Stockard*, 580 A.2d 1011, 1023 (D.C. 1990)). Here, Plaintiff has identified multiple purportedly false statements that he claims have injured his professional reputation. *See* Compl. ¶¶ 33–34, 36.

*Third*, Defendant insists that the statements in question cannot be defamatory because "[n]owhere in the report is the plaintiff identified by name." Def.'s Mem. at 4. The absence of an express reference to Plaintiff by name is not, however, fatal to his claim. This court recently observed: "In [a prior case], the D.C. Circuit explained that the first element of defamation—that the defendant made a false and defamatory statement of and concerning the plaintiff—can be satisfied without specifically identifying the plaintiff by name. '[I]t suffices that the statements at issue lead the listener to conclude that the speaker is referring to the plaintiff by description.'" *Vasquez v. Whole Foods Mkt., Inc.*, 302 F. Supp. 3d 36, 64 (D.D.C. 2018) (quoting *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 216 (D.C. Cir. 1999)). In this case, the alleged defamatory report refers to an "IT Specialist," "Union President," and "IT Specialist/Union President." Compl. ¶ 30. According to Plaintiff, he was the *only* IT Specialist at his place of employment and he was the union president at relevant times. *Id.* ¶¶ 8, 10. Thus, the alleged defamatory statements are plausibly "of and concerning" Plaintiff.

---

[1] According to Plaintiff, he did receive redacted versions of the report through two separate FOIA requests more than one year before filing suit. *See* Compl. ¶¶ 33–34. Thus, it may be that some of the purportedly defamatory statements contained in the report are not actionable. The court cannot, however, draw a firm conclusion at this stage.

*Fourth*, Defendant asserts that, because the report was commissioned to study the employment environment and make recommendations to agency management, the statements contained therein were privileged. *See* Def.'s Mem. at 4–5. Defendant is correct that the statements at issue might be privileged. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 879 (D.C. 1998) (recognizing a privilege "for anything 'said or written by a master in giving the character of a servant who has been in his [or her] employment'") (quoting *White v. Nicholls*, 44 U.S. 266, 287 (1845)). But such privilege is qualified, not absolute. *See id.* It "can be lost if the publication occurs outside the normal channels, is otherwise excessive, or was made with malicious intent." *District of Columbia v. Thompson*, 570 A.2d 277, 292 (D.C. 1990). Here, Plaintiff has alleged facts that make plausible the inapplicability of the privilege. The allegation that Defendant published the report to the union, *see* Compl. ¶ 39, may constitute "excessive publication" that defeats the privilege, *see Thomas v. Howard*, 168 A.2d 908, 910 (D.C. 1961) ("It was for the trier of fact to determine whether the publication was designedly excessive and whether the words were motivated by ill-will."). Also, Plaintiff claims that Defendant should have known that the sources it relied on in the report were biased against him, *see id.* ¶ 48, thereby suggesting possible bad faith. In short, whether the privilege applies will have to await further factual development. *See Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 138–39 (D.D.C. 2009) (rejecting application of qualified privilege on motion to dismiss where there were "disputed questions of fact").

*Finally*, Defendant maintains that, because the statements at issue are in the form of an opinion, they are not actionable. *See* Def.'s Mem. at 5. Even if Defendant's characterization of the statements as opinions was accurate, there "is no wholesale exemption from liability in defamation for statements of 'opinion.' Instead, statements of opinion can be actionable if they

3

imply a provably false fact, or rely upon stated facts that are provably false." *Moldea v. New York Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994). The defense of a "legitimate expression of opinion . . . cannot . . . be made on the basis of the complaint, standing alone." *Wallace*, 715 A.2d at 878.

For these reasons, Plaintiff's defamation claim may proceed to discovery.

### Count IV: False Light Invasion of Privacy

The court next turns to Plaintiff's claim for false light invasion of privacy. The torts of defamation and false light are "often analyzed in the same manner, at least where the plaintiff rests both his defamation and false light claims on the same allegations." *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 273 (D.D.C. 2017) (internal quotation marks omitted). Because Defendant's arguments as to defamation and false light invasion of privacy are one and the same, *see* Def.'s Mem. at 7, that claim likewise survives Defendant's Motion to Dismiss.

### Count III: Intentional Infliction of Emotional Distress

Next up is Plaintiff's claim for intentional infliction of emotional distress. Defendant's sole argument is that Plaintiff has not alleged "extreme or outrageous conduct" in connection with the report's drafting. Def.s Mem. at 6–7. But the report contains at least one statement that is arguably libel per se in that it accuses Plaintiff of possible criminal misconduct. *See* Compl. ¶ 34 (alleging improper access to "data, email and telephones"); *see also* Def.'s Mem., Exs., ECF No. 4-2, at 47. "[S]tatements that are defamatory per se by their very nature are likely to cause mental and emotional distress . . . ." *Carey v. Piphus*, 435 U.S. 247, 262 (1978); *cf. Amobi v. D.C. Dep't of Corr.*, 755 F.3d 980, 996 (D.C. Cir. 2014) (holding that incident report "contain[ing] several glaring omissions, and at least one false statement" could constitute "extreme and outrageous" conduct). Plaintiff's claim thus may proceed.

*Count II: Civil Conspiracy*

Finally, as to Plaintiff's claim of civil conspiracy, Defendant argues that "[t]here [was] no agreement to perform an unlawful act" and "Plaintiff's complaint is deficient because it merely alleges that there was some sort of conspiracy with some unknown person." Def.'s Mem. at 6.

Defendant's first contention fails because it is premised on an affidavit. *See id.* (citing "Exhibit 4," which is the Affidavit of Diane Lipsey, *see* Def.'s Mot., Exs., at 52–53). The court cannot consider an affidavit on a motion to dismiss without converting it to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

As to Defendant's second assertion, to support a claim of civil conspiracy, the complaint must contain "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A mere conclusory allegation is not enough. *Id.* Courts in this circuit have recognized that "a plaintiff need not allege that an express or formal agreement was entered into." *United States ex rel. Tran v. Comput. Scis. Corp.*, 53 F. Supp. 3d 104, 134 (D.D.C. 2014). In fact, "in most civil conspiracy cases," courts are required to "infer an agreement from indirect evidence." *Halberstam v. Welch*, 705 F.2d 472, 486 (D.C. Cir. 1983). In this case, the gist of Plaintiff's claim is that his co-workers took the opportunity to spread lies and falsehoods about him through Defendant's workplace report and that Defendant agreed to use the report for that malicious purpose. *See* Compl. ¶¶ 16–18, 48. Proof to support that theory seems unlikely. But viewing the allegations in the light most favorable to Plaintiff, the court finds that Plaintiff has made out a plausible claim of civil conspiracy. *See Twombly*, 550 U.S. at 556 (stating that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable").

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

Dated: December 19, 2018

Amit P. Mehta
United States District Judge