UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| JOEY D. GONZALEZ RAMOS<br><br>        Plaintiff,<br>vs.<br><br><br>ADR VANTAGE, INC,<br>        Defendant. | Case No.: 1:18-cv-01690<br><br>JURY TRIAL |

### RENEWED MOTION TO COMPEL DISCOVERY AND REPLY IN OPPOSITON TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

In response to Defendant ADR Vantage ("ADR") Motion for a Protective Order [DE 12], this is Plaintiff's renewed motion for an order compelling responses to Plaintiff's discovery and opposing the issuance of a protective order.

### Introduction

The instant complaint alleges that ADR defamed Plaintiff when it published the results of a survey it conducted at the request of the U. S. Department of Agriculture ("USDA") in Miami, Florida in December 2016. The results of the survey were published by ADR on February 2017 in a 20-page document entitled the "Climate Assessment." There ADR claimed that Plaintiff, identified as the "IT Specialist / Union President", was responsible for hostile working environment, dishonest and criminal activity, false or frivolous administrative claims, conspiracy with his then supervisor, threatening and aggressive behavior, racism, etc.

According to ADR it relied on anonymous sources for the conclusions and recommendations in the Climate Assessment. Based on these, ADR recommended that Plaintiff be disciplined and investigated. Plaintiff alleges that ADR should have known these accusations

were false and motivated by retaliation for Plaintiff's cooperation in a criminal investigation by the USDA's Office of Inspector General and the filing of complaints of discrimination against some of the same anonymous sources.

## Procedural Background

1. Between September 28 and November 11, 2018, Plaintiff served on ADR interrogatories, request for production and noticed the deposition of Dianne Lipsey ("Lipsey"), ADR's president.

2. Relevant to this motion are (*See* Exhibit A):

    a. Interrogatories nos. 12, 14, 16 and 17;
    b. Request for Production nos. 1, 2, 4, 8, 9, 10 and 13;
    c. Matters for Examination nos. 6, 12, 26 and 31 in Lipsey's Notice of Deposition.

3. In response to Plaintiff's discovery, ADR refused or otherwise objected to disclose the names and statements by its anonymous sources claiming the information was confidential[1].

4. On November 25, 2018, Plaintiff moved to compel responses to discovery seeking the names of the anonymous sources along with their respective statements [DE 11].

5. On November 26, 2018, ADR moved for a Protective Order (hereinafter the "Motion"). This time and according to ADR, in addition to being confidential, the information sought by Plaintiff was protected by the "deliberative process privilege." (Motion at 4).

6. On November 26, 2018, this Honorable Court entered a minute order denying without prejudice Plaintiff and ADR's respective motions and ordering the parties to await resolution of ADR's pending motion to dismiss.

7. On December 19, 2018, the Court denied ADR's motion to dismiss [DE 13].

8. On December 28, 2018, ADR confirmed to Plaintiff that it maintains its position that

---

[1] ADR informed Plaintiff of its objection to the notice of deposition by email. As of the date ADR has not provided responses to Plaintiff's Request for Production. ADR objected to Interrogatory 12 claiming the information was confidential, but it did not provide responses to interrogatories 14, 16 and 17.

the identity of its anonymous sources is confidential and protected by the deliberative process privilege.

### Rule 26 Standard

Federal Rule of Civil Procedure 26(c) allows a district court to issue a protective order "for good cause" in order to "protect a party or person from annoyance, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).   The party requesting the protective order bears the burden of showing good cause "by demonstrating specific evidence of the harm that would result." *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 274-75 (D.D.C. 2001).  Trial courts have 'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.' *Gilliard v. McWilliams*, 315 F. Supp. 3d 402, 409 (D.D.C. 2018). In making this determination, courts typically weigh the burden to the moving party against the need for, and the relevance of, the information being sought. *Flanagan v. Wyndham Int'l. Inc.*, 231 F.R.D. 98, 102 (D.D.C.2005).

### ARGUMENT

I. **ADR HAS NOT MADE THE NECESSARY SHOWING OF GOOD CAUSE TO SUPPORT A PROTECTIVE ORDER UNDER RULE 26(c)**

In its Motion, ADR claims that "the USDA has not authorized disclosure of the names [of the anonymous sources][2]." And that these sources gave their views on the workplace with the understanding that "their names and views would not be disclosed and subject them to a potential lawsuit by Plaintiff." (Motion at 2).

ADR makes no effort to show how it will be subjected to annoyance, oppression, or undue burden or expense absent a protective order. A cursory examination of the Motion along with its attached exhibits, does not demonstrate that the USDA is preventing ADR from

---

[2] Upon information and belief ADR is not representing the USDA in this action.

disclosing the names of these sources or their statements. Nothing in these exhibits resemble, or even come close, to the existence of confidentiality agreement between ADR and the USDA.

Adding to these shortcomings, ADR does not describe, not even in conclusory fashion, how the sought information is not proportional to the needs of the case or the type of harm that would result from the discovery of the materials that is withholding.  Finally, protecting putative defendants from a potential lawsuit is not a proper objection under the purview of Rule 26. See *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter"). In sum, the Motion fails to make even a tepid illustration of good cause and therefore should be denied.

## II.  THE DELIBERATIVE PROCESS PRIVILEGE

To fall within the deliberative process privilege, materials must bear on the formulation or exercise of agency policy-oriented *judgment*. A record qualifies for withholding only if it is both "predecisional" and "deliberative[.]" *Cornucopia Inst. v. United States Dep't of Agric.*, 2018 U.S. Dist. LEXIS 166173, *12, 2018 WL 4637004 (emphasis in original, internal citations omitted).  The proponent of the privilege has the burden of showing how the documents in question qualify for the privilege.  *Tax Analysts v. I.R.S.*, 117 F.3d 607, 616 (D.C. Cir. 1997)

A document [or information in another form] is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates. Accordingly, to approve exemption of a document as predecisional, a court must be able to pinpoint an agency decision or policy to which the document contributed. Communications are "deliberative" if they are "part of the agency give-and-take by which the decision itself is made. The agency must establish what deliberative

process is involved, and the role played by the documents in issue in the course of that process." *Hinckley v. United States*, 329 U.S. App. D.C. 315, 322, 140 F.3d 277, 284 (1998).

### A. ADR Failed to Provide the Requisite Certification To Invoke the Deliberative Process Privilege.

ADR has failed to meet the procedural requirements necessary to invoke the deliberative process privilege because it failed to provide a declaration by the head of any division of the USDA to justify that invocation. This declaration is necessary to properly invoke the deliberative process privilege.

Invocation of this privilege "requires a formal claim of privilege by the head of the department with control over the information … [which] must include a description of the documents involved, a statement by the department head that she has reviewed the documents involved, and an assessment of the consequences of disclosure of the information." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395,405, n.11 (D.C. Cir. 1984) see also *Wainwright v. Wash. Metro. Area Transit Auth.*, 163 F.R.D. 391, 396 (D.D.C. 1995) (denying agency's motion for protective order based on deliberative process privilege because agency head did not "file a formal declaration of privilege describing the withheld materials and the likely consequence if they were to be disclosed"); *Martinez v. District of Columbia*, 241 F.R.D. 1, 4-5 (D.D.C. 2006) (compelling production of document where head of department failed to make a formal claim of deliberative process privilege). Accordingly, this Court should reject ADR's invocation of the deliberative process privilege.

### B. The Information ADR Attempts to Withhold Does not Fall Under the Deliberative Process Privilege or Otherwise Has Been Waived

*1. The Names of Anonymous Participants*

A list of employees in attendance to a meeting in connection to the adoption of a policy is not considered deliberative. See *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150 (D.D.C. 2017) (holding that a sign-in sheet for a meeting in connection to an audit report containing the names of the attendees is not deliberative) see also *Macnamara v. City of N.Y.*, 249 F.R.D. 70, 81 (S.D.N.Y. 2008) (a list of the individuals in attendance at a subcommittee meeting is not subject to the deliberative privilege because it does not reflect recommendations or deliberations comprising part of a process by which governmental decisions and policies are formulated) (quotations omitted).

## 2. The Statements By the Anonymous Sources

ADR's claim of privilege should be rejected by this Court because it was waived. See *In re Sealed Case*, 326 U.S. App. D.C. 276, 121 F.3d 729, 740 (1997). ("[I]f we find that waiver has occurred, we need not proceed further"); see also *Protect Democracy Project, Inc. v. United States DOD*, 320 F. Supp. 3d 162, 171 (D.D.C. 2018) ("The related doctrine of waiver is more context-specific, but at a minimum it bars agencies from withholding documents under Exemption 5 that have been shared outside of the government.").

In this case and according to ADR, the Climate Assessment contains the statements of the anonymous sources or the basis for ADR's conclusions and recommendations in said report. (*See* ADR's Motion to Dismiss at 4) ("The report is based on the accumulated results of the employee interviews which also included input from current and former members of the leadership with knowledge of the circumstances at the SHRS. There was a strong consensus represented in the identified themes. In the report findings section, it specifically states that they are based on matters raised by employees in response to open ended questions").

The Climate Assessment was disclosed by Kathleen Hall, an employee of the USDA, to Elizabeth Pittaluga, an employee of the National Federation of Federal Employees ("NFFE") on February 2017. *See* Exhibit B. Most recently the Climate Assessment became part of the public domain when it was filed unredacted along with ADR's Motion to Dismiss in this case. These disclosures waived the claim of privilege by ADR or the USDA. See *Ctr. for Int'l Envtl. Law v. Office of the United States Trade Rep.*, 237 F. Supp. 2d 17, 25 (D.D.C. 2002) ("communications between agencies and outside parties are not protected under Exemption 5.")

**C. Plaintiff's Need For Discovery Outweighs the Public's Interest In Nondisclosure**

Even if this Court finds that ADR has established the claimed privilege, it will need to balance the parties competing interests. See *Friedman v. Bache Halsey Stuart Shields, Inc.*, 238 U.S. App. D.C. 190, 738 F.2d 1336, 1341 (1984). ("When the existence of the [deliberative privilege] is established, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information") (modification by the undersigned). Accordingly, the deliberative process privilege "is qualified and can be overcome by a sufficient showing of need." *United States v. Philip Morris USA, Inc.*, 218 F.R.D. 312, 322 (D.D.C. 2003).

To determine whether a party has made such showing, courts "will balance the competing interests of the parties by considering factors such as (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *In re Subpoena Served upon Comptroller of Currency*, 296 U.S. App. D.C. 263, 967 F.2d 630, 634 (1992).

All five factors set forth above weight in favor of disclosure. First: the relevance of the information sought goes to the heart of the controversy; that is, whether the statements published by ADR are defamatory per se and came from USDA's employees motivated by retaliation. Second: the information is not available through other means. (*See* Motion at 4) ("[ADR's] employees traveled to Miami and conducted interviews of [USDA's] employees. Thereafter, ADR submitted its report to U.S.D.A. management. In its report, ADR **did not identify any of the employees that it interviewed by name**") (modifications and emphasis by the undersigned). Third: Plaintiff's reputation and his future rests on this case. Fourth: ADR identified USDA's employees as the anonymous sources of the statements in the Climate Assessment, therefore the USDA plays a central role in this litigation.

Fifth: In comparison with the Federal Viewpoint Survey ("FEVS"), a governmentwide survey administered since 2002 by the Office of Personnel Management[3], ADR's Climate Assessment is an unprecedented event in Plaintiff's twenty-four-year career in the federal service, including the military. Plaintiff is unaware, nor has he ever participated in a face to face survey commissioned by the federal government where opinions about particular employees or union officials are solicited and published by a third-party private corporation.

Contrary to ADR's Climate Assessment, most Government surveys nowadays, including the FEVS, are Web based. In these surveys, Federal employees do not interact with a live person. Participants of the FEVS, for example, are identified by their geographical location within the Agency, not by subgroups of a particular unit. The opportunity for USDA's employees to participate in a subsequent "climate assessment" using ADR's methodology seems unlikely. For these reasons Plaintiff believes that disclosing the statements by ADR's

---

[3] See https://www.opm.gov/fevs/about/

anonymous sources will not run the risk of future timidity of employees coming forward or being frank in their discussions.

## CONCLUSION

Because ADR has failed to make the necessary showing to assert the deliberative process privilege over the information Plaintiff seeks, and because Plaintiff's interest in receiving the documents outweighs ADR's interest in shielding them from scrutiny, the Court should order ADR to produce the documents that it has improperly withheld claiming the deliberative process privilege.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7(m)

According to Local Civ. R. 7(m), Plaintiff has conferred with opposing counsel in good faith by email to resolve ADR's objections to discovery but has been unable to do so.

/s/ Joey D. Gonzalez
Joey D. Gonzalez Ramos

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, a true copy of the foregoing document was Filed through CM/ECF and served via email on all counsel or parties of record on the Service List:

Service List

Anthony D. Dwyer
DC Bar No.: 415575
Law Office of Anthony D. Dwyer
6230 Old Dobbin Lane, Suite 190
Columbia, MD 21045
Tel: 240-512-2199
Fax: 312-894-2546
*Attorney for Defendant*

/s/ Joey D. Gonzalez
Joey D. Gonzalez Ramos
Florida Bar No. 127554
P.O. Box 145073, Coral Gables, FL 33114-5073
Telephone: 305-720-3114 / Fax: 305-676-8998
E-service: joey@joeygonzalezlaw.com
*Plaintiff*