# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEY D. GONZALEZ RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>ADR VANTAGE, INC.,<br><br>Defendant. | Civil Action No. 18-cv-01690 (APM)<br><br>**DECLARATION OF<br>ARCHIE TUCKER** |

## DECLARATION AND CLAIM OF DELIBERATIVE PROCESS PRIVILEGE

    I, Archie Tucker, make the following declaration in lieu of an affidavit as permitted by Section 1746 of Title 28 of the United States Code.  I make this declaration based upon the knowledge I have acquired through the performance of my official duties.  I am aware that this declaration will be filed with the United States District Court for the District of Columbia, and that it is the legal equivalent of a statement under oath. I make this declaration in support of the Motion to Quash the subpoena issued to Dr. Raymond Schnell.

    1.    I am presently employed with the United States Department of Agriculture ("USDA"), Agricultural Research Service ("USDA-ARS"), as the Area Director of the Southeast Area.  I have held this position since February 2018.  Prior to my current position, I served as the Associate Area Director for the Southeast Area since 2015.  As Area Director, I am responsible for providing leadership and operational accountability for all the ARS research programs in the states of Mississippi, Alabama, Arkansas, Georgia, Florida, North Carolina, South Carolina, Louisiana, and Puerto Rico. I have approximately 1600 employees, including over 400 scientists, under my leadership. I manage a $247 million annual budget.

1

2. I am familiar with the organizational structure, operations, and responsibilities of USDA-ARS and its components.

3. I am familiar with the Subpoena issued to Dr. Raymond Schnell by Plaintiff Joey Gonzalez Ramos in the above-captioned case, seeking documents and information related to the Climate Assessment performed by Defendant ADR Vantage, Inc. ("Defendant-ADR") and the subsequent Climate Assessment Report created by Defendant-ADR, pursuant to a contract with USDA-ARS.

## I.   The Climate Assessment

4. In 2015 and 2016, the USDA-ARS Southeast Area Office received numerous complaints from employees of the USDA-ARS Subtropical Horticultural Research Station ("SHRS"), located in Miami, Florida. These complaints came from several different employees, and they generally alleged that SHRS was a hostile work environment.

5. Further, for the two years prior to the Climate Assessment, the results of the Federal Employee Viewpoint Survey for SHRS showed more negative results and less job satisfaction when compared to the rest of the Southeast Area.

6. In light of employees' complaints about the environment at SHRS, in the fall of 2016, USDA-ARS management, including myself, determined that it was necessary to obtain a clearer understanding of the work environment at SHRS in order to determine how to best address the work environment situation and take appropriate managerial action.

7. In order to encourage employees to provide candid opinions and assessments of their experience at SHRS, and in order to afford employees confidentiality, and on the advice of from the USDA Office of the General Counsel ("USDA-OGC"), USDA-ARS management

decided to hire a government contractor to conduct an objective assessment of the climate at SHRS.

8. In furtherance of this decision, in November 2016 USDA-ARS contracted with Defendant-ADR to conduct a climate assessment (the "Climate Assessment") of the work environment at SHRS and to provide USDA-ARS management with a written Climate Assessment Report.

9. The primary purpose of the Climate Assessment was to serve as a decision-making tool for USDA-ARS management. The Climate Assessment would enable USDA-ARS management to identify factors contributing to employee complaints of harassment and a hostile work environment at SHRS, and to help USDA-ARS leadership understand the concerns held by SRHS employees including what improvements could be made and provide recommendations to USDA-ARS leadership to address these employee concerns. USDA-ARS would take information gathered in the Climate Assessment and as provided by the SHRS employees, and the recommendations provided by Defendant-ADR, and decide how to best address work environment concerns at the SHRS.

10. At all times when conducting the Climate Assessment and creating the Climate Assessment Report, Defendant-ADR acted in a consultation relationship with USDA. There was no instance wherein Defendant-ADR had an adversarial relationship with USDA.

11. SHRS employees were informed that their participation in the Climate Assessment was voluntary and were further promised that responses they provided would be confidential.

12. In conducting the Climate Assessment, in December 2016, Defendant-ADR solicited from USDA-ARS employees their opinions and assessments of the work environment

at SHRS by having them answer open-ended questions meant to elicit broad perspectives from employees to allow for their open and honest sharing of their true work experiences, including respect and fair treatment, without directing or limiting the nature of their responses.

13. In conducting the Climate Assessment, in December 2016, Defendant-ADR representatives also interviewed SHRS employees onsite about issues impacting the atmosphere and work of the SHRS.

**II. USDA-ARS's Solicitation of Dr. Raymond Schnell's Participation in the Climate Assessment.**

14. After the interviews of USDA-ARS employees, USDA-ARS solicited a former USDA-ARS employee, Dr. Raymond Schnell, to provide input into the Climate Assessment being conducted by Defendant-ADR.

15. Dr. Schnell retired from his position of Supervisory Research Geneticist with USDA-ARS at the SHRS on September 30, 2011. After Dr. Schnell retired from USDA-ARS, he began working for Mars Incorporated ("Mars") as the Plant Science Director for Mars Global Chocolate.[1] As of approximately October 2011, Dr. Schnell has been working for Mars onsite at SHRS in space USDA-ARS has provided for Mars to use.

16. While working for Mars, Dr. Schnell collaborates in research with USDA-ARS. As of December 22, 2016 - the date that Dr. Schnell consulted with Defendant-ADR regarding the Climate Assessment – Dr. Schnell was working for Mars onsite at SHRS.

---

[1] The Mars/USDA-ARS Cacao Breeding program is a longstanding Public/Private Partnership. The first Cooperative Research and Development Agreement (CRADA) with Mars Inc. was established on January 1, 2001. In 2006, the CRADA was changed to a Trust Agreement that was renewed in 2011 and again 2016. Federal funding for the cacao research program at SHRS in Miami has grown from $270K in 1999 to over $1.2 million in FY 2017.

17. USDA-ARS solicited Dr. Schnell's opinions and assessments for the Climate Assessment because he had day-to-day observations of the climate at SHRS and worked side by side with USDA-ARS scientists in SHRS. USDA-ARS believed that Dr. Schnell's input would aid the deliberative process by adding to USDA-ARS management's understanding of the work environment at SHRS, and further inform USDA-ARS management decision-making on how to best address the work environment situation at SHRS and take appropriate managerial action.

18. Regarding Dr. Schnell's participation in the Climate Assessment, there was no instance wherein Dr. Schnell had an adversarial relationship with USDA.

19. According to the affidavit submitted by Dr. Schnell in this case at EFC No. 26-3, Dr. Schnell was assured that the input he provided to Defendant-ADR would be confidential, and that he would not have provided input if he had not been assured confidentiality.

### III. The Deliberative Process Privilege

20. As a result of the Climate Assessment, Defendant-ADR created a Climate Assessment Report, dated February 2017, that was provided to USDA-ARS leadership.  The Climate Assessment Report provides an analysis of the resulting themes from the Climate Assessment questionnaire and interviews and Defendant-ADR's recommendations on ways USDA-ARS leadership could improve the work environment at SHRS.

21. I claim the deliberative process privilege with respect to responses that Dr. Schnell provided to Defendant-ADR as part of the Climate Assessment.  Dr. Schnell's responses consist of opinions, assessments, and recommendations regarding the work environment at SHRS that were provided during deliberations leading up to decision-making by USDA-ARS leadership on how to best address the work environment issues at the SHRS.  To the extent there is factual material contained in Dr. Schnell's responses, the facts were deliberately selected by

Dr. Schnell from a great volume of potentially relevant facts; they reflect thought processes as to the types of facts important to possible USDA-ARS decisions on addressing the work environment issues at the SHRS, and the facts are inextricably intertwined with the opinions and recommendations of Dr. Schnell.

22. USDA-ARS management sought Dr. Schnell's input in the deliberative process to add to USDA-ARS's management understanding of the work environment at SHRS, and further inform USDA-ARS management decision-making on how to best address the work environment situation at SHRS and take appropriate managerial action. The release of the information Dr. Schnell provided to Defendant-ADR could have a chilling effect on discussions between USDA-ARS and persons from whom USDA-ARS solicited input for use in USDA-ARS decision-making. Accordingly, in order to prevent injury to USDA-ARS deliberations and decision-making, I claim the deliberative privilege for the responses Dr. Schnell provided in the context of the Climate Assessment performed by Defendant-ADR.

Under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), I declare the foregoing to be true and correct to the best of my knowledge.

On this 24th day of April, 2019, in   Tifton, Georgia                                  .

_____
Archie Tucker
Southeast Area Director
USDA Agricultural Research Service