UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JOEY D. GONZALEZ RAMOS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 18-cv-01690 (APM) |
| ADR VANTAGE, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff Joey D. Gonzalez Ramos's Motion to Compel Responses to Plaintiff's Discovery, ECF No. 25 [hereinafter Pl.'s Mot.].[1] At issue are (1) hundreds of pages of records, and (2) information responsive to certain interrogatories, which Intervenor U.S. Department of Agriculture ("USDA") seeks to withhold pursuant to the attorney-client privilege and the deliberative process privilege. At the court's request, USDA submitted the disputed records for in camera review. *See* Minute Order, July 25, 2019. Having considered the parties' and USDA's legal briefs, the accompanying exhibits, and the records submitted in camera, the court rules as follows.

I. Withheld Records

*1. ADR_USDA0451–0513.* These pages consist of two working drafts of a workplace Climate Assessment report prepared by Defendant ADR Vantage, Inc. *See* Def.'s Opp'n to Pl.'s Mot., ECF No. 32 [hereinafter Def.'s Opp'n], Ex. 2 [hereinafter Privilege Log], at 1–2. The drafts contain markups and editorial comments made by USDA Agricultural Research Service personnel

---

[1] The court regrets, and apologizes to the parties for, the amount of time it has taken to resolve Plaintiff's motion.

and a lawyer with the USDA Office of General Counsel, Stephanie Masker. *See id.* USDA asserts both the attorney-client and deliberative process privileges to withhold the drafts. *See id.*

The court agrees that the drafts are protected from disclosure by the deliberative process privilege. Although the D.C. Circuit has said that "an agency cannot withhold the material merely by stating that it is in a draft document," *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1569 (D.C. Cir. 1987), disclosure of the Climate Assessment drafts would divulge information regarding "decisions to insert or delete material or to change [the] draft's focus or emphasis" and thus "would stifle the creative thinking and candid exchange of ideas necessary to produce good . . . work," *id.* (exempting drafts of official Air Force histories); *see also Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 463–65 (D.C. Cir. 2014) (exempting draft of CIA history); *Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 255 (D.C. Cir. 1982) (exempting draft revenue ruling); *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 161 F. Supp. 3d 120, 129 (D.D.C.), modified, 185 F. Supp. 3d 26 (D.D.C. 2016) (collecting cases). The deliberative process privilege therefore applies.[2]

Plaintiff resists this conclusion, asserting that the drafts "are not deliberative because they do not reflect the *give-and-take of the consultative process.*" Pl.'s Reply to USDA's Opp'n to Pl.'s Mot., ECF No. 38 [hereafter Pl.'s Reply], at 11. With the benefit of an in camera review, the court disagrees. The drafts reflect an exchange of substantive ideas about the Climate Assessment's findings and its conclusions that, if revealed, would implicate the concerns that animate the deliberative process privilege. Court-ordered disclosure of the draft pages "unquestionably would have a chilling effect on the free exchange of ideas and viewpoints that the deliberative process privilege is meant to encourage and protect." *Competitive Enter. Inst.*, 161 F. Supp. 3d at 130.

---

[2] The court does not reach USDA's invocation of the attorney-client privilege.

2

2. *ADR_USDA0447–50.* This single record is a working draft of the questionnaire that ADR Vantage prepared in connection with conducting the Climate Assessment. *See* Privilege Log at 2–3. The record contains opinions, assessments, and recommendations as to the questions that ADR Vantage would ask USDA employees. *See id.* The court finds that the draft questionnaire was properly withheld for the same reasons as the drafts of the Climate Assessment.

3. *ADR_USDA0243–4446.* This lengthy document consists of hundreds of printed pages of a spreadsheet containing responses to questions ADR Vantage asked USDA employees in preparing the Climate Assessment. Privilege Log at 4–5. USDA invokes the deliberative process privilege. *See id.*

As to this record, Plaintiffs says the he "would agree that the privilege applies to the Excel spreadsheet if in fact it is established that it contains the employees' responses." Pl.'s Reply at 9 (citing *Hardy v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 243 F. Supp. 3d 155, 176–77 (D.D.C. 2017) (holding that a "spreadsheet analyzing interview responses" was protected by the deliberative process privilege)). Having reviewed the record in camera, it is what USDA says it is: a spreadsheet detailing employee responses to questions posed by ADR Vantage. Plaintiff thus concedes that the spreadsheet is not subject to disclosure.

4. *ADR_USDA0242.* This record is a single-page spreadsheet identifying the names, titles, and contact information for USDA employees to be interviewed by ADR Vantage, as to which USDA asserts the deliberative process privilege. Privilege Log at 5. In a previous Order, the court held that "the names of interviewees who participated in the Climate Assessment . . . are protected by the deliberative process privilege." Order, ECF No. 29, at 1. Although Plaintiff does not specifically ask the court to revisit this decision, he contends that "[t]he names of the participants or potential participants does not reveal anything about the agency's decisionmaking"

and thus "the privilege does not apply and this information must be disclosed." Pl.'s Reply at 8–9. The court disagrees.

The deliberative process privilege protects against disclosure that would "discourage candid discussion within the agency." *Dudman Commc'ns Corp.*, 815 F.2d at 1567–68. Courts in this jurisdiction have recognized that, in certain settings, the names of agency personnel may be privileged because their disclosure would have a chilling effect on such discussions. *See Hardy*, 243 F. Supp. 3d at 170 ("The risk that disclosure of interview notes could link interviewees to particular documents is a salient factor that must be considered in determining whether [the deliberative process privilege] applies."); *cf. Briton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (holding that, if a document is deliberative in nature, the identity of the author is likewise protected); *Colfield v. City of LaGrange*, 913 F. Supp. 608, 616 (D.D.C. 1996) (citing *Briton* and stating that "this Circuit has recognized that if a document is deliberative in nature, the identity of the author is also privileged, because of the potential chilling effect and harm to the deliberative process"). That is the case here. USDA commissioned ADR Vantage to conduct an organizational climate assessment of the Subtropical Horticulture Research Station in Miami, Florida. *See* Def.'s Opp'n, Ex. A, at 1. ADR Vantage was tasked with conducting "candid interviews" of relevant employees; "[o]ffer[ing] alternative mechanisms for sharing feedback, such as, methods that protect anonymity"; and preparing a report that provided an "objective analysis" of the work environment and "recommendations on ways to improve/resolve the challenges." *Id.* at 1–2. In such circumstances, disclosing employees' names plainly would have a chilling impact. Disclosure would deter agency personnel, at USDA and elsewhere, from participating in similar workplace climate assessments and would discourage frank and open discussions, even if they did participate. The deliberative process privilege therefore applies.

Plaintiff offers a fallback position: USDA has waived the privilege. He contends that, during administrative proceedings before the Merit Systems Protection Board ("MSPB"), he deposed multiple agency personnel who admitted to participating in the Climate Assessment and identified what they said to ADR Vantage; yet USDA never asserted the deliberative process privilege in those proceedings either to block the depositions or object to testimony. *See* Pl.'s Reply to Third Party Intervenor USDA's Resp. to the Court's July 25, 2019 Order, ECF No. 44 [hereinafter Pl.'s Second Reply], at 4–7.[3] The court agrees that USDA waived the privilege with respect to these employees. *See Mannina v. D.C.*, No. 115-cv-931 (KBJ/RMM), 2019 WL 1993780, at *7 (D.D.C. May 6, 2019) ("Waiver of the deliberative process privilege occurs where privileged material has been voluntarily disclosed to 'unnecessary third parties[.]'") (quoting *In re Sealed Case*, 121 F.3d 729, 741–74 (D.C. Cir. 1997)). USDA sat on its hands with respect the deliberative process privilege during the MSPB proceedings. Having done so, it cannot now use the privilege as a shield in federal court.

USDA attempts to avoid this outcome, asserting that disclosure to Plaintiff during the MSPB proceedings did not constitute waiver because Plaintiff was not an "unnecessary third-party" to that action. *See* USDA's Resp. to the Court's July 25, 2019 Order, ECF No. 43 [hereinafter USDA's Resp.], at 2. In essence, USDA argues, it had no choice but to make the requested disclosures to Plaintiff in those proceedings. But that argument widely misses the mark. Nothing prevented USDA during the MSPB proceedings from seeking a protective order or lodging objections to Plaintiff's efforts to identify employees who participated in the Climate Assessment or to discover the statements attributable to them.[4] USDA could have, as it has done

---

[3] Plaintiff identifies the USDA employees whom he deposed as: Nancy Epsky, Hamed Abbas, David Kuhn, Alan Meerow, Ricardo Goenaga, and Barbara Freeman. *See* Pls.' Second Reply at 6.

[4] USDA notes that it did obtain a protective order during the MSPB proceedings, to which Plaintiff did not object, that prevented Plaintiff from "publishing" certain deposition testimony. *See* USDA's Resp. at 3 & Ex. A ¶ 3. Such a

in this litigation, declined to make such disclosures absent an order. USDA's effort to invoke the privilege now as to the identities of previously deposed employees comes too late.

USDA's waiver does not, however, extend beyond those employees previously deposed. Waiver of the deliberative process privilege extends only to "the document or information specifically released, and not for related materials." *In re Sealed Case*, 121 F.3d at 741. Thus, USDA need not disclose to Plaintiff the names of USDA employees not previously identified as having participated in the Climate Assessment or the statements made by such employees.

5.   *ADR_USDA0004*.   On this page is an email exchange dated January 25, 2017, between the President of ADR Vantage, Diane Lipsey, and USDA counsel Stephanie Masker. Privilege Log at 6. In the email, Lipsey transmits as attachments her revisions to drafts of the Climate Assessment and makes some general observations about her comments. *See id.* USDA claims protection under the attorney-client privilege. *See id.*

"[T]he attorney-client privilege applies to a confidential communication between attorney and client if the communication was made for the purpose of obtaining or providing legal advice." *FTC v. Boehringer Ingelheim Pharm., Inc.*, 892 F.3d 1264, 1267 (D.C. Cir. 2018). "The privilege covers both (i) those communications in which an attorney gives legal advice; and (ii) those communications in which the client informs the attorney of facts that the attorney needs to understand the problem and provide legal advice." *Id.* However, not every communication with a lawyer is protected. "[W]hen a government attorney acts more in the nature of a business advisor, legislator, adjudicator, or regulator, the attorney-client privilege generally does not apply." *A.N.S.W.E.R. Coal. v. Jewell*, 292 F.R.D. 44, 48 (D.D.C. 2013) (cleaned up). The party advocating the privilege must make a "clear showing" that the lawyer was acting "in a professional legal

---

protective order cannot, however, save the agency from waiver, as it is the voluntary disclosure to Plaintiff that triggers the waiver, not the disclosure's scope.

capacity" rather than exercising "responsibilities outside the lawyer's sphere." *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984). The provision of legal advice need not be the sole purpose of the communication to fall within the privilege, but "one of the significant purposes" must be "obtaining or providing legal advice." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014).

Here, USDA fails to make a "clear showing" as to what "legal advice" Masker provided to ADR Vantage. The email in question is a communication from ADR Vantage—acting as an agent of the agency—to agency counsel that reflects the client's actions and impressions regarding the Climate Assessment. But nowhere is it evident from the face of the email or any supporting material on what subject Masker is supplying *legal* advice. *See* Privilege Log at 6; Decl. and Claim of Privilege, ECF No. 30-2 [hereinafter Decl. and Claim of Privilege], at 5–7. USDA simply makes the conclusory assertion that Masker's function is legal in nature, *see* Decl. and Claim of Privilege at 5–7, and thus fails to carry its burden. The email therefore must be produced.

6. *ADR_USDA0019.* This single page is an email string between Dianne Lipsey of ADR Vantage and Masker of USDA, in which Lipsey poses a question to Masker, who provides a response. USDA asserts the attorney-client privilege as to the substance of the email. Privilege Log at 6–7. Unlike ADR_USDA0004, the legal nature of Lipsey's inquiry and Masker's answer is evident on the face of the record. USDA therefore appropriately withheld it.

7. *ADR_USDA0016–17, 0030, 0037–40, 0042–46, 0048–50, 0052–54, 0076–77, 0079–80, 0082, 0084, 0086, 0088, 0090–91, 0093, 0097–98, 0100–101, 0103–104, 0130–0132, 0134–36, 0212–13.* These records are emails between ADR Vantage and various personnel at USDA, which largely concern the logistics of setting up interviews. Asserting the deliberative process privilege, USDA redacted from the emails the names and other identifying information of

USDA employees who ADR Vantage interviewed as part of the Climate Assessment. Privilege Log at 7–8. As already discussed, because of waiver, USDA cannot withhold the names of USDA employees previously deposed by Plaintiff in the MSPB proceedings. Thus, to the extent that those names appear in these records, they must be disclosed. The redactions otherwise are proper.

8. *ADR_USDA0057, 0062, 0141, 0148–149, 0152, 0173, 0188, 0195, 0199, 0202, 0205, 0208, 0216, 0218, 0222–223, 0227–228, 0238.* These documents are various emails exchanged among employees of ADR Vantage that primarily concern the logistics of setting up interviews. As with the previous set of documents, based on the deliberative process privilege, USDA redacted the names and other identifying information of its employees who participated in the climate assessment. Privilege Log at 8–9. These records must be unredacted to the extent they contain the names of previously deposed USDA employees.

9. *ADR_USDA0148–49.* These two pages are emails from an automated meeting scheduler that identifies the names of two USDA employees scheduled to be interviewed by ADR Vantage. Privilege Log at 10. Consistent with the court's rulings as to other documents, ADR_USDA0149 must be disclosed as it contains the name of a previously deposed USDA employee. The other record need not be.

## II. Interrogatories

Defendant has declined to respond to various interrogatories—Interrogatory Numbers 3, 8, 12, 16, and 17—based on USDA's invocation of the deliberative process privilege. These objections raise the same issues already addressed by the court, namely, whether USDA waived the deliberative process privilege and, if so, to what extent. The court reiterates once more: USDA cannot stand behind deliberative process privilege as to those employees deposed during the MSPB proceedings and their testimonies. Thus, to the extent an interrogatory demands disclosure of the

names of previously deposed employees, they must be disclosed. Relatedly, to the extent an interrogatory seeks to pair an employee with a statement that appears in the Climate Assessment, such information must be produced if the employee confirmed the statement during his or her deposition.

### III. Qualified Privilege

Finally, Plaintiff asserts that, even if the court were to find some records and information protected by the deliberative process privilege, because the privilege is qualified and because he has demonstrated a need for disclosure that outweighs the interests underlying the privilege, the court should compel USDA to respond to the contested discovery demands. *See* Pl.'s Reply at 12–15. The court declines to do so.

The deliberative process privilege is a qualified privilege. Otherwise privileged materials may be ordered disclosed if the court concludes the private need for disclosure outweighs the public interest in non-disclosure. *In re Sealed Case*, 121 F.3d at 737. When balancing those interests, the court must consider such factors as "the relevance of the evidence, the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees" should the materials be released. *Id.* at 737–38 (internal quotation marks omitted). The party seeking the documents bears the burden of demonstrating that the balance of interests tips in his or her favor. *See id.* at 737.

Having balanced the relevant factors, the court finds that the private need for disclosure does not outweigh the public interest in non-disclosure. Plaintiff already will obtain, as a result of this Order, some of the information that he seeks to prove his case, including information pertaining to two employees that he claims conspired against him. *See* Pl.'s Reply at 13. Also, he had the opportunity to obtain evidence already in the MSPB proceedings. Plaintiff does not,

however, explain how securing the names and interview responses of *all* USDA employees who participated in the Climate Assessment, as well as drafts of the final report, will help prove his case. The fulsome disclosure he seeks but does not justify cannot outweigh the very real concern that revealing the names and statements of all participating employees and predecisional drafts would deter government employees from partaking in similar climate assessments in the future. In short, Plaintiff has not overcome the qualified privilege.

IV. Conclusion and Order

For the foregoing reasons, Plaintiff's Motion to Compel Responses to Plaintiff's Discovery is granted in part and denied in part. Defendant and USDA shall disclose records and respond to interrogatories consistent with this Memorandum Opinion. Furthermore, the stay in this matter is hereby lifted. The parties and USDA shall meet and confer and, by February 3, 2020, file a proposed schedule for completing discovery.

Dated: January 26, 2020

Amit P. Mehta
United States District Judge