UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOEY D. GONZALEZ RAMOS, )<br>  Plaintiff, )<br>  vs. )<br>   )<br>   )<br>  ADR VANTAGE, INC, )<br>  Defendant. )<br>   ) | Case No.: 1:18-cv-01690-APM<br>JURY TRIAL |

# DECLARATION OF JOEY D. GONZALEZ RAMOS IN SUPPORT OF MOTION FOR DISCOVERY UNDER RULE 56(d)

I, Joey D. Gonzalez Ramos, make the following declaration under oath and penalty of perjury as permitted by 28 U.S.C. § 1746. I make this declaration based upon the knowledge I have acquired through my employment with the USDA and my *pro se* representation in the above captioned case. This declaration is made in support of Plaintiff's Rule 56(d) Motion in Opposition to Defendant's Motion for Summary Judgment (hereinafter "Pl's Motion").

The exhibits included in Pl's Motion are true and correct copies of emails and depositions obtained by me through my employment with the USDA and my *pro se* representation in this and other cases before the Merit System Protection Board.

The following discoverable information is essential to Plaintiff's opposition to ADR's Motion for Summary Judgment but is unavailable to Plaintiff without discovery:

*1. Spoliation of Evidence*

On March 2-3, 2020, I took the depositions of Dianne Lipsey ("Lipsey") and Rick Buccheri ("Buccheri"). During their depositions Lipsey and Buccheri admitted that they destroyed the answers or the notes they took during the interviews of USDA's employees as part

of the Climate Assessment. According to Lipsey, she wrote these notes in a notebook but she may had used her laptop. (Exhibit G at 3). Buccheri testified that he wrote all his notes in his laptop. (Exhibit H at 4).

On March 24, 2020, this Court ordered limited discovery on the laptops containing the notes of ADR's interviews to determine the date of creation and destruction of these notes. (*See* Order of March 24, 2020, ECF No. 58). Following ADR's confirmation that the laptops still under its possession I contracted with an independent company to determine the date of creation and destruction of these notes.

Although the testimony of Lipsey and Buccheri establishes that ADR spoliated evidence material to the allegations in this case, without the results of the forensic analysis, I cannot confirm whether ADR destroyed the notes anticipating my lawsuit for defamation. If the results of the forensic analysis confirm my suspicions, I will request sanctions against ADR, among them, that ADR be precluded from summary judgement and that this case proceeds directly to trial.

## 2. Deposition of Archie Tucker

As explained in Pl's Motion, Tucker provided contradictory testimony in his affidavit. While in his affidavit Tucker states that he contracted with the ADR for the Climate Assessment because of complaints that the USDA's Miami location was a hostile work environment and the negative results this location obtained in the Federal Viewpoint Survey ("FEVS"). It is clear that the purpose of the FEVS and the Climate Assessment are completely different. The FEVS is not designed to address complaints of hostile work environment.

Tucker also claims that he and the USDA-ARS management determined that it was necessary to obtain a "clearer understanding of the environment at the USDA's Miami location."

(*See* Declaration of Archie Tucker, ECF No. 28-1 ¶ 6). But Tucker's supervisor, Chavonda Jacobs-Young, testified that she was not even aware of the content of the Climate Assessment almost two years after its publication. (Exhibit B).

Tucker also claims that ADR was to provide an "objective assessment of the climate at [the USDA's Miami location]." (*See* Declaration of Archie Tucker, ECF No. 28-1 ¶ 7). And that the Climate Assessment will help the USDA leadership understand the concerns held by [the USDA's Miami location] employees including what improvements could be made…" This was contradicted by Lipsey and Buccheri, both testified that they could not give assurances that the content of the Climate Assessment is true. (Exhibit G at 4-5 and Exhibit H at 4-5 respectively). Lipsey and Buccheri also testified that they did not investigate the answers by USDA's employees (*Id*. at 6 and *Id*. at 6 respectively). Certainly, the USDA did not get what it paid ADR to do. Accordingly, I expect that the deposition of Tucker will answer questions regarding:

    i.    The scope of ADR's contract.

    ii.    Any information Tucker had prior to the Climate Assessment that Plaintiff was intercepting data and phone communications or committing waste, fraud and abuse.

    iii.    The number of employees that he alleges had complained about hostile working environment and that motivated the Climate Assessment.

    iv.    What reasons, if any, Tucker had to second guess the results of the Federal Employee Viewpoint Survey.

    v.    The objectivity of the Climate Assessment.

    vi.    The possibility that ADR breached its contract with the USDA.

    vii.    The reasons Tucker circumvented the mechanism in place by the USDA to address complaints of hostile working environment.

    viii.    What recommendations in the Climate Assessment have been implemented by the USDA.

Tucker's responses to these questions will help refute ADR's argument in its Motion for Summary Judgment that is entitled to derivative sovereign immunity or that it did not have "an adversarial relationship with the USDA." (ECF No. 55-1 at 13). Additionally, Tucker's testimony will show that the Climate Assessment was an excuse to intimidate and defame Plaintiff and will support Count II of the Complaint which alleges Civil Conspiracy. Plaintiff cannot produce this evidence because he has never deposed Tucker. The testimony sought is discoverable because Tucker has personal knowledge of these matters.

### *3. Deposition of Sheila Kopczynski*

Sheila Kopczynski ("Kopczynski") is an employee of the USDA's DM (departmental management) who also acts as liaison for the USDA's Inspector General ("IG"). Kopczynski's duty station is located in Idaho. Her duties and position have no relation whatsoever with the USDA's Miami location. The exhibits attached to Pl's Motion demonstrate that in December 2016 Kopczysnki alerted Clark of the IG's criminal investigation being conducted at the USDA's Miami location. (Exhibit xx).

The evidence also demonstrate that Kopczynski received and email from ADR containing a draft of the Climate Assessment and that only four days later, Jake Dang ("Dang"), the special agent in charge of the IG's investigation, informed Plaintiff that he was suspending his investigation. Accordingly, I expect that the deposition of Kopczynski will answer questions regarding:

     i. The reasons she shared the information about the IG's criminal investigation with Clark.

     ii. The reasons she received a draft of the Climate Assessment.

     iii. The reason Lipsey concealed in her affidavit that she had shared a draft of the Climate Assessment with her.

     iv. Whether she shared a copy of the Climate Assessment with Dang and the reasons she shared this draft.

     v. Whether the Climate Assessment influenced her decision of falsely accusing Plaintiff of unlawfully obtaining evidence.

Kopczynski's testimony is necessary because it will support Plaintiff's allegations in Count II of the instant complaint that the USDA conspired with ADR to defame him in retaliation for cooperating with the IG's criminal investigation. Her testimony will also support that ADR or its co-conspirator, the USDA acted with malice when it distributed the Climate Assessment because it knew that Kopczynski will use the Climate Assessment to convince Dang to shut down the IG's criminal investigation. Plaintiff cannot produce this evidence because he has never deposed Kopczysnki. The testimony sought is discoverable because Kopczynski has personal knowledge of these matters.

According to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

                                        _____

                                              Joey D. Gonzalez Ramos