UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOEY D. GONZALEZ RAMOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-01690 (APM) |
| ADR VANTAGE, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before this court are Defendant ADR Vantage, Inc.'s ("ADR Vantage") motion for summary judgment and Plaintiff Joey Gonzalez Ramos's Rule 56(d) motion seeking additional discovery to defend against ADR Vantage's motion for summary judgment. For the reasons that follow, the court grants in part and denies in part Gonzalez Ramos's Rule 56(d) motion and denies without prejudice ADR Vantage's motion for summary judgment.

**I.**

The parties have been engaged in discovery in this case since February 2019, *see* Minute Entry, Feb. 12, 2019 (noting initial scheduling conference was held), and, shortly thereafter, the U.S. Department of Agriculture ("USDA") intervened in the case for purposes of discovery, *see* Minute Order, May 17, 2019. Discovery has been particularly contentious, and over a year after the Initial Scheduling Conference, the parties were still actively engaged in discovery and litigating myriad discovery disputes.

On February 6, 2020, the parties filed a Joint Status Report to update the court on the status of discovery. As relevant to the pending motions, the parties stated that discovery was ongoing and informed the court that counsel for USDA was on medical leave until March 2, 2020. *See*

Joint Proposed Schedule for Completing Disc., ECF No. 48, ¶¶ 1–4. Gonzalez Ramos and USDA therefore agreed to stay discovery relating to USDA until its counsel returned from leave. *Id.* ¶ 4. On March 9, 2020, the parties filed a second Joint Status Report regarding outstanding discovery issues. Joint Status Report, ECF No. 54. While ADR Vantage informed the court that discovery was complete from its perspective, *id.* at 4, Gonzalez Ramos raised several issues that he believed necessitated additional discovery, including his inability to depose USDA witnesses and ADR Vantage's purported spoliation of evidence, *id.* at 1–3. USDA informed the court that it disagreed with the number and scope of Gonzalez Ramos's proposed depositions of USDA employees and informed the court that it "intend[ed] to seek leave of Court to move for a protective order." *Id.* at 4–6.

But before Gonzalez Ramos had deposed any USDA employees—and indeed, before USDA moved for a protective order—ADR Vantage moved for summary judgment. *See* Def.'s Mot. for Summ. J., ECF No. 55. ADR Vantage argues in its motion that, among other things, it is entitled to immunity from Gonzalez Ramos's claims because it was acting as a government contractor, *id.*, Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J., ECF No. 55-1 [hereinafter Def.'s Mot.], at 11–14; that Gonzalez Ramos cannot state a prima face case of defamation, intentional infliction of emotional distress, or invasion of privacy, *id.* at 14–23; and that civil conspiracy is not a separate cause of action in the District of Columbia, *id.* at 20.

In lieu of responding to ADR Vantage's Motion for Summary Judgment, Gonzalez Ramos filed a Rule 56(d) motion seeking additional discovery. Pl.'s Rule 56(d) Mot. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 59 [hereinafter Rule 56(d) Mot.]. The Rule 56(d) motion specifically seeks discovery via the deposition of Archie Tucker, the Area Director of the Southeast Area for

USDA Agricultural Research Service;[1] and the deposition of Sheila Kopczynski, an employee of USDA's departmental management team and a liaison to the USDA's Inspector General. *See id.*, Decl. of Joey D. Gonzalez Ramos, ECF No. 59-1 [hereinafter Gonzalez Ramos Decl.]. Gonzalez Ramos's motion also requests a forensic analysis of ADR Vantage's computers to determine if ADR Vantage spoliated evidence, *id.* at 1–2, but, while the motion was pending, the results of a forensic analysis of those computers came back and did not reveal any evidence of spoliation, *see* Notice of Results of Forensic Analysis of ADR's Computers & Req. for Evidentiary Hr'g, ECF No. 74 [hereinafter Notice of Forensic Analysis]. The court subsequently denied Gonzalez Ramos's request for a hearing on the issue. *See* Minute Order, July 30, 2020.

## II.

"Rule 56(d) provides an avenue for relief for nonmovants who can show, by affidavit or declaration, that 'for specified reasons' they 'cannot present facts essential to justify' their opposition to summary judgment." *Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020) (quoting Fed. R. Civ. P. 56(d)). For a Rule 56(d) motion to succeed, "the movant [for Rule 56(d) relief] must submit an affidavit which states with sufficient particularity why additional discovery is necessary." *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (alterations omitted) (quoting *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2018)). The court must analyze the movant's request for discovery and supporting affidavit under the three criteria identified in *Convertino*. *See Jeffries*, 965 F.3d at 855. The *Convertino* criteria require the party seeking additional discovery to: (1) "outline the particular facts he intends to discover and describe why those facts are necessary to the litigation," (2) "explain why he could not produce the facts in opposition to the motion for summary judgment," and (3) "show the information is in fact

---

[1] Notice of Third-Party Dr. Raymond Schnell's Suppl. Resp., ECF No. 28, Decl. of Archie Tucker, ECF No. 28-1, ¶ 1.

discoverable." *Convertino*, 684 F.3d at 99–100 (cleaned up).  The court's approach to evaluating such an application should be "generous," *id.* at 102 (internal quotation marks omitted), and a lack of precision in the movant's affidavit is not fatal if the need for additional discovery is "self-evident," *Ikossi*, 516 F.3d at 1045; *see also Jeffries*, 965 F.3d at 856 ("It is true that this Court has displayed a willingness to apply the criteria iterated in *Convertino* less than stringently . . . .").

### A. Forensic Analysis of ADR Vantage's Computers

Turning to Gonzalez Ramos's first request for additional discovery—a forensic analysis of ADR Vantage's computers—the court finds that Gonzalez Ramos has not demonstrated why additional discovery on this topic is necessary to the litigation.  Gonzalez Ramos secured the court's consent to conduct a forensic analysis of the laptops and reported that the analysis showed no signs that ADR Vantage spoliated evidence.  *See* Notice of Forensic Analysis.  This court has already determined that Gonzalez Ramos has advanced no compelling argument that an evidentiary hearing on this matter would produce facts relevant to the case.  *See* Minute Order, July 30, 2020.  Accordingly, the court denies Gonzalez Ramos's request for additional evidence related to ADR Vantage's alleged spoliation of evidence.

### B. Deposition of Archie Tucker

Gonzalez Ramos next seeks to depose Archie Tucker, the Area Director of the Southeast Area for USDA Agricultural Research Service.  Tucker is already a central player in ADR Vantage's motion for summary judgment.  He has submitted two declarations in this case, *see* Notice of Third-Party Dr. Raymond Schnell's Suppl. Resp., ECF No. 28, Decl. of Archie Tucker, ECF No. 28-1 [hereinafter First Tucker Decl.]; Dep't of Agriculture's Unopposed Mot. to Intervene, ECF No. 30, Decl. of Archie Tucker, ECF No. 30-2 [hereinafter Second Tucker Decl.], and those declarations form the backbone of ADR Vantage's argument that it is entitled to

4

derivative sovereign immunity,[2] *see* Def.'s Mot. at 13; *see also* Pl.'s Surreply to Def.'s Mot. for Summ. J., ECF No. 73, at 3–4 (arguing ADR Vantage's reliance on Tucker's declarations justifies a deposition). If ADR Vantage is victorious on its claim of derivative immunity, it would be dispositive of the suit.

Gonzalez Ramos argues that Tucker's testimony is needed to rebut ADR Vantage's defense of derivative immunity. Specifically, he intends to question Tucker regarding, among other things, "[t]he scope of ADR's contract" and "[t]he possibility that ADR breached its contract with the USDA." Gonzalez Ramos Decl. at 3; *see also id.* at 4 ("Tucker's responses to these questions will help refute ADR's argument in its Motion for Summary Judgment that [it] is entitled to derivative sovereign immunity or that it did not have an adversarial relationship with the USDA." (internal quotation marks omitted)). The scope of ADR's contract and its adherence to that contract are key elements to ADR Vantage's immunity defense: to be entitled to immunity, ADR Vantage must establish, *inter alia*, that its actions were "authorized and directed by the Government of the United States." *In re U.S. Personnel Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 69 (D.C. Cir. 2019) (internal quotation marks omitted); *see also* Def.'s Mot. at 13 (arguing ADR Vantage is entitled to derivative sovereign immunity because "ADR was acting pursuant to its contract with USDA" and citing the Second Tucker Declaration). Given the centrality of Tucker's existing declarations to dispositive issues in this litigation, the need for Tucker's deposition testimony is "self-evident," *Ikossi*, 516 F.3d at 1045, and Gonzalez Ramos should be permitted to depose and cross-examine Tucker.

---

[2] ADR Vantage also relies on Tucker's declarations to argue that Gonzalez Ramos has failed to state a prima facie case for defamation, *see* Def.'s Mot. at 18, and that Gonzalez Ramos fails to state a prima facie case for intentional infliction of emotional distress, *id.* at 22.

ADR Vantage disputes that Gonzalez Ramos is entitled to depose Tucker. It argues that, because Tucker's declarations were offered to oppose Gonzalez Ramos's claims, Tucker's deposition testimony will not be favorable to Gonzalez Ramos and thus cannot support his theory of the case. Def.'s Reply to Pl.'s Rule 56(d) Mot. in Opp'n to Summ. J., ECF No. 61 [hereinafter Def.'s Reply to 56(d) Mot.], at 5. This argument is plainly insufficient to overcome Gonzalez Ramos's entitlement to discovery. In *McCabe v. Barr*, the district court considered a similar argument that the discovery sought via a Rule 56(d) motion would not support the plaintiff's position. *See* No. 19-cv-2399, 2020 WL 5668711, at *12 (D.D.C. Sept. 24, 2020). The court found that, "[w]ithout providing some opportunity for discovery," it could not "foreclose the possibility" that the evidence would ultimately be favorable to the plaintiff. *Id.* Here, too, it would be inappropriate for the court to presume that Tucker's deposition will not yield *any* testimony that will be helpful to Gonzalez Ramos. The only way to determine what Tucker's testimony will be is to allow Gonzalez Ramos to depose him.

ADR Vantage also argues that Gonzalez Ramos should not be allowed to depose Tucker because his testimony would concern matters that "are subject to the deliberative [process] privilege." Def.'s Reply to 56(d) Mot. at 6. It further suggests that this court's Memorandum Opinion and Order on Gonzalez Ramos's Motion to Compel Responses to Plaintiff's Discovery, ECF No. 46, forecloses Gonzalez Ramos from obtaining testimony on many of the issues on which he intends to depose Tucker. Def.'s Reply to 56(d) Mot. at 6. But the fact that Gonzalez Ramos has proposed topics that may intrude on USDA's deliberative process privilege is not a reason to deny Gonzalez Ramos an opportunity to depose Tucker outright. As is the usual practice, USDA can object if it believes that any of Gonzalez Ramos's questions implicate the deliberative process privilege, and this court can resolve the application of the deliberative process privilege to

individual questions and responses as necessary. Gonzalez Ramos is entitled to depose Tucker on issues that do not implicate the privilege, and this court cannot assume that Tucker's responses to as-yet unasked questions will be privileged.

Accordingly, Gonzalez Ramos's Rule 56(d) motion adequately outlines the facts he seeks in further discovery and explains why the discovery is necessary. The first *Convertino* criterion is met. *See Convertino*, 684 F.3d at 99.

To satisfy the second *Convertino* criterion, Gonzalez Ramos must explain why he "could not produce the facts" that he seeks from Tucker "in opposition to the motion for summary judgment." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014) (internal quotation marks omitted). The D.C. Circuit "has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the [summary judgment] motion." *Kahn v. Parson's Global Servs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) (quoting *Martin v. Malhoyt*, 830 F.2d 237, 256 (D.C. Cir. 1987)). Accordingly, "the non-movant's diligence" in seeking the missing discovery is relevant to this second criterion. *See Folliard*, 764 F.3d at 26 n.5.

Gonzalez Ramos's declaration explains that he could not produce the sought-after facts "because he has never deposed Tucker." Gonzalez Ramos Decl. at 4. ADR Vantage questions Gonzalez Ramos's diligence in deposing Tucker, countering that "[t]he time for Plaintiff to have . . . obtain[ed] [Tucker's] deposition was a year ago, not now." Def.'s Reply to Rule 56(d) Mot. at 6. But Gonzalez Ramos explains why this was not possible in his supporting brief: ADR Vantage filed its motion in the midst of a protracted dispute between Gonzalez Ramos and USDA on the number and scope of depositions of USDA employees. *See* Rule 56(d) Mot. at 7–8. The

record likewise shows that Gonzalez Ramos diligently pursued depositions of USDA employees. In a February 6, 2020 Joint Status Report, the parties reported that USDA counsel was on extended medical leave until at least March 2, 2020, and the parties had agreed to stay USDA discovery until counsel returned. Joint Proposed Schedule for Completing Disc., ECF No. 48, ¶ 4. On March 9, 2020, the parties filed an additional Joint Status Report, which revealed that Gonzalez Ramos and USDA were still negotiating—and contemplating court action regarding—Gonzalez Ramos's proposed depositions of USDA employees. *See* Joint Status Report, ECF No. 54, at 2, 5–6. Just four days later, on March 13, 2020, ADR Vantage moved for summary judgment. Def.'s Mot. The court thus easily concludes that Gonzalez Ramos has explained why he could not depose Tucker despite his reasonable diligence, and the second *Convertino* criterion supports granting Gonzalez Ramos's Rule 56(d) motion.

Finally, Gonzalez Ramos has satisfied his obligation to show that the discovery is available. He has alleged that Tucker "has personal knowledge of" the matters on which he seeks discovery, Gonzalez Ramos Decl. at 3–4, and Tucker's existing declarations support this claim, *see* First Tucker Decl., ¶¶ 4–13 (discussing motivation for climate assessment and scope of authorization to ADR Vantage); Second Tucker Declaration, ¶¶ 7–19 (similar). The court thus concludes that the discovery Gonzalez Ramos requests is reasonably available.

Finding that the three *Convertino* criteria are satisfied, the court grants Gonzalez Ramos's Rule 56(d) motion to depose Archie Tucker. This court will grant Gonzalez Ramos until February 5, 2021, to complete Tucker's deposition.

### C.     Deposition of Sheila Kopczynski

Gonzalez Ramos argues that he also must depose Sheila Kopczynski, a member of USDA's departmental management team, in order to respond to ADR Vantage's motion for summary

judgment. Gonzalez Ramos Decl. at 4. He contends that Kopczynski's deposition testimony will support his claim that "USDA conspired with ADR to defame him" and that "ADR or its co-conspirator, the USDA[,] acted with malice when it distributed the Climate Assessment because it knew that Kopczynski [would] use the Climate Assessment to convince [Investigator Jake] Dang to shut down" a criminal investigation run by the Office of the Inspector General that Gonzalez Ramos had initiated. *Id.* at 5.

Gonzalez Ramos's request to depose Kopczynski fails to meet the first *Convertino* criteria because he has not explained why the facts he seeks from deposing Kopczynski "are necessary to the litigation." *Convertino*, 684 F.3d at 99. Gonzalez Ramos raises two grounds for deposing Kopczynski, but the court finds that he has not demonstrated that the information he seeks on either "could create a dispute of material fact." *Haynes v. Dist. of Columbia Water & Sewer Auth.*, 924 F.3d 519, 532 (D.C. Cir. 2019).

First, Gonzalez Ramos asserts that ADR Vantage employees—specifically ADR Vantage's president, Dianne Lipsey—shared a draft of the Climate Assessment with Kopczynski. *See* Rule 56(d) Mot. at 5. He argues that this exchange was part of a conspiracy to thwart his complaint to the Office of the Inspector General. *See* Gonzalez Ramos Decl. at 4. He therefore proposes to question Kopczynski on "[t]he reasons she received a draft of the Climate Assessment" and "[t]he reason Lipsey concealed in her affidavit that she had shared a draft of the Climate Assessment with her." *Id*. at 5. But to support this argument, Gonzalez Ramos relies on an excerpt of an email thread that shows *USDA's* counsel—not ADR personnel—copied Kopczynski on an email returning a markup of the Climate Assessment. Gonzalez Ramos Decl., Ex. D, ECF No. 59-4, at 2. Gonzalez Ramos has not presented any evidence that *Lipsey*—or anyone at ADR for that

9

matter—distributed the Climate Assessment to Kopczynski.[3]  Without evidence that Kopczynski ever communicated with ADR Vantage, Gonzalez Ramos's suggestion that Kopczynski was a cog in a conspiracy between USDA and ADR Vantage rests on utter speculation.

Second, Gonzalez Ramos argues that Kopczynski's testimony will show that ADR Vantage "acted with malice" by distributing the Climate Assessment "because it knew that Kopczynski [would] use the Climate Assessment to convince [the inspector] to shut down the IG's criminal investigation."  Gonzalez Ramos Decl. at 5.  But again, Gonzalez Ramos has failed to point to a single piece of evidence demonstrating that Kopczynski ever communicated with ADR Vantage.  And despite deposing the president and director of programs for ADR Vantage, Gonzalez Ramos has not pointed to any evidence suggesting that ADR Vantage was aware of any of Kopczynski's purported motivations.  Based on the evidence presented, Gonzalez Ramos's assertion that Kopczynski was the critical link in a conspiracy to terminate his complaint to the Office of the Inspector General rests on conjecture and not the particularized facts that *Convertino* requires.  *See, e.g.*, *Jeffries*, 965 F.3d at 856.

Moreover, Gonzalez Ramos states in his declaration that, beyond the aforementioned suggestions of a conspiracy, Kopczynski's "duties and position have no relation whatsoever with the USDA's Miami location."  Gonzalez Ramos Decl. at 4.  Thus, having found that Gonzalez Ramos's proposed bases for deposing Kopczynski are unsatisfactory, the court is convinced that deposing Kopczynski will not lead to relevant evidence.  It therefore finds that Kopczynski's

---

[3] In his Opposition to Defendant's Motion for Summary Judgment, Gonzalez Ramos claims that "Lipsey admitted that she also circulated drafts of the Climate Assessment for review and comment to Trost and Kopczynski."  ECF No. 66, at 28.  But the heavily excerpted deposition testimony he cites to substantiate this statement never directly states that Lipsey sent a draft to Kopczynski—the excerpt merely shows that Gonzalez Ramos's question to Lipsey presumed that she sent a draft to Kopczynski.  *See id.*, Ex. F, ECF No. 28-6, at 30–31.

deposition testimony is not necessary to the litigation and denies Gonzalez Ramos's Rule 56(d) motion to depose her.

### III.

For the foregoing reasons, the court grants in part and denies in part Gonzalez Ramos's request for discovery pursuant to Federal Rule of Civil Procedure 56(d). The court grants Gonzalez Ramos's request to depose Archie Tucker. Gonzalez Ramos must depose Tucker by February 5, 2021. The court denies Gonzalez Ramos's requests to take further discovery related to a forensic analysis of ADR Vantage's computers and to depose Sheila Kopczynski. No further discovery will be permitted after February 5, 2021.

The court therefore also denies without prejudice Defendant's Motion for Summary Judgment, ECF No. 55, *see* Fed. R. Civ. P. 56(d)(1) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it . . . ."), and denies as moot Plaintiff's recently filed Motion for Leave to File a Supplemental Memorandum, ECF No. 76. Plaintiff may make the arguments and present the evidence raised in the Supplemental Memorandum in response to any renewed motion for summary judgment. ADR Vantage may file a renewed motion for summary judgment by February 26, 2021. Finally, ADR Vantage's Motion for Rule 11 Sanctions, ECF No. 62, is denied without prejudice to refiling after the close of discovery.

Dated: December 7, 2020

Amit P. Mehta
United States District Court Judge