UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| JOEY D. GONZALEZ RAMOS, | ) | Case No.: 1:18-cv-01690-APM |
| Plaintiff, | ) | |
| vs. | ) | JURY TRIAL |
| | ) | |
| ADR VANTAGE, INC, | ) | |
| Defendant. | ) | |

## MOTION FOR ADDITIONAL DISCOVERY

Plaintiff files this motion according to the Court's minute order dated January 22, 2021, seeking additional discovery: (1) to confirm that John C. Truong ("Truong") or Vanessa Eisemann ("Eisemann"), or both, disclosed to Defendant ADR Vantage, Inc. ("ADR") Plaintiff's private information, i.e., the decision of the United States' Department of Agriculture ("USDA") to place Plaintiff on administrative leave; and (2) to ascertain the circumstances under which said private information was disclosed to ADR.

The information sought should demonstrate that there is no good faith basis for the USDA to request a blanket protective order for Archie Tucker's ("Tucker") deposition transcript, while at the same time it is disclosing Plaintiff's personal information. The information will also demonstrate that the USDA and ADR were and continue to conspire to defame Plaintiff and to weaponize information to re-victimize him.

### Relevant Background

On July 19, 2019, ADR attempted to subpoena Plaintiff's personnel record. [ECF 80-1]. In response, Plaintiff indicated to Truong multiple times that the USDA did not have Plaintiff's consent to release his personal information to ADR. [ECF No. 80-2]. On September 2019 the Merit System Protection Board ("MSPB") ordered the USDA to restore Plaintiff with back pay and benefits. In response the USDA placed Plaintiff on administrative leave.

On March 13, 2020, ADR disclosed in its motion for summary judgment that Plaintiff was placed on administrative leave and accused Plaintiff of committing waste, fraud and abuse. *See* [ECF No. 55-1 at 9 and 23]. The problem is that Plaintiff's administrative leave status is privileged personal and confidential information that ADR could not have obtained lawfully.

**I. Information About Plaintiff's Administrative Leave Is Protected By The Privacy Act and FOIA Exemption (b)(6)**

According to the MSPB, "[t]he Board's appellate records are maintained in a system of records subject to the Privacy Act of 1974." *See* Exhibit A. The USDA's Departmental Regulation 4060-630-002 defines administrative leave as "[a]n authorized absence, without loss of pay and without charge to the employee's leave.  Administrative leave is granted to employees for reasons determined to be in the Government's interest." Exhibit B at 3. Among those reasons are disciplinary and medical actions. *Id.* at 10.

Section 552(b)(6) of 5 U.S.C. or Exemption (b)(6) of the Freedom of Information Act protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". Information about Plaintiff's administrative leave in combination with the MSPB's decision should be protected by Exemption (b)(6) because whether Plaintiff is on administrative leave does not inform the United States citizenry about what their government is up to, and constitutes an unwarranted invasion of Plaintiff's privacy. *See Connell v. United States S. Command*, Civil Action No. 18-1813 (RDM), 2020 U.S. Dist. LEXIS 199327 (D.D.C. Oct. 27, 2020); *see also Smith v. Dept. of Labor*, 798 F.Supp.2d 274, 284 (D.D.C. 2011).

**II. Disclosure Of Plaintiff's Administrative Leave By The USDA**

Since the information about Plaintiff's administrative leave is protected by the Privacy Act, ADR could not have obtained it without help from someone with direct access to it. That

person, Plaintiff suggests, is Eisemann. Although she is not an attorney of record in this case, her participation is not mere coincidence. Eisemann works for the Civil Rights Division of the USDA's Office of General Counsel, the same office that along with Tucker commissioned the Climate Assessment at the center of this case. *See* Exhibit C.  Since this is also the office that litigated and lost Plaintiff's appeal before the MSPB, it is likely that Eisemann accessed and disclosed the content of the MSPB's docket and related information to Truong and that Truong disclosed it to ADR.

Truong and Eisemann ignored emails by Plaintiff asking them to admit disclosing his information to ADR. *See* [ECF No. 80-3]. ADR also avoided answering how it knew about Plaintiff's administrative leave. Instead, it claimed that its knowledge comes from "logical assumptions" or inferences. *See* [ECF 80-4 at 1]. ADR's explanation is preposterous at best.  No amount of logic would conclude that an employee could be collecting a salary from his former employer without showing up to work and while his case for wrongful termination is on appeal.

### III. Relief Requested

First, Plaintiff asks the Court to grant him permission to depose Truong and Eisemann regarding the disclosure of his private personal information to ADR. Second, Plaintiff asks the Court to order ADR to respond to his outstanding discovery, *see* [ECF No. 80-5], about how it obtained Plaintiff's private personal information.

Respectfully submitted on January 27, 2021 by:

/s/ Joey Gonzalez
Joey D. Gonzalez
***Pro Se* Plaintiff**