UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOEY D. GONZALEZ RAMOS, | ) | Civil Case No.: 1:18-cv-01690-APM |
| Plaintiff, | ) | |
| vs. | ) | JURY TRIAL |
| | ) | |
| ADR VANTAGE, INC, | ) | |
| Defendant. | ) | |

**REPLY TO DEFENDANT AND INTERVENOR USDA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY**

**ADR.** With its credibility in question and after exceeding the page limitation mandated by the Court [Order of 1/22/21], Defendant ADR Vantage Inc. ("ADR") did not address Plaintiff's argument for additional discovery in its response [ECF No. 82]. This time ADR did not attribute to its logical powers or intuition the disclosure of Plaintiff's private information [ECF No 80-4]. Instead, ADR resorted to its customary irrelevant and usual tirade of failed intimidation tactics that has characterized almost all of its motions. After a long and irrelevant lecture about the definition of the words *waste*, *fraud* and *abuse* and how in its mind each apply to Plaintiff, ADR concluded that Plaintiff seeks information that is "quintessential" attorney work product, [ECF No. 82 at 3].

The problem for ADR is that after disclosing and weaponizing Plaintiff's private information in at least two motions [ECF Nos. 55-1 and 82], hiding behind the doctrine of attorney work product to refuse confirming its sources and how it unlawfully obtained Plaintiff's private information is specious at best. *FTC v. Boehringer Ingelheim Pharm., Inc.*, 414 U.S. App. D.C. 188, 198, 778 F.3d 142, 152 (2015) ("[t]here is no real, nonspeculative danger of revealing the lawyer's thoughts when the thoughts are already well-known."). The proverbial cat is out of the bag. However, the question before the court is *how* did the cat get out of the bag?

The information Plaintiff seeks does not reveal ADR's mental impressions, conclusions, opinions or legal theories. *Alexander v. FBI*, 192 F.R.D. 12, 19 (D.D.C. 2000) (granting motion to compel discovery to confirm the names of individuals interviewed by one of the parties' investigator); *see also  In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 1999 U.S. Dist. LEXIS 8038, 1999 WL 354527, at *3 (E.D. Pa. May 26, 1999) ("The disclosure of the names and addresses of those individuals interviewed by Plaintiffs' counsel will not reveal the 'mental impressions, conclusions, opinions, or legal theories of [Plaintiffs'] attorneys.'").

**USDA**. Someone has violated Plaintiff's statutorily protected privacy. Plaintiff simply wants to find out who. The only persons who could possibly disclose Plaintiff's information are those who likely conspired to defame Plaintiff through the Climate Assessment and who lost Plaintiff's appeal before the Merit System Protection Board, i.e., the U.S. Department of Agriculture's ("USDA") Office of General Counsel, Civil Rights Division ("OGC").

USDA's John Truong ("Truong") evasive response about ADR's "detective work" [ECF No. 83 at 3] brings nothing new to the table warranting a discussion. It was just a reiteration of what the Court already knew. OGC's Vanessa Eisemann ("Eisemann") did not respond, just as she did during Archie Tucker's deposition when confronted by Plaintiff about disclosing his private information to ADR. *See* Exhibit A. Apparently, for Mr. Truong and for Ms. Eisemann, it is more convenient to keep silent than to admit or deny that they are ADR's source for Plaintiff's private information.

Because ADR and the USDA effectively failed to address Plaintiff's motion for additional discovery and why the information sought is relevant to Plaintiff's claims, the Court should compel ADR to answer Plaintiff's discovery and direct Mr. Truong and Ms. Eisemann to appear for their depositions.

Respectfully submitted on February 3, 2021 by:    /s/ Joey Gonzalez
                                                    Joey D. Gonzalez
                                                    *Pro Se* **Plaintiff**