**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOEY D. GONZALEZ RAMOS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No.: 18-cv-01690 (APM)** |
| | : | |
| **ADR VANTAGE, INC.,** | : | **Assigned To: Amit P. Mehta** |
| | : | |
| **Defendant.** | : | |

**DEFENDANT ADR VANTAGE, INC.'S RENEWED
MOTION FOR RULE 11 SANCTIONS**

COMES NOW the Defendant, ADR VANTAGE, INC. (hereinafter "ADR"), by and through its counsel, John J. Murphy, Esq., and Walker, Murphy & Nelson, LLP, and, pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby files this Motion for Sanctions, and in support thereto states as follows.

1.      As set forth in Defendant's Motion for Summary Judgment, which is incorporated herein by reference, Plaintiff's Complaint was devoid of factual and legal merit from the outset. *See, ECF 55.*

2.      During the course of discovery, and as discussed more fully in the accompanying Memorandum of Points and Authorities, the defense learned that Plaintiff was aware, before the filing of the instant Complaint, that this litigation was devoid of factual and legal merit. In fact, as detailed in Defendant's Renewed Motion for Summary Judgment, which is incorporated herein by reference, the defense recently learned that contrary to Plaintiff's material representations to this Court to the contrary, he was actually in possession of an unredacted version of ADR's

1

underlying climate assessment report more than a year before he initiated this defamation case. *See, ECF 87, Defendant ADR's Renewed Motion for Summary Judgment.*

3.     Equally troubling, Plaintiff made it clear early in the litigation process that his motive for the instant litigation was "to redress, reverse and punish ADR for the damage its defamatory publication has done to him. Also, Plaintiff wants to publicly expose ADR's practices to labor organizations and its current or potential clients, most of them federal agencies." *See, ECF 22 at p. 7 of 11.*

4.     In accordance with FRCP 11 (c)(2), a copy of this Motion in draft format was served upon the Plaintiff more than twenty-one (21) days before the instant Motion was filed. *See, March 13, 2020 E-mail exchange, attached hereto as* **Exhibit 1.**  An hour later Plaintiff responded, clearly ignoring the purpose and intent behind the Rule's safe harbor provision. *Id.*

5.     To date, the insurer for Defendant has paid in excess of $33,000 in reduced legal fees defending against Plaintiff's frivolous claims. This does not include legal fees due and/or outstanding which, after recent discovery and motions practice, will easily increase to well over $35,000.00 (assuming summary judgment is granted and there are no further legal proceedings or appeals).

6.     That as set forth more fully in the accompanying Memorandum of Points and Authorities, Defendant ADR is entitled to monetary sanctions from the Plaintiff.

WHEREFORE, the above-premises considered, it is respectfully requested that this Honorable Court:

1.     Grant this Motion for Sanctions; and

2.     Award Defendant legal fees and costs in an amount deemed appropriate under the circumstances by this Court.

2

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/S/ John J. Murphy

John Murphy, Esq. (Bar #14407)
9210 Corporate Boulevard, Suite 320
Rockville, Maryland 20850
(301)-519-9150 (Office)
(301) 519-9152 (Fax)
jmurphy@walkermurphy.com

## REQUEST FOR HEARING

Defendants hereby request a hearing on all issues raised herein.

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/S/ John J. Murphy

John Murphy, Esq. (Bar #14407)
9210 Corporate Boulevard, Suite 320
Rockville, Maryland 20850
(301)-519-9150 (Office)
(301) 519-9152 (Fax)
jmurphy@walkermurphy.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Sanctions was electronically mailed and/or mailed on the __22nd__ day of February 2021 to:

Joey D. Gonzalez Ramos, Esq.
P.O. Box 145073
Coral Gables, FL 33114-5073
E-service: joey.gonzalez@jdg-lawoffice.com
**Pro Se Plaintiff**

/S/ John J. Murphy

John J. Murphy, Esq.

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOEY D. GONZALEZ RAMOS,         :

     **Plaintiff**               :

                         :

**v.**                           :      **Case No.: 18-cv-01690 (APM)**

                         :

**ADR VANTAGE, INC.,**         :      **Assigned To: Amit P. Mehta**

                         :

     **Defendant.**             :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT ADR VANTAGE, INC.'S RENEWED MOTION FOR SANCTIONS**

The Defendant, ADR VANTAGE, INC. (hereinafter "ADR"), by and through its counsel, John J. Murphy, Esq., and Walker, Murphy & Nelson, LLP, and, pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby files this Memorandum of Points and Authorities in support of its Motion for Sanctions.

## INTRODUCTION

Plaintiff, a licensed attorney in the State of Florida, has brought this multi-count litigation as part of an unrelenting legal campaign against the USDA and several of its agents, servants, and employees. During the course of discovery, the defense learned the nature and extent of Plaintiff's litigious history, not to mention his own role in bringing about the end of his employment with the USDA. Because the instant litigation was devoid of any legal merit from the outset, and for the reasons set forth more fully in Defendant's Renewed Motion for Summary Judgment which is incorporated herein by reference, sanctions are now warranted.

4

## LEGAL ARGUMENT

As set forth more fully *infra,* application of the relevant law to the undisputed facts warrants summary judgment in ADR's favor as a matter of law.

### 1.  Standard of Review for Rule 11 Sanctions

Under Rule 11(b) of the Federal Rules of Civil Procedure, a Court may impose sanctions if "a pleading, written motion, or other paper ... [is] presented for any improper purpose[;] ... the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] ... the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" *See* Fed. R. Civ. P. 11(b).  Courts apply "an objective standard of reasonable inquiry." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,* 498 U.S. 533, 554, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).  The purpose of the Rule is to insure that allegations made in a filing "are supported by a sufficient factual predicate at the time that the claims are asserted." *City of Yonkers v. Otis Elevator Co.,* 106 F.R.D. 524, 525 (S.D.N.Y.1985).

The D.C. Circuit has held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 requires that sanctions of some sort be imposed.' " *Rafferty v. NYNEX Corp.,* 60 F.3d 844, 852 (D.C.Cir.1995) (*citing Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985)) (emphasis in the original).  What the defense did not know at the time, but came to discover during the course of this litigation, is that Plaintiff's litigation was not only devoid of

5

any merit, but motivated by misplaced ill-will toward the USDA and its agents, like Defendant ADR. Accordingly, sanctions are clearly warranted.

### 2. Plaintiff Knew Before Instituting The Instant Litigation That It Was Devoid Of Any Good Faith Factual or Legal Basis.

Defendant will not belabor the extensive points and legal authorities raised in its Motion for Summary Judgment, which is incorporated by reference. In short, ADR was at all times relevant hereto acting in good-faith as the USDA's agent to perform a Climate Assessment to address low employee morale at its Miami field office; low morale due in considerable part to the actions of the Plaintiff, himself. ADR never "published" the report to anyone but, rather, provided the report to the same leadership at the USDA which commissioned the report. Further, ADR's report was an accurate portrayal of a myriad of problems within the USDA – some of which were directly attributable to the Plaintiff. Not only does ADR enjoy derivative sovereign immunity for preparing the report, any alleged "defamatory" statements were subject to numerous qualified privileges and the lawsuit barred by the applicable statute of limitations. *See, generally, ECF 55.*

During the course of discovery, the defense learned that the Plaintiff knew, before filing the instant litigation, that the information contained with ADR's Climate Assessment Report was true. Plaintiff knew this because he spent years as a USDA employee embroiled in tumultuous cases, claims and complaints against fellow USDA employees. Plaintiff's litigious history was fueled, in part, by his preparations to launch a second career as a lawyer which he did, in fact, do by opening his own law practice before the instant litigation commenced. Plaintiff also knew before filing the instant litigation that his "good reputation" was not harmed by ADR's Climate Assessment Report but, rather, by his own conduct. When Plaintiff's ongoing efforts to stage a

"retaliation" lawsuit against the USDA did not materialize because he still had not been terminated despite his antics, including a refusal to comply with terms of a formal performance plan, Plaintiff embarked on an incendiary email campaign against the leadership at the USDA to assure he would be fired. Only then, after emails to the Secretary of the USDA, was he formally terminated. Documentary evidence of these undisputed facts are attached to Defendant's Summary Judgment Motion which is incorporated herein by reference. As those facts readily demonstrate, Plaintiff's claim in the instant litigation that his termination was somehow related to ADR is devoid of any good-faith factual or legal basis, thereby entitling the Defendant to sanctions.

### 3.   Plaintiff's Pursuit Of The Instant Litigation Was Done In Bad Faith

Plaintiff has had a longstanding feud with the USDA. He has filed a rash of grievances against the USDA and lawsuits against USDA, its agents, and its employees. When ADR prepared its Climate Assessment Report, it only knew that information provided by Plaintiff's fellow USDA employees and not the full scope of his conduct. Indeed, because the Plaintiff refused to meet with this Defendant, ADR had no personal interaction with the Plaintiff whatsoever. This did not, however, prevent Plaintiff from expanding his litigation campaign against USDA members to include Defendant ADR. Incredulously, Plaintiff boldly put in writing his improper motive in a pleading with this Court wherein he acknowledged he was not seeking financial damages for any real injury but, rather, attempting to utilize this litigation as a means "to redress, reverse and punish ADR for the damage its defamatory publication has done to him. Also, Plaintiff wants to publicly expose ADR's practices to labor organizations and its current or potential clients, most of them federal agencies." *See, ECF 22 at p. 7.* This exhibits actual bad faith on the part of the Plaintiff, in addition to a lack of substantial justification as discussed above. Accordingly, Defendant is clearly entitled to sanctions under FRCP Rule 11.

### 4.  Plaintiff's Abusive Litigation Tactics And Material Misrepresentations

The cost of defending the instant litigation has been substantial – in excess of $33,000 – given Plaintiff's abusive litigation tactics.  As far back as May 17, 2019, this Court cautioned the parties that it "will not hesitate to award fees or costs or sanction a non-cooperating party, if doing so becomes necessary." *See May 17, 2019, Minute Order.*  Plaintiff has remained undaunted, filing at least thirteen (13) motions alleging some form of discovery dispute – eight (8) of which were after this Court's May 2019 warning – and all of which have been denied in whole or in part by this Court. *See, ECF 11, 15, 25, 27, 31, 35, 37, 38, 49, 51, 53, 74 and 82.*  Most of those filings were also laced with unsubstantiated allegations of improper and nefarious conduct on the part of counsel and, most recently, this Court concluded, in part, that Plaintiff's discovery was "designed to harass opposing counsel … and intrude into his investigative efforts and mental impressions, which are covered by the attorney work product privilege." *See, February 7, 2021 Minute Order.*

Perhaps most surprising of all, following the revelation during Mr. Tucker's recent deposition that he provided Plaintiff with an unredacted version of ADR's Climate Assessment report much earlier than acknowledged by Plaintiff, on February 1, 2021, Plaintiff finally conceded that he received the unredacted document on April 25, 2017. *See, February 1, 2021 email from Plaintiff and UPS tracking information, attached hereto collectively as* **Exhibit 2**.  This concession is in direct contradiction to Plaintiff's prior repeated representations to this Court.  In his Complaint, Plaintiff alleges to have first received a "heavily redacted" copy of the Climate Assessment on July 14, 2017 and that he did not "discover" an unredacted copy until February 2018. *See, ECF 1 at ¶¶ 33-34.*  In Opposition to Defendant's preliminary Motion to Dismiss, Plaintiff claimed he could not have received a copy of the unredacted Climate Assessment report before October 2017. *See, ECF 8 at pp. 6-8.*  In Opposition to Defendant's Motion for Summary

Judgment, Plaintiff asserted that he did not have an unredacted Climate Assessment report until October 2017. *See, ECF 66 at p. 10.* Had Plaintiff not tried to hide the fact from this Court (and counsel) that he had an unredacted report all along, and then not tried to materially mislead this Court by claiming otherwise, this case would have been dismissed back in 2019 and Defendant's damages greatly mitigated. All things considered, to allow Plaintiff – a licensed attorney – to escape sanctions on this record would be a miscarriage of justice.

## CONCLUSION

Plaintiff's instant litigation against ADR should not only come to a prompt end by virtue of a summary judgment order, but sanctions awarded for bad faith and a lack of substantial justification. Plaintiff's pursuit of this case has resulted in an incredible waste of this Court's judicial resources, not to mention defense costs. Given Plaintiff's prolific litigation history, the only way to deter such improper conduct is to award sanctions, which are clearly warranted under the circumstances.

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/S/ John J. Murphy

John Murphy, Esq. (Bar #14407)
9210 Corporate Boulevard, Suite 320
Rockville, Maryland 20850
(301)-519-9150 (Office)
(301) 519-9152 (Fax)
jmurphy@walkermurphy.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing <u>Motion For Sanctions</u> was electronically mailed and/or mailed on the __22nd__ day of February 2021 to:

Joey D. Gonzalez Ramos, Esq.
P.O. Box 145073
Coral Gables, FL 33114-5073
E-service: joey.gonzalez@jdg-lawoffice.com
**Pro Se Plaintiff**

/S/ John J. Murphy

John J. Murphy, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOEY D. GONZALEZ RAMOS, :
 :
 **Plaintiff** :
 :
v. : Case No.: 18-cv-01690 (APM)
 :
ADR VANTAGE, INC., : Assigned To: Amit P. Mehta
 :
 **Defendant.** :

## ORDER

UPON CONSIDERATION of Defendant, ADR VANTAGE, INC.'s Motion for Rule 11 Sanctions, and any Opposition thereto, it is hereby this _____ day of _____, 2020, ORDERED:

1. That Defendant ADR's Motion for Sanctions be and hereby is GRANTED; and it is further ORDERED

2. That Plaintiff shall pay Defendant ADR costs and attorneys fees in the amount of $35,000.00.

_____

JUDGE Amit P. Mehta

11