## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JOEY D. GONZALEZ RAMOS,          :
                                 :
    Plaintiff                    :
                                 :
v.                               :          Case No.: 18-cv-01690 (APM)
                                 :
ADR VANTAGE, INC.,               :          Assigned To: Amit P. Mehta
                                 :
    Defendant.                   :

## DEFENDANT ADR VANTAGE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO RENEWED MOTION FOR RULE 11 SANCTIONS

COMES NOW the Defendant, ADR VANTAGE, INC. (hereinafter "ADR"), by and through its counsel, John J. Murphy, Esq., and Walker, Murphy & Nelson, LLP, and, pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby files this short Reply Memorandum in Response to Plaintiff's Opposition To Motion for Sanctions.

### INTRODUCTION

As this Court is no doubt familiar with this case, a lengthy introduction is unnecessary. Plaintiff's latest pleading readily demonstrates that ADR is entitled to Rule 11 sanctions. With the filing of this Reply and, simultaneously, a Reply to Plaintiff's Opposition to Motion for Summary Judgment, briefing on the legal issues before this Court is complete; the time has come to end Plaintiff's baseless legal crusade and award Rule 11 sanctions against him.

1

## LEGAL ARGUMENT

Plaintiff raises two arguments against the imposition of Rule 11 sanctions: (1) failure to follow the Rule's "safe harbor" provision and (2) failure to meet Rule 11's "objectivity" test. Both assertions are meritless and will be addressed briefly *infra*.

### 1. *Compliance With Safe Harbor Requirement.*

Plaintiff's procedural background concedes that a draft version of Defendant's original Rule 11 Motion was forwarded to him more than twenty-one (21) days before it was filed in this Court, on April 3, 2020. *ECF 91 at pp. 4-5*. At no time thereafter did the Plaintiff amend his Complaint, so his reliance upon *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 159 (2d Cir. 2010) is misplaced.

As explained in *Swanson v. Howard University,* 249 F.Supp.3d 259, (D.D.C. 2017):

> Under Rule 11, the question is "whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim*." Id., quoting Sharp v. Rosa Mexicano, D.C., LLC*, 496 F.Supp.2d 93, 100 (D.D.C. 2007). For that reason, Rule 11 includes a safe harbor provision, which requires that the motion first be served on the non-movant to allow that party to withdraw the challenged allegation or assertion. *See id.; Fed. R. Civ. P. 11(c)(2)*. A court cannot consider the substantive aspects of the motion until this procedural rule has been satisfied. *See Henok*, 926 F.Supp.2d at 104, *citing Brown*, 873 F.Supp.2d at 408.

As some courts have referred to it, Rule 11's safe harbor provision was designed to be a "warning shot" to opposing counsel and parties giving them an opportunity to amend or retract any objectively unsustainable legal actions. *See, e.g., U.S. v. BCCI Holdings (Luxembourg)*, 176 F.R.D. 1 (D.D.C. 1997).

On December 7, 2020, this Court issued its Order denying without prejudice Defendant ADR's summary judgment motion to afford Plaintiff an opportunity to depose Archie Tucker. *See, ECF 78.* Because Defendant's Rule 11 Motion was linked to its summary judgment motion, this Court also "denied without prejudice to refiling after the close of discovery" ADR's request for sanctions. *Id.* Plaintiff now claims, without any legal support whatsoever, that "[s]ince the Court had already denied the Motion for Sanctions and the Renewed Motion for Sanctions contained a new allegation, ADR Vantage should have provided 21 days as required by the safe harbor prior to filing the Renewed Motion for Sanctions with the Court." *ECF 91 at p. 6.*

First, this Court's denial without prejudice was to afford Plaintiff every opportunity to conduct necessary discovery to "make his case" – it did not reset the clock for a sanctions motion because, unlike an amended complaint, the Plaintiff's claims and allegations were not altered or amended by the Court's Order. Second, the underlying basis for Defendant's renewed Rule 11 Motion is unchanged; Plaintiff's Complaint was devoid of legal merit and sanctionable from the outset of this litigation as set forth *infra.* Compliance with the Rule's safe harbor requirement was clearly met and Plaintiff failed – repeatedly – to heed Defendant's "warning shot." Sanction are, therefore, appropriate.

## 2. *Sanctions Are Objectively Warranted.*

Defendant agrees with Plaintiff on one legal point; awarding Rule 11 sanctions must satisfy the objectivity test. What Plaintiff fails to appreciate is that because he is so consumed with conspiracy theories and the belief he has been personally slighted, he himself cannot objectively assess whether there is any legal merit to his claims. There is none.

As this Court correctly recognized when it denied without prejudice Defendant's original Rule 11 Motion, ADR's request for sanctions is inextricably tied to its summary judgment motion. From the outset of this litigation, it was clear that the Plaintiff's claims were baseless. Not only could he not meet the elements of a defamation claim, that claim was clearly barred by the statute of limitations. There is no separate claim for "civil conspiracy" under the District's laws. There was no basis for a claim of "intentional infliction of emotional distress" given the absence of extreme or outrageous conduct, not to mention the complete lack of damages. The same deficiencies in Plaintiff's defamation claim plagued his "invasion of privacy" claim. For good measure, all of his claims were subject to derivative sovereign immunity. While Plaintiff cannot help but interject subjectivity into this matter, ADR's legal defenses are all based on the objective facts and law. If this Court agrees with Defendant and grants summary judgment in its favor, sanctions are warranted.

### 3. *Defendant's Legal Fees Are Objectively Reasonable.*

Plaintiff's Opposition does not challenge that the defense costs sought as sanctions are reasonable nor could he given the extensive discovery and motions practice necessitated by his copious filings. Instead, Plaintiff suggests to this Court that ADR failed to "mitigate its damages" by not settling this case and, for good measure, suggests undersigned "should have discharged his ethical duty to convey [Plaintiff's] settlement offer to Defendant and possibly engage in settlement negotiations." *ECF 91 at p. 12.*

Settlement discussions are, of course, not admissible to establish liability or damages but may be relevant for other purposes. *See, e.g., Carney v. American University*, 151 F.3d 1090 (D.D.C. 1998). Insofar as Plaintiff suggests to this Court that Defendant (or undersigned) failed

to "mitigate" damages by not "engaging in settlement negotiations," that false narrative needs to be addressed.

Undersigned entered his appearance in January 2019 and, after quickly getting up to speed on the case and recognizing the considerable costs involved in defending same no matter how meritless the litigation might be, *initiated* settlement discussions with the Plaintiff. *See, March 2019 email chain, attached hereto as* **Exhibit 1.**  In response to Plaintiff's $350,000 demand, and with the approval of Defendant and its carrier, undersigned called Plaintiff to extend a $10,000 offer "with room to move" but made clear, as directed, that the defense did not view this as a "six figure case."  Settlement discussions promptly ended at that point when Plaintiff advised the defense was not "even close" to what it would take to resolve the case.  In March 2000, months after Plaintiff had been reinstated on administrative leave through his Merit Protection Board action such that his damages were then demonstrably non-existent, Plaintiff increased his demand to $999,999.99.  *See, March 2020 email, attached hereto as* **Exhibit 2.**

It is precisely because of the irrational, non-objective, positions taken by the Plaintiff – of which his settlement posture is just one – that has resulted in considerable defense costs as anticipated by undersigned from the outset, and for which in a good-faith effort to avoid such time and money undersigned sought to prevent with a good-faith opening settlement offer.[1]  It is, therefore, sufficient to state for the instant Motion that Plaintiff's suggestion Defendant's settlement position defeats an award of sanctions is ridiculous.

---

[1]    Insofar as Plaintiff baselessly suggests undersigned has violated an ethical obligation in conveying Plaintiff's settlement demands to his client / carrier, undersigned is happy to produce for *in camera* review his written attorney-client protected communications conveying both demands to this Court.  Obviously, they cannot be produced as exhibits hereto as that would risk waiving applicable privileges.

## CONCLUSION

Sanctions are to be meted out sparingly by Courts and it is a request not taken lightly by the defense. In this case, however, Plaintiff's baseless legal pursuit has resulted in an incredible waste of this Court's judicial resources and defense costs. Given Plaintiff's prolific litigation history, the only way to deter such improper conduct is to award sanctions, which are clearly warranted under the circumstances.

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/S/ John J. Murphy

_____

John Murphy, Esq. (Bar #14407)
9210 Corporate Boulevard, Suite 320
Rockville, Maryland 20850
(301)-519-9150 (Office)
(301) 519-9152 (Fax)
jmurphy@walkermurphy.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Opposition to Motion For Sanctions was electronically mailed and/or mailed on the _5th_ day of April 2021 to:

Joey D. Gonzalez Ramos, Esq.
P.O. Box 145073
Coral Gables, FL 33114-5073
E-service: joey.gonzalez@jdg-lawoffice.com
*Pro Se Plaintiff*

/S/ John J. Murphy

_____

John J. Murphy, Esq.

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOEY D. GONZALEZ RAMOS,        :

    Plaintiff                  :

                              :

v.                              :        **Case No.: 18-cv-01690 (APM)**

                              :

ADR VANTAGE, INC.,         :        **Assigned To: Amit P. Mehta**

                              :

    Defendant.            :

．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．．

## ORDER

UPON CONSIDERATION of Defendant, ADR VANTAGE, INC.'s Motion for Rule 11 Sanctions, and any Opposition thereto, it is hereby this _____ day of _____, 2020, ORDERED:

1. That Defendant ADR's Motion for Sanctions be and hereby is GRANTED; and it is further ORDERED

2. That Plaintiff shall pay Defendant ADR costs and attorneys' fees in the amount of $35,000.00.

_____

JUDGE Amit P. Mehta

7