# EXHIBIT

# 1

# John Murphy

| | |
|---|---|
| **From:** | Joey Gonzalez <joey@joeygonzalezlaw.com> |
| **Sent:** | Monday, March 11, 2019 2:31 PM |
| **To:** | John Murphy |
| **Cc:** | Megan O'Connor |
| **Subject:** | RE: CONFIDENTIAL - FOR SETTLEMENT PURPOSES ONLY |

Mr. Murply,

Thank you for your email. If you look in the middle of page 7 in one of the pleadings I sent, namely *Appellant Prehearing Submission* dated February 17, 2019, there is a direct quote from a document written in 2017 by the deputy director of the ARS' Office of Civil Rights, Alan Robinson. This is the office responsible for investigating complaints of discrimination against the Agency. According to Robinson, an "independent body" would be "very unlikely to be susceptible to a claim of retaliation" by Plaintiff.

In other words, the USDA wanted to avoid claims of retaliation on my part by using someone they believed could not be held liable. That might be the reason the USDA contracted with ADR. Your client lent itself to parrot or exaggerate the defamatory and disparaging comments by some USDA's personnel about me. This was done with the purpose of calling into question my credibility and make me appear as a criminal. Your client also recommended discipline against me. What the USDA could not, or did not want to do, your client accomplished it for them.

During my 10 years in the Coast Guard I earned several commendations medals. I was honorably discharged in 2003. In my 14 years with the USDA, most of my performance ratings exceeded the expectation. I graduated magna cum laude with a bachelor's degree in Computer Science and later obtained a master's degree. For four years I drove 100 miles a day to attend law school. What I have earned, required much sacrifice on my part and my family's. I did not deserve the picture your client painted of me.

Seven months after I was fired, I remain partially employed. Not because I am not well qualified, but because the actions of the USDA and ADR. Since one is a government agency and the other a private corporation, a potential employer would believe them rather than me. I cannot think of anyone willing to hire a network administrator that intercepts data and phone communication or that is the source of hostile working environment. Similarly no firm will hire an attorney that according to ADR's survey files fraudulent complaints. Clearly the actions by ADR did not end with my involuntary separation from the USDA.

If ADR's insurance carrier would like to resolve the case at this juncture, I will accept $350,000.00. This offer will remain open until March 22, 2019.

Regards,

Joey Gonzalez

**JOEY GONZALEZ, ATTORNEY, P.A.**
P.O. Box 145073, Coral Gables, FL 33114-5073
P: (305) 720 3114 | F: (305) 676-8998
joey.gonzalez@jdg-lawoffice.com | joey@joeygonzalezlaw.com
www.joeygonzalezlaw.com

1

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

**From:** John Murphy <jmurphy@walkermurphy.com>
**Sent:** Friday, March 08, 2019 10:33
**To:** Joey Gonzalez <joey@joeygonzalezlaw.com>
**Cc:** Megan O'Connor <moconnor@walkermurphy.com>
**Subject:** CONFIDENTIAL - FOR SETTLEMENT PURPOSES ONLY

Mr. Gonzalez,

Thank you again for sending the documents from your companion case with the USDA. Within the confines of confidential settlement discussions, it is apparent to me that (a) there is a much larger "backstory" between you and the USDA that we are just starting to learn about and (b) assuming arguendo there is any legal merit to Plaintiff's claims (which obviously we vehemently deny), ADR's role in the "big picture" is relatively small.

Putting aside all of ADR's defenses, it is equally apparent to me that discovery and motions practice in this case is going to take a considerable amount of time and money. To that end, the insurance carrier for ADR would like to know if Plaintiff has a reasonable demand to confidentially resolve this case without any admission of liability on the part of ADR. Simply stated, if they can resolve this case early for an amount less than what they would otherwise have to spend on legal fees, I think they would be interested in having that conversation with you sooner rather than later.

Please give this some consideration and let me know if there is a formal demand you would like me to convey.

Thanks,

John

**WMN WALKER, MURPHY & NELSON, LLP**
John J. Murphy, Esq.
9210 Corporate Boulevard
Suite 320
Rockville, Maryland 20850
(301)519-9150 (office)
(301)519-9152 (fax)
jmurphy@walkermurphy.com
www.walkermurphy.com

IMPORTANT CONFIDENTIALITY NOTICE
This message is from the law firm of Walker, Murphy & Nelson, LLP and contains information that may be privileged, confidential, and protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please reply to the sender that you have received the message in error and delete the message or notify us immediately by calling (301)519-9150. Thank you.

2

# EXHIBIT

# 2

## John Murphy

| | |
|---|---|
| **From:** | Joey Gonzalez <joey@joeygonzalezlaw.com> |
| **Sent:** | Tuesday, March 3, 2020 12:02 PM |
| **To:** | John Murphy |
| **Subject:** | Gonzalez v. ADR Vantage - CONFIDENTIAL -- for settlement purposes only |

Mr. Murphy,

If your client is interested in resolving the subject lawsuit without the need for further litigation, plaintiff will settle for the amount of nine hundred ninety nine thousand nine hundred ninety nine dollars with ninety nine cents ($999,999.99) or one cent ($.01) below ADR's current maximum insurance coverage. Please take this settlement offer to your client (Dianne Lipsey) and let me know if she accepts.

Joey Gonzalez


PD. During the deposition Lipsey testified that my last and only offer in this case was not brought up to her attention. I trust that with your 26 years of experience in law practice you know of your duty regarding taking settlement offers to a client.



**JOEY GONZALEZ ATTORNEY, P.A.**
Consumers | Federal Employees

P.O. Box 145073 Coral Gables, FL 33114-5073
P: (305) 720 3114 | F: 786-221-0298
joey@joeygonzalezlaw.com

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

1