# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOEY D. GONZALEZ RAMOS,      ) | |
|     Plaintiff,      ) | |
|      ) | |
|     v.      ) | Case No. 18-cv-01690 (APM) |
|      ) | |
| ADR VANTAGE, INC.,      ) | |
|     Defendants.      ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion for sanctions filed by Defendant ADR Vantage, Inc. against Plaintiff Joey D. Gonzalez Ramos. Def.'s Renewed Mot. for Rule 11 Sanctions, ECF No. 87 [hereinafter Def.'s Mot.]. It seeks monetary sanctions pursuant to Federal Rule of Civil Procedure 11 on the theory that Plaintiff brought this action on improper grounds. *Id.* ¶¶ 1–3. For the reasons that follow, the court denies Defendant's motion.

## I.

This action stems from allegedly defamatory statements about Plaintiff in a climate assessment report ("Report") that the U.S. Department of Agriculture ("USDA") hired Defendant to prepare "after [the agency] received complaints from employees alleging a hostile work environment" at a Miami field office. Def.'s Renewed Mot. for Summ. J., ECF No. 88 [hereinafter Def.'s Renewed MSJ], Def.'s Stmt. of Material Facts Not in Dispute, ¶¶ 1–2; *see also* Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 23–33, 44.[1] The litigation has been "particularly contentious," *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 7136840, at *1 (D.D.C. Dec. 7, 2020), featuring extensive discovery disputes and multiple rounds of dispositive motions.

---

[1] The relevant facts are summarized in greater detail in the court's memorandum opinion granting Defendant's motion for summary judgment. Mem. Op., ECF No. 94.

*See id.*; *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 409283 (D.D.C. Jan. 26, 2020); *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2018 WL 6680531 (D.D.C. Dec. 19, 2018).  Defendant first filed a motion for sanctions in April 2020, a month after it filed its first motion for summary judgment.  Def.'s Mot. for Rule 11 Sanctions, ECF No. 62; Def.'s Mot. for Summ. J., ECF No. 55.  The court denied both motions without prejudice to permit Plaintiff take an additional deposition. *Gonzalez Ramos*, 2020 WL 7136840, at *5.  Defendant then renewed its motions on February 22, 2021.  Def.'s Mot.; Def.'s Renewed MSJ.  The court granted Defendant's renewed motion for summary judgment in full on September 29, 2021.  Mem. Op, ECF No. 94; Order, ECF No. 95.

## II.

"By presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party "certifies that" the filing "is not being presented for any improper purpose," and that "the claims, defenses, and other legal contentions are warranted."  Fed. R. Civ. P. 11(b).  "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" for the violation.  Fed. R. Civ. P. 11(c).  "[T]he central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings, or that are filed to harass another party." *In re Carvalho*, 598 B.R. 356, 363 (D.D.C. 2019) (cleaned up).

Defendant asserts three bases for sanctions in their Motion.  Def.'s Mot. ¶¶ 1–3.  The court will take each in turn.  First, Defendant argues that "Plaintiff's Complaint was devoid of factual and legal merit from the outset," and that Plaintiff was "aware" of this "before the filing of the instant Complaint." *Id.* ¶ 1–2.  More specifically, Defendant argues that "Plaintiff's claim . . . that his termination was somehow related to ADR is devoid of any good-faith factual or legal basis"

because "Plaintiff knew, before filing the instant litigation, that the information contained within ADR's Climate Assessment Report was true."  Def.'s Mot., Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. [hereinafter Def.'s Mem.], at 6–7.  But Defendant offers no factual support for this assertion.  Notably, its motion for summary judgment did not advance truth as a defense to Plaintiff's defamation claims.  *See* Def.'s Renewed MSJ ¶¶ 3–5 (asserting various defenses other than truth); Def.'s Renewed MSJ, Mem. of P. & A. in Supp. of Def.'s Mot., at 12–23.  The court has made no determination as to the truth or falsity of the allegedly defamatory statements in the Report, let alone that Plaintiff knew the statements to be "true" before filing his Complaint.  So, the court will not order sanctions on that ground.

Second, Defendant states that Plaintiff pursued this case in "bad faith."  Def.'s Mem. at 7. In support of this argument, Defendant points to an earlier filing in the case in which Plaintiff stated that his "goal is to redress, reverse[,] and punish ADR for the damage its defamatory publication has done to him . . . [and] to publicly expose ADR's practices to labor organizations and to its current or potential clients, most of them federal agencies."  Def.'s Mot. ¶ 2 (internal quotation marks omitted) (quoting Joint Meet & Confer Report, ECF No. 22, at 7).  But as the court concluded when it denied Defendant's motion to dismiss in its entirety, Plaintiff advanced colorable arguments on at least some of his claims.  *Gonzalez Ramos*, 2018 WL 6680531, at *1–3. The fact that Plaintiff's Complaint raised nonfrivolous claims is strong evidence that it was not filed for improper purposes.  *See Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.3d 178 (D.C. Cir. 1980) (observing that "the presence of merit in a claim or defense may well negate any notion of bad faith in its filing"); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (noting that "evidence bearing on frivolousness or non-frivolousness will often be

highly probative of purpose"); *Chandler v. Berlin*, No. 18-cv-02136 (APM), 2020 WL 5593905, at *3 (D.D.C. Sept. 18, 2020).[2]

This conclusion is not negated by the fact that Plaintiff expressed a desire to "publicly expose ADR's practices," including to "current or potential clients."  Joint Meet & Confer Report, ECF No. 22, at 7.   "Mere warnings by a party of its intention to assert nonfrivolous claims, with predictions of those claims' likely public reception, are not improper."  *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995).  Additionally, Defendant has not alleged—much less made a factual showing—that Plaintiff actually "directly contacted Defendant['s] clients or otherwise interfered with [its] business[]."  *Chandler*, 2020 WL 5593905, at *4; *see also Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 80–81 (2d Cir. 2000) (reversing the district court's finding that, where "at least some of [the plaintiff's] claims were colorable," plaintiff's counsel's "threat[] to interfere with the Firm's other clients provide[d] a basis for sanctions" in part because counsel never directly contacted the clients (cleaned up)).   In short, Defendant has not shown that Plaintiff's "references to potentially embarrassing litigation" are anything more than "part of a larger endeavor to obtain recompense for a perceived wrong."  *Chandler*, 2020 WL 5593905, at *4 (internal quotation marks omitted) (quoting *Bouveng v. NYG Cap. LLC*, 175 F. Supp. 3d 280, 324–25 (S.D.N.Y. 2016)).

Finally, Defendant argues that Plaintiff engaged in "abusive litigation tactics" and made "[m]aterial [m]isrepresentations" to the court.  Def.'s Mem. at 8.   The court understands Defendant's motion to call for sanctions against Plaintiff for filing this suit in the first instance.

---

[2] Indeed, several circuits have interpreted Rule 11 to prohibit sanctioning a person for filing a complaint that raises non-frivolous claims, even if "one of [the plaintiff's] multiple purposes in seeking that relief may have been improper." *See Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *see also Townsend*, 929 F.2d at 1362; *Nat'l Ass'n of Gov't Emps, Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 224 (5th Cir. 1988); *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir. 1988).

*See* Def.'s Mot. ¶ 1 ("Plaintiff's Complaint was devoid of factual and legal merit *from the outset*" (emphasis added)): *id.* ¶ 2 (discussing Plaintiff's awareness of lack of merit "before *the filing of the instant Complaint*" (emphasis added)); *id.* ¶ 3 (discussing Plaintiff's apparent motive for initiating the litigation).   Defendant does not explain how Plaintiff's aggressive tactics *during litigation* support an improper purpose *for bringing this action*.

Nor will the court impose sanctions based on Plaintiff's alleged "[m]isrepresentations." Def.'s Mem. at 8.  Defendant claims that "Plaintiff . . . tried to hide . . . from [the] Court (and counsel) that he had an unredacted" version of the Report as early as April 25, 2017—contrary to his "prior repeated representations" that "he did not have an unredacted Climate Assessment until October 2017."  Def.'s Mem. at 8–9.  If Plaintiff had been forthcoming, Defendant argues, "this case would have been dismissed back in 2019."  Def.'s Mem. at 9.  But the evidence, viewed favorably to Plaintiff, can be construed to support his contention that the copy of the unredacted Report he received in April 2017 went undiscovered until months later.  *See* Pl.'s Resp. in Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 90 [hereinafter Pl.'s MSJ Opp'n], at 7; Pl.'s MSJ Opp'n, Ex. C, ECF No. 90-5, at 1 (demonstrating the volume of materials Plaintiff received in April 2017 in response to his complaints of discrimination and retaliation); Pl.'s MSJ Opp'n, Decl. of Joey D. Gonzalez Ramos in Supp. of Pl.'s Opp'n, ECF No. 90-2 [hereinafter Gonzalez Ramos Decl.], ¶ 8 ("On February 10, 2018, I discovered a[n] unredacted copy of the Climate Assessment in a report of investigation for two unrelated claims of discrimination.").  After all, if Plaintiff actually knew in April 2017 that he possessed an unredacted version of the Report, why would he have filed and pursued a Freedom of Information Act ("FOIA") request for the Report in the summer of 2017, as he did?  *See* Gonzalez Ramos Decl. ¶ 7.  The more plausible explanation is that he pursued the FOIA request because he did not realize that he already possessed the Report. Therefore, the court declines to impose sanctions for making misrepresentations.

### III.

In sum, Defendants have not shown that the Complaint was filed for an improper purpose or without factual or legal merit.  Accordingly, Defendant's motion for sanctions, ECF No. 87, is denied.

This is a final, appealable order.

Dated:  September 29, 2021

_____
Amit P. Mehta
United States District Judge