# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18−cv−01690−APM</u>

GONZALEZ RAMOS v. ADR VANTAGE, INC.
Assigned to: Judge Amit P. Mehta
Cause: 28:1332 Diversity−Libel,Assault,Slander

Date Filed: 07/18/2018
Date Terminated: 09/29/2021
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**JOEY D. GONZALEZ RAMOS**          represented by **JOEY D. GONZALEZ RAMOS**
1076 Northwest 126 Court
Miami, FL 33182
(305) 720−3114
Email: <u>joey@joeygonzalezlaw.com</u>
PRO SE

V.

**Defendant**

**ADR VANTAGE, INC.**          represented by **John J. Murphy , III**
WALKER , MURPHY & NELSON, LLP
9210 Corporate Boulevard
Suite 320
Rockville, MD 20850
(301) 519−9150
Fax: (301) 519−9152
Email: <u>jmurphy@walkermurphy.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Dwyer**
BONNER, KIERNAN, TREBACH & CROCIATA, LLP
1233 20th St NW
Ste 8th Floor
Washington, DC 20036
202−712−7000
Fax: 202−712−7100
Email: <u>adwyer@bonnerkiernan.com</u>
*TERMINATED: 01/17/2019*

**Intervenor**

**DEPARTMENT OF AGRICULTURE**          represented by **John Cuong Truong**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

555 Fourth Street, NW
Washington, DC 20530
(202) 252−2524
Fax: (202) 252−2599
Email: john.truong@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non−Party Respondent**

RAYMOND SCHNELL      represented by   **John Cuong Truong**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/18/2018 | 1 | | COMPLAINT against ADR VANTAGE, INC. ( Filing fee $ 400, receipt number 4616093686) with Jury Demand filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Text of Proposed Order)(jf) (Entered: 07/24/2018) |
| 07/18/2018 | | | Summons (1) Issued as to ADR VANTAGE, INC. (jf) (Entered: 07/24/2018) |
| 08/09/2018 | 2 | | MOTION for CM/ECF Password by JOEY D. GONZALEZ RAMOS (jf) (Entered: 08/14/2018) |
| 08/15/2018 | | | MINUTE ORDER denying Plaintiff's 2 Motion for CM/ECF Password. Plaintiff's Motion is denied without prejudice. The court directs Plaintiff to the specific requirements set forth in Local Civil Rule 5.4(b)(2). Signed by Judge Amit P. Mehta on 08/15/2018. (lcapm1) (Entered: 08/15/2018) |
| 08/24/2018 | 3 | | ENTERED IN ERROR.....ANSWER to Complaint with Jury Demand by ADR VANTAGE, INC..(Dwyer, Anthony) Modified on 8/24/2018 (jf). (Entered: 08/24/2018) |
| 08/24/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 3 Answer to Complaint was entered in error at the request of counsel and will not be refiled.(jf) (Entered: 08/24/2018) |
| 08/27/2018 | 6 | | MOTION for CM/ECF Password by JOEY D. GONZALEZ RAMOS (jf) (Entered: 08/31/2018) |
| 08/28/2018 | 4 | | MOTION to Dismiss by ADR VANTAGE, INC. (Attachments: # 1 Memorandum in Support Memorandum Regarding Motion to Dismiss, # 2 Exhibit Index and Exhibits to Memorandum, # 3 Text of Proposed Order Order Regarding Motion to Dismiss)(Dwyer, Anthony) (Entered: 08/28/2018) |
| 08/29/2018 | 5 | | ORDER advising Plaintiff to respond by September 28, 2018, to Defendant's 4 Motion to Dismiss or risk dismissal of the case. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 08/29/2018. (lcapm1) (Entered: 08/29/2018) |
| 08/29/2018 | | | Set/Reset Deadlines: Plaintiff's Response to Defendant's Motion to Dismiss due by 9/28/2018. (kh) (Entered: 08/29/2018) |

| | | | |
|---|---|---|---|
| 08/31/2018 | | | MINUTE ORDER granting Plaintiff's 6 Motion for CM/ECF User Name and Password. Signed by Judge Amit P. Mehta on 08/31/2018. (lcapm1) (Entered: 08/31/2018) |
| 09/04/2018 | 7 | | ENTERED IN ERROR.....MOTION for CM/ECF Password by JOEY D. GONZALEZ RAMOS (jf) Modified on 9/11/2018 (jf). (Entered: 09/07/2018) |
| 09/11/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 7 MOTION for CM/ECF Password was entered in error as a duplicate entry to 6 .(jf) (Entered: 09/11/2018) |
| 09/26/2018 | 8 | | RESPONSE re 4 MOTION to Dismiss filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit Exhibit Index and Exhibits)(GONZALEZ RAMOS, JOEY) (Entered: 09/26/2018) |
| 10/19/2018 | 9 | | RULE 26a1 STATEMENT. (Dwyer, Anthony) (Entered: 10/19/2018) |
| 10/24/2018 | 10 | | CERTIFICATE OF SERVICE by ADR VANTAGE, INC. *Response to Request for Admissions*. (Dwyer, Anthony) (Entered: 10/24/2018) |
| 10/26/2018 | | | NOTICE OF ERROR re 10 Certificate of Service; emailed to anthony.dwyer@cna.com, cc'd 1 associated attorneys −− The PDF file you docketed contained errors: 1. Do not file Discovery (LcvR 5.2) (zjf, ) (Entered: 10/26/2018) |
| 11/25/2018 | 11 | | MOTION to Compel *Discovery* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) (Entered: 11/25/2018) |
| 11/26/2018 | 12 | | MOTION for Protective Order by ADR VANTAGE, INC. (Attachments: # 1 Exhibit Proposal, # 2 Exhibit Climate Assessment)(Dwyer, Anthony) (Entered: 11/26/2018) |
| 11/26/2018 | | | MINUTE ORDER denying without prejudice Plaintiff's 11 Motion to Compel and Defendant's 12 Motion for Protective Order. The parties' discovery dispute is premature. Parties are "not entitled to discovery before the court rule[s] on [a] motion to dismiss." Herron v. Fannie Mae, 861 F.3d 160, 173 (D.C. Cir. 2017). In this matter, the court has yet to resolve Defendant's Motion to Dismiss, which became ripe on October 3, 2018, after Defendant did not file a reply brief. Accordingly, the parties' discovery dispute must await resolution of Defendant's Motion to Dismiss and thus their motions concerning discovery are denied without prejudice. Signed by Judge Amit P. Mehta on 11/26/2018. (lcapm1) (Entered: 11/26/2018) |
| 12/19/2018 | 13 | | ORDER denying 4 Defendant's Motion to Dismiss. See attached Order for additional details. Signed by Judge Amit P. Mehta on 12/19/2018. (lcapm3) (Entered: 12/19/2018) |
| 01/03/2019 | 14 | | REPLY to opposition to motion re 12 MOTION for Protective Order filed by JOEY D. GONZALEZ RAMOS. (GONZALEZ RAMOS, JOEY) (Entered: 01/03/2019) |
| 01/04/2019 | | | NOTICE OF ERROR re 14 Reply to opposition to Motion; emailed to joey@joeygonzalezlaw.com, cc'd 1 associated attorneys −− The PDF file you docketed contained errors: 1. Two−part docket entry, 2. Please refile document, 3. Same document(s) using (Entered: 01/04/2019) |

| 01/06/2019 | 15 | | MOTION to Compel *Discovery* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(GONZALEZ RAMOS, JOEY) Modified event title on 1/7/2019 (znmw). (Entered: 01/06/2019) |
|---|---|---|---|
| 01/06/2019 | 18 | | Memorandum in opposition to re 12 MOTION for Protective Order filed by JOEY D. GONZALEZ RAMOS. (See Docket Entry 15 to view document). (znmw) (Entered: 01/10/2019) |
| 01/07/2019 | | | MINUTE ORDER denying 15 Plaintiff's Renewed Motion to Compel Discovery. The court issued an Order denying Defendant's motion to dismiss on December 19, 2018. The deadline for Defendant's Answer was January 2, 2019, and is now past due. See Fed. R. Civ. P. 12(a)(4)(A) (providing that a responsive pleading must be filed within 14 days after notice of the court's denial of a motion). Defendant shall file its Answer no later than January 10, 2019, or risk entry of default in this matter. Additionally, if Defendant files a timely response, the court will issue an Initial Scheduling Conference Order. See Fed. R. Civ. P. 26(f); LCvR 16.3. Discovery may not commence until the parties have met and conferred, as required under Rule 26(f) and Local Civil Rule 16.3. See Fed. R. Civ. P. 26(d)(1). Accordingly, Plaintiff's Renewed Motion to Compel Discovery is denied as premature. Signed by Judge Amit P. Mehta on 01/07/2019. (lcapm1) (Entered: 01/07/2019) |
| 01/07/2019 | | | Set/Reset Deadlines: Answer due by 1/10/2019. (zjd) (Entered: 01/07/2019) |
| 01/08/2019 | 16 | | ANSWER to 1 Complaint with Jury Demand by ADR VANTAGE, INC..(Dwyer, Anthony) (Entered: 01/08/2019) |
| 01/08/2019 | 17 | | ORDER setting an Initial Scheduling Conference for February 12, 2019, at 11:30 a.m. in Courtroom 10 before Judge Amit P. Mehta. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 01/08/2019. (lcapm1) (Entered: 01/08/2019) |
| 01/08/2019 | | | Set/Reset Hearings: Initial Scheduling Conference set for 2/12/2019 at 11:30 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 01/08/2019) |
| 01/17/2019 | 19 | | NOTICE OF SUBSTITUTION OF COUNSEL by John J. Murphy, III on behalf of ADR VANTAGE, INC. Substituting for attorney Anthony Dwyer, Esq. (Murphy, John) (Entered: 01/17/2019) |
| 01/28/2019 | 20 | | Unopposed MOTION for Leave to Appear by Telephone *at February 12, 2019 Scheduling Conference* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) (Entered: 01/28/2019) |
| 01/28/2019 | | | MINUTE ORDER granting 20 Plaintiff's Unopposed Motion for Leave to Appear by Telephone. Plaintiff Gonzalez Ramos may appear telephonically for the InitialScheduling Conference scheduled for February 12, 2019, at 11:30 a.m. in Courtroom 10 before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 01/28/2019. (lcapm1) (Entered: 01/28/2019) |
| 01/29/2019 | 21 | | Consent MOTION for Leave to Appear by Telephone *at Scheduling Conference* by ADR VANTAGE, INC. (Murphy, John) (Entered: 01/29/2019) |
| 01/29/2019 | | | MINUTE ORDER granting 21 Defendant's Consent Motion for Leave to Appear by Telephone. Defendant ADR Vantage, Inc.'s counsel may appear telephonically for the Initial Scheduling Conference scheduled for February 12, 2019, at 11:30 a.m. in Courtroom 10 before Judge Amit P. Mehta. Signed by |

| | | | |
|---|---|---|---|
| | | | Judge Amit P. Mehta on 01/29/2019. (lcapm1) (Entered: 01/29/2019) |
| 02/04/2019 | 22 | | MEET AND CONFER STATEMENT. (GONZALEZ RAMOS, JOEY) (Entered: 02/04/2019) |
| 02/12/2019 | | | Minute Entry for proceedings held before Judge Amit P. Mehta: Initial Scheduling Conference held on 2/12/2019. Defendant's Oral Motion for leave to file amended answer was heard and granted. Joint Status Report due by 5/13/2019. Proponent Expert Reports and Disclosures due by 6/6/2019. Rebuttal Expert Reports due by 7/9/2019. Discovery shall conclude 8/12/2019. Post−Discovery Status Conference set for 8/16/2019 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 02/20/2019) |
| 02/14/2019 | 23 | | ORDER setting the following schedule for further proceedings in this matter: the parties shall submit a Joint Status Report regarding the status of discovery on or before May 13, 2019; the parties shall provide any proponent expert reports and disclosures, consistent with Rule 26(a)(2), on or before June 6, 2019; the parties shall provide any rebuttal expert reports and disclosures, consistent with Rule 26(a)(2), on or before July 9, 2019; discovery shall conclude on August 12, 2019; and a Post−Discovery Status Conference is set for August 16, 2019, at 10:00 a.m. in Courtroom 10. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 02/14/2019. (lcapm1) (Entered: 02/14/2019) |
| 02/19/2019 | 24 | | Amended ANSWER to 1 Complaint by ADR VANTAGE, INC..(Murphy, John) (Entered: 02/19/2019) |
| 03/18/2019 | | | MINUTE ORDER granting leave to Plaintiff Gonzalez Ramos to issue a subpoena as to the deposition of Raymond Schnell. The clerk of court shall issue Plaintiff's subpoena as to Raymond Schnell. Signed by Judge Amit P. Mehta on 03/18/2019. (lcapm1) (Entered: 03/18/2019) |
| 03/21/2019 | | | SUBPOENA (2) issued to Raymond Schnell re MINUTE ORDER issued on 03/18/2019 (jf) (Entered: 03/21/2019) |
| 04/15/2019 | 25 | | MOTION to Compel *Discovery Responses To Plaintiff's Discovery* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(GONZALEZ RAMOS, JOEY) (Entered: 04/15/2019) |
| 04/18/2019 | | | MINUTE ORDER denying without prejudice Plaintiff's Motion to Compel Discovery Responses. Plaintiff has not sought leave of court to file a discovery motion consistent with the procedures set forth in the scheduling order dated February 14, 2019, ECF No. 23. Plaintiff must first telephonically contact chambers with defense counsel to attempt to resolve the discovery matter. Signed by Judge Amit P. Mehta on 04/18/2019. (lcapm1) (Entered: 04/18/2019) |
| 04/22/2019 | 26 | | MOTION to Quash *or Modify Plaintiff's Subpoena for Deposition Testimony* by Raymond Schnell (Attachments: # 1 Govt A, # 2 Govt B, # 3 Govt C, # 4 Govt D)(Truong, John). Added MOTION to Modify on 4/23/2019 (tth). (Entered: 04/22/2019) |
| 04/23/2019 | 27 | | RESPONSE re 26 MOTION to Quash *or Modify Plaintiff's Subpoena for Deposition Testimony* filed by JOEY D. GONZALEZ RAMOS. (GONZALEZ |

| | | | |
|---|---|---|---|
| | | | RAMOS, JOEY) (Entered: 04/23/2019) |
| 04/23/2019 | | | MINUTE ORDER. The parties shall appear for a telephonic hearing on the pending Motion to Quash or Modify at 4:00 pm on April 23, 2019. Signed by Judge Amit P. Mehta on 04/23/2019. (lcapm1) (Entered: 04/23/2019) |
| 04/23/2019 | | | Set/Reset Hearings: Telephone Conference set for 4/23/2019 at 4:00 PM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 04/23/2019) |
| 04/23/2019 | | | Minute Entry for proceedings held before Judge Amit P. Mehta: Telephone Conference held on 4/23/2019. Oppositions due by 5/13/2019. (Court Reporter: William Zaremba) (zjd) (Entered: 04/24/2019) |
| 04/24/2019 | 28 | | NOTICE *of Third−Party Dr. Raymond Schnell's Supplemental Response* by Raymond Schnell re 26 MOTION to Quash *or Modify Plaintiff's Subpoena for Deposition Testimony* MOTION to Modify (Attachments: # 1 Declaration Archie Tucker)(Truong, John) (Entered: 04/24/2019) |
| 04/24/2019 | 29 | | ORDER granting Defendant's 26 Motion to Quash or Modify Plaintiff's Subpoena for Deposition Testimony. See attached Order for additional details. Signed by Judge Amit P. Mehta on 4/24/2019. (lcapm2) (Entered: 04/24/2019) |
| 05/10/2019 | 30 | | Unopposed MOTION to Intervene *for Limited Purposes of Discovery* by DEPARTMENT OF AGRICULTURE (Attachments: # 1 Memorandum in Support, # 2 Declaration of Archie Tucker)(Truong, John) (Entered: 05/10/2019) |
| 05/11/2019 | 31 | | MOTION for Leave to File *Responses to Government's Discovery Objections* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − Emails between Truong and Plaintiff)(GONZALEZ RAMOS, JOEY) (Entered: 05/11/2019) |
| 05/13/2019 | 32 | | RESPONSE re 25 MOTION to Compel *Discovery Responses To Plaintiff's Discovery Opposition to Plaintiff's Motion to Compel* filed by ADR VANTAGE, INC.. (Murphy, John) (Entered: 05/13/2019) |
| 05/13/2019 | 33 | | Joint STATUS REPORT *Regarding Discovery* by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− Emails regarding "IT Assessment")(GONZALEZ RAMOS, JOEY) (Entered: 05/13/2019) |
| 05/17/2019 | | | MINUTE ORDER granting United States Department of Agriculture's 30 Unopposed Motion to Intervene. Signed by Judge Amit P. Mehta on 05/17/2019. (lcapm1) (Entered: 05/17/2019) |
| 05/17/2019 | | | MINUTE ORDER denying without prejudice Plaintiff's Motion for Leave of Court to File Response to the Government's Objections to Discovery, ECF No. 31. The court has done no more than grant the government's motion to intervene to raise objections to requested discovery. There is no discovery motion from the government presently before the court, so it would be premature to grant leave to oppose a motion not yet filed. Signed by Judge Amit P. Mehta on 05/17/2019. (lcapm1) (Entered: 05/17/2019) |
| 05/17/2019 | | | MINUTE ORDER. The court has reviewed the parties' lengthy Joint Status Report Regarding Discovery, ECF No. 33, which raises a raft of potential discovery conflicts. The parties are reminded that they must meet and confer in good faith before presenting any discovery dispute to the court. The court also |

| | | | |
|---|---|---|---|
| | | | will not hesitate to award fees or costs or sanction a non−cooperating party, if doing so becomes necessary. Signed by Judge Amit P. Mehta on 05/17/2019. (lcapm1) (Entered: 05/17/2019) |
| 06/02/2019 | 34 | | Memorandum in opposition to re 25 MOTION to Compel *Discovery Responses To Plaintiff's Discovery* filed by DEPARTMENT OF AGRICULTURE. (Truong, John) (Entered: 06/02/2019) |
| 06/05/2019 | 35 | | Second MOTION for Leave to File *Responses to Government's Discovery Objections* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Text of Proposed Order Proposed Order to Plaintiff's Motion for Leave)(GONZALEZ RAMOS, JOEY) (Entered: 06/05/2019) |
| 06/18/2019 | | | MINUTE ORDER denying 35 Plaintiff's Second Motion for Leave of Court to File Responses to Government's Discovery Objections. During an April 23, 2019, telephonic hearing, the court treated as properly filed Plaintiff's Motion to Compel and ordered Defendant ADR Vantage, Inc. to file a response by May 13, 2019. It did so. See ECF No. 32. Meanwhile, the court granted the U.S. Department Agriculture's (USDA) motion to intervene for the limited purpose of raising objections to Plaintiff's discovery demands. See Minute Order, May 17, 2019. The USDA filed an opposition to Plaintiff's Motion to Compel on June 2, 2019. See ECF No. 34. Plaintiff's Second Motion asks leave "to file a response to the Government's Opposition." Plaintiff's Second Mot. at 2. But Plaintiff does not need leave of court to file a reply brief. The Civil Local Rules allow a moving party to file a reply brief within seven days after filing of an opposition brief. See LCvR 7(d). Those seven days have now passed. Plaintiff's Motion to Compel is therefore ripe for decision. If Plaintiff still wishes to file a reply brief, he must do so through a motion to late−file his brief. Signed by Judge Amit P. Mehta on 06/18/2019. (lcapm1) (Entered: 06/18/2019) |
| 06/18/2019 | 36 | | NOTICE *of Errata* by DEPARTMENT OF AGRICULTURE (Truong, John) (Entered: 06/18/2019) |
| 06/19/2019 | 37 | | MOTION for Leave to File *LATE−FILE REPLY TO THE USDAS OPPOSITION TO PLAINTIFFS MOTION TO COMPEL* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Text of Proposed Order Proposed Order)(GONZALEZ RAMOS, JOEY) (Entered: 06/19/2019) |
| 06/19/2019 | | | MINUTE ORDER granting 37 Plaintiff's Motion for Leave to Late−File Reply to the USDA's Opposition to Plaintiff's Motion to Compel. Plaintiff shall file his Reply on or before July 3, 2019. Signed by Judge Amit P. Mehta on 06/19/2019. (lcapm1) (Entered: 06/19/2019) |
| 06/19/2019 | | | Set/Reset Deadlines: Plaintiff's Reply due by 7/3/2019. (zjd) (Entered: 06/24/2019) |
| 07/03/2019 | 38 | | REPLY to opposition to motion re 25 MOTION to Compel *Discovery Responses To Plaintiff's Discovery* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− Affidavit Joey Gonzalez Ramos, # 2 Exhibit B− Data Preservation Letter, # 3 Exhibit C− Emails USDA and ADR, # 4 Exhibit D− Deposition Exhibit, # 5 Exhibit E− Plaintiff's Sworn Statements to OIG, # 6 Exhibit F− USDA Anti−Harassment)(GONZALEZ RAMOS, JOEY) (Entered: 07/03/2019) |
| 07/15/2019 | 39 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Extension of Time to Complete Discovery by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − ADR's Response to Admissions)(GONZALEZ RAMOS, JOEY) (Entered: 07/15/2019) |
| 07/19/2019 | 40 | | RESPONSE re 39 MOTION for Extension of Time to Complete Discovery *Defendant's Opposition to Plaintiff's Motion to Extend Discovery* filed by ADR VANTAGE, INC.. (Murphy, John) (Entered: 07/19/2019) |
| 07/20/2019 | 41 | | REPLY to opposition to motion re 39 MOTION for Extension of Time to Complete Discovery filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− Emails between ADR and Plaintiff, # 2 Exhibit B− ADR subpoena USDA, # 3 Exhibit C− Responses to plaintiff request for admission, # 4 Exhibit D− ADR counsel as witness)(GONZALEZ RAMOS, JOEY) (Entered: 07/20/2019) |
| 07/25/2019 | | | MINUTE ORDER. USDA shall produce for in camera review, on or before August 5, 2019, all documents withheld based on either the attorney−client privilege or deliberative process privilege, as well as a privilege log for those records. Additionally, on or before August 5, 2019, USDA shall respond to Plaintiff's argument that the asserted deliberative process privilege is waived with respect to those USDA employees who previously identified and acknowledged statements made to ADR Vantage about Plaintiff. See Pl.'s Reply, ECF No. 38, at 9−10. Also, on or before August 5, 2019, Plaintiff shall submit to the court any deposition excerpts that he asserts demonstrate waiver of the deliberative process privilege. Finally, the court hereby stays discovery in this matter until it resolves Plaintiff's Motion to Compel. Signed by Judge Amit P. Mehta on 7/25/2019. (lcapm1) (Entered: 07/25/2019) |
| 07/25/2019 | | | Set/Reset Deadlines: USDA's In−Camera Submission due by 8/5/2019. USDA's Response due by 8/5/2019. Plaintiff's Deposition Excerpts due by 8/5/2019. (zjd) (Entered: 07/26/2019) |
| 08/01/2019 | 42 | | NOTICE *OF COMPLIANCE WITH COURT ORDER* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) (Entered: 08/01/2019) |
| 08/05/2019 | 43 | | RESPONSE TO ORDER OF THE COURT re Order on Motion for Extension of Time to Complete Discovery,,, filed by DEPARTMENT OF AGRICULTURE. (Truong, John) (Entered: 08/05/2019) |
| 08/07/2019 | | | Notice of Hearing: The Post−Discovery Conference scheduled for 8/16/2019 has been vacated. (zjd) (Entered: 08/07/2019) |
| 08/12/2019 | 44 | | REPLY to opposition to motion re 39 MOTION for Extension of Time to Complete Discovery filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− MSPB − Response to Agency's Narrative, # 2 Exhibit B− MSPB − Notices of Deposition, # 3 Exhibit C− MSPB − Discovery, # 4 Exhibit D− MSPB − Motion to Compel, # 5 Exhibit E− MSPB − USDA's response motion to compel, # 6 Exhibit F− MSPB − USDA's Motion to Quash)(GONZALEZ RAMOS, JOEY) (Entered: 08/12/2019) |
| 08/27/2019 | 45 | | NOTICE *of Compliance of the Court's July 25, 2019 Order* by DEPARTMENT OF AGRICULTURE (Truong, John) (Entered: 08/27/2019) |
| 01/26/2020 | 46 | | MEMORANDUM OPINION AND ORDER granting in part and denying in part Plaintiff's 25 Motion to Compel Responses to Plaintiff's Discovery. The |

| | | | |
|---|---|---|---|
| | | | stay in this matter is hereby lifted. The parties and USDA shall meet and confer and, by February 3, 2020, file a proposed schedule for completing discovery. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 1/26/2020. (lcapm1) (Entered: 01/26/2020) |
| 01/26/2020 | | | Set/Reset Deadlines: Proposed Schedule due by 2/3/2020. (zjd) (Entered: 01/27/2020) |
| 01/29/2020 | 47 | | Joint MOTION for Extension of Time to File *Proposed Schedule to Complete Discovery* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Text of Proposed Order Proposed Order)(GONZALEZ RAMOS, JOEY) (Entered: 01/29/2020) |
| 01/29/2020 | | | MINUTE ORDER granting 47 Motion for Extension of Time to File. The parties shall file a proposed schedule for completing discovery by February 5, 2020. Signed by Judge Amit P. Mehta on 1/29/2020. (lcapm1) (Entered: 01/29/2020) |
| 01/29/2020 | | | Set/Reset Deadlines: Proposed Schedule due by 2/5/2020. (zjd) (Entered: 01/30/2020) |
| 02/06/2020 | 48 | | Joint STATUS REPORT *of Proposed Schedule to Complete Discovery* by JOEY D. GONZALEZ RAMOS. (GONZALEZ RAMOS, JOEY) (Entered: 02/06/2020) |
| 02/06/2020 | | | MINUTE ORDER. The parties shall submit a Joint Status Report by March 9, 2020, which apprises the court on the status of any outstanding discovery issues. Signed by Judge Amit P. Mehta on 2/6/2020. (lcapm1) (Entered: 02/06/2020) |
| 02/06/2020 | | | Set/Reset Deadlines: Joint Status Report due by 3/9/2020. (zjd) (Entered: 02/07/2020) |
| 02/07/2020 | 49 | | MOTION for Order *To Exceed Numerical Limitation of Plaintiff's Interrogatories to Defendant* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A− Responses to Plaintiff's Request for Admissions)(GONZALEZ RAMOS, JOEY) (Entered: 02/07/2020) |
| 02/13/2020 | 50 | | RESPONSE re 49 MOTION for Order *To Exceed Numerical Limitation of Plaintiff's Interrogatories to Defendant* filed by ADR VANTAGE, INC.. (Murphy, John) (Entered: 02/13/2020) |
| 02/19/2020 | 51 | | MOTION for Sanctions *for Spoliation of Evidence* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − ADR Questionnaire, # 2 Exhibit B − Data Preservation Letter, # 3 Exhibit C − Affidavit of Joey D. Gonzalez Ramos, # 4 Exhibit D− Email to ADR about Spoliation, # 5 Exhibit E− ADR first response to interrogatories, # 6 Exhibit F − May 9, 2019 email from ADR, # 7 Exhibit G − ADR second response to interrogatories, # 8 Exhibit H − ADR response to admissions, # 9 Exhibit I − JUne 4, 2019 email from ADR, # 10 Exhibit J − USDA Regulation)(GONZALEZ RAMOS, JOEY) (Entered: 02/19/2020) |
| 02/20/2020 | 52 | | REPLY to opposition to motion re 49 MOTION for Order *To Exceed Numerical Limitation of Plaintiff's Interrogatories to Defendant* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A−ADR's Supplemental Responses)(GONZALEZ RAMOS, JOEY) (Entered: 02/20/2020) |

| | | | |
|---|---|---|---|
| 02/24/2020 | 53 | | MOTION for Contempt by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A− Affidavit of Joey Gonzalez Ramos, # 2 Exhibit B− Plaintiff's email suggesting ADR court intervention, # 3 Exhibit C− Last emails to ADR suggesting court intervention, # 4 Exhibit D− ADR's supplemental answers, # 5 Exhibit E− Email to ADR informing of protective order, # 6 Exhibit F− ADR's subpoena to USDA for MSPB's deposition transcripts, # 7 Exhibit G− ADR's unverified responses, # 8 Exhibit H− Google Map USDA in Miami)(GONZALEZ RAMOS, JOEY) Modified on 3/2/2020 to correct docket text/event (eg). (Entered: 02/24/2020) |
| 02/25/2020 | | | MINUTE ORDER denying Plaintiff's 49 Motion to Exceed Numerical Limitations of Plaintiff's Interrogatories to Defendant. Plaintiff seeks to serve an additional eleven interrogatories on Defendant to elicit information concerning purportedly destroyed notes of interviews of USDA employees. Plaintiff's motion is denied because he has not shown that he will be unable to obtain the information he seeks from upcoming depositions, including of Defendant's President. See Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff's 51 request for sanctions for spoliation of evidence is denied. Signed by Judge Amit P. Mehta on 2/25/2020. (lcapm1) (Entered: 02/25/2020) |
| 02/27/2020 | | | MINUTE ORDER denying without prejudice Plaintiff's 53 Motion for Contempt. The scheduling Order in this matter clearly states that "[t]he parties may not file a discovery motion without leave of court" and instead must first meet and confer and, only if such effort fails, jointly contact chambers to raise the issue with the court. Order, ECF No. 23, at 2. Plaintiff raises a discovery dispute in his Motion for Contempt yet he did not comply with court−ordered procedure for raising such disputes. His Motion is therefore denied. Signed by Judge Amit P. Mehta on 2/27/2020. (lcapm1) (Entered: 02/27/2020) |
| 03/09/2020 | 54 | | Joint STATUS REPORT *REGARDING OUTSTANDING DISCOVERY ISSUES* by JOEY D. GONZALEZ RAMOS. (GONZALEZ RAMOS, JOEY) (Entered: 03/09/2020) |
| 03/13/2020 | 55 | | MOTION for Summary Judgment by ADR VANTAGE, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit)(Murphy, John) (Entered: 03/13/2020) |
| 03/13/2020 | 56 | | ORDER advising Plaintiff to respond by April 13, 2020, to Defendant ADR Vantage, Inc.'s 55 Motion for Summary Judgment or risk the court entering a judgment in Defendant's favor. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/13/2020. (lcapm1) (Entered: 03/13/2020) |
| 03/13/2020 | | | Set/Reset Deadlines: Plaintiff's Opposition due by 4/13/2020. (zjd) (Entered: 03/17/2020) |
| 03/17/2020 | 57 | | ORDER. Please see the attached Standing Order No. 20−9, signed by Chief Judge Howell, In Re: Court Operations in Exigent Circumstances Created by the COVID−19 Pandemic. (lcapm1) (Entered: 03/17/2020) |
| 03/17/2020 | | | MINUTE ORDER. Notwithstanding Standing Order 20−9, the conference call set for March 23, 2020, to discuss a discovery issue shall proceed as scheduled. Signed by Judge Amit P. Mehta on 3/17/2020. (lcapm1) (Entered: 03/17/2020) |
| 03/24/2020 | 58 | | ORDER addressing outstanding discovery issues in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 3/24/2020. (lcapm1) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/24/2020) |
| 03/24/2020 | | | Set/Reset Deadlines: Plaintiff's Motion to Depose USDA Employees due by 3/30/2020. Joint Status Report due by 4/7/2020. (zjd) (Entered: 03/24/2020) |
| 03/30/2020 | 59 | | Memorandum in opposition to re 55 MOTION for Summary Judgment filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Affidavit Affidavit of Joey D. Gonzalez Ramos, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(GONZALEZ RAMOS, JOEY) (Entered: 03/31/2020) |
| 03/31/2020 | 60 | | ERRATA by JOEY D. GONZALEZ RAMOS re 59 Memorandum in Opposition, (Attachments: # 1 Exhibit C)(GONZALEZ RAMOS, JOEY) Modified event title on 4/2/2020 (znmw). (Entered: 03/31/2020) |
| 04/03/2020 | 61 | | REPLY to opposition to motion re 55 MOTION for Summary Judgment filed by ADR VANTAGE, INC.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Murphy, John) (Entered: 04/03/2020) |
| 04/03/2020 | 62 | | MOTION for Sanctions *Rule 11* by ADR VANTAGE, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit)(Murphy, John) (Entered: 04/03/2020) |
| 04/08/2020 | 63 | | Joint STATUS REPORT by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A − Emails between Plaintiff and ADR, # 2 Exhibit B − Joseph Caruso's CV, # 3 Exhibit C − Signed Agreement, # 4 Exhibit D − Emails between Plaintiff and USDA, # 5 Exhibit E − USDA's email to Plaintiff regarding OIG's communication)(GONZALEZ RAMOS, JOEY) (Entered: 04/08/2020) |
| 04/13/2020 | 64 | | MOTION for Extension of Time to File Response/Reply *to Defendant's Motion for Summary Judgment* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) (Entered: 04/13/2020) |
| 04/15/2020 | 65 | | ORDER granting 64 Motion for Extension of Time to File Response/Reply. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, ECF No. 55, shall be due on May 13, 2020. Defendant's reply shall be due by May 22, 2020. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/15/2020. (Entered: 04/15/2020) |
| 04/15/2020 | | | Set/Reset Deadlines: Opposition due by 5/13/2020. Reply due by 5/22/2020. (zjd) (Entered: 04/16/2020) |
| 05/13/2020 | 66 | | Memorandum in opposition to re 55 MOTION for Summary Judgment filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A − Plaintiff's affidavit, # 2 Exhibit B − Plaintiff's 2016, # 3 Exhibit C − Emails, # 4 Exhibit D − Ramsey's arrest documentation, # 5 Exhibit E − Climate Assessment related docs, # 6 Exhibit F − ADR's deposition, # 7 Exhibit G − ADR's discovery responses, # 8 Exhibit H − Affidavit Tucker and Lipsey, # 9 Exhibit I − USDA regulations)(GONZALEZ RAMOS, JOEY) Modified docket event/text on 5/14/2020 (eg). (Entered: 05/13/2020) |
| 05/14/2020 | 67 | | MOTION for Protective Order *Regarding Forensic Computer Examination* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) Modified docket event/text on 5/15/2020 (eg). (Entered: 05/14/2020) |

| | | | |
|---|---|---|---|
| 05/15/2020 | 68 | | ORDER entering 67 Protective Order Regarding Forensic Computer Examination. See the attached Order for additional detail. Signed by Judge Amit P. Mehta on 5/15/2020. (lcapm1) (Entered: 05/15/2020) |
| 05/21/2020 | 69 | | REPLY to opposition to motion re 55 MOTION for Summary Judgment *Reply to Plaintiffs Opposition* filed by ADR VANTAGE, INC.. (Attachments: # 1 Exhibit)(Murphy, John) (Entered: 05/21/2020) |
| 05/22/2020 | 70 | | MOTION for Leave to File *Surreply and Exhibit* by JOEY D. GONZALEZ RAMOS (GONZALEZ RAMOS, JOEY) (Entered: 05/22/2020) |
| 05/26/2020 | 71 | | RESPONSE re 70 MOTION for Leave to File *Surreply and Exhibit* filed by ADR VANTAGE, INC.. (Murphy, John) (Entered: 05/26/2020) |
| 05/27/2020 | 72 | | REPLY re 71 Response to motion filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A−Plaintiff's deposition excerpt)(GONZALEZ RAMOS, JOEY) Modified docket text/added docket link on 5/29/2020 (eg). (Entered: 05/27/2020) |
| 06/02/2020 | | | MINUTE ORDER granting 70 Motion for Leave to File Surreply and Additional Exhibit. Plaintiff's Surreply shall be no more than five double−spaced pages. Signed by Judge Amit P. Mehta on 6/2/2020. (lcapm1) (Entered: 06/02/2020) |
| 06/08/2020 | 73 | | SURREPLY to re 55 MOTION for Summary Judgment *and Defendant's Reply to Summary Judgment* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit J − Summary of EEO investigation, # 2 Exhibit K − ADR's Insurance Policy and Settlement testimony)(GONZALEZ RAMOS, JOEY) Modified to add link on 6/10/2020 (znmw). (Entered: 06/08/2020) |
| 07/30/2020 | 74 | | NOTICE *OF RESULTS OF FORENSIC ANALYSIS OF ADRS COMPUTERS AND REQUEST FOR EVIDENTIARY HEARING* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − Emails from ADR, # 2 Exhibit B − No response by ADR, # 3 Exhibit C − Hearing transcript 3−23−2020, # 4 Exhibit D − Report of Forensic Analysis, # 5 Exhibit E − ADR's Deposition excerpts, # 6 Exhibit F − Noncompliace)(GONZALEZ RAMOS, JOEY) (Entered: 07/30/2020) |
| 07/30/2020 | 75 | | MOTION for Evidentiary Hearing by JOEY D. GONZALEZ RAMOS. (View Docket Entry 74 to view document). (eg) (Entered: 07/30/2020) |
| 07/30/2020 | | | MINUTE ORDER denying 75 Plaintiff's request for an evidentiary hearing. Plaintiff offers no reason, other than speculation, to warrant holding an evidentiary hearing concerning the forensic analysis of ADR laptops. Signed by Judge Amit P. Mehta on 7/30/2020. (lcapm1) (Entered: 07/30/2020) |
| 12/01/2020 | 76 | | MOTION for Leave to File *Supplemental Response to ADR's Motion for Summary Judgment* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − Excerpt of Deposition of Clifford Ramsey)(GONZALEZ RAMOS, JOEY) (Entered: 12/01/2020) |
| 12/04/2020 | 77 | | Memorandum in opposition to re 76 MOTION for Leave to File *Supplemental Response to ADR's Motion for Summary Judgment* filed by ADR VANTAGE, INC.. (Murphy, John) Modified docket event/text on 12/7/2020 (eg). (Entered: 12/04/2020) |

| Date | No. | | Description |
|---|---|---|---|
| 12/07/2020 | 78 | | MEMORANDUM OPINION AND ORDER granting in part and denying in part Plaintiff's 59 Rule 56(d) Motion in Opposition to Defendant's Motion for Summary Judgment. The court denies without prejudice Defendant's 55 Motion for Summary Judgment and denies as moot Plaintiff's 76 Motion for Leave to File a Supplemental Memorandum. The court further denies without prejudice Defendant's 62 Motion for Rule 11 Sanctions. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 12/7/2020. (lcapm1) (Entered: 12/07/2020) |
| 12/07/2020 | | | Set/Reset Deadlines: Renewed Motion for Summary Judgment due by 2/26/2021. (zjd) (Entered: 12/08/2020) |
| 01/08/2021 | | | NOTICE of Hearing: Discovery Hearing set for 1/11/2021 at 10:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy has circulated dial−in information to counsel. Members of the public may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should only be used by non−participating parties.(zjd) (Entered: 01/08/2021) |
| 01/08/2021 | | | Set/Reset Hearings: Discovery Hearing reset to 1/11/2021 at 3:00 PM via teleconference before Judge Amit P. Mehta. (zjd) (Entered: 01/08/2021) |
| 01/11/2021 | 79 | | NOTICE *OF FILING DOCUMENTS REGARDING THE HEARING REQUESTED BY THE USDA AND SCHEDULED FOR JANUARY 11, 2021* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A − Email from AUSA Truong dated 2/5/20, re: depositions of USDAs witnesses., # 2 Exhibit B − Email to AUSA Truong dated 3/5/20, re: scope of Tuckers deposition., # 3 Exhibit C − Email from AUSA Truong dated 3/11/20, re: filing a protective order., # 4 Exhibit D − Email to AUSA Truong dated 4/9/20, re: release of Plaintiffs personal information to Defendant., # 5 Exhibit E − Email from AUSA Truong dated 12/8/20, re: confirmation of Tuckers deposition., # 6 Exhibit F − Email from AUSA Truong dated 1/7/21, re: reason for not raising earlier issues with Tuckers deposition.)(GONZALEZ RAMOS, JOEY) (Entered: 01/11/2021) |
| 01/11/2021 | | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 1/11/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 01/11/2021) |
| 01/11/2021 | | | MINUTE ORDER. Consistent with the court's oral order at the January 11, 2021 hearing, Plaintiff may depose Archie Tucker on topics beyond the eight topics identified in Plaintiff's Declaration in Support of Motion for Discovery Under Rule 56(d), ECF No. 66−1, at 3−4. Plaintiff's deposition of Tucker must conform to the discovery limits imposed by Federal Rule of Civil Procedure 26(b). Signed by Judge Amit P. Mehta on 1/11/2021. (lcapm1) (Entered: 01/11/2021) |
| 01/19/2021 | | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 1/19/2021 via teleconference. (Court Reporter: William Zaremba) (zjd) (Entered: 01/19/2021) |
| 01/21/2021 | 80 | | NOTICE *NOTICE OF FILING DOCUMENTS IN SUPPORT OF THE HEARING REQUESTED BY PLAINTIFF ON JANUARY 20, 2021* by JOEY D. GONZALEZ RAMOS (Attachments: # 1 Exhibit A− Subpoena Plaintiff's Record, # 2 Exhibit B− Email from Plaintiff − Truong No Consent to Release |

| | | | |
|---|---|---|---|
| | | | Information, # 3 Exhibit C− Email Exchange Plaintiff−Truong, # 4 Exhibit D− Email Exchange Plaintiff−Murphy, # 5 Exhibit E− Discovery Requests ADR)(GONZALEZ RAMOS, JOEY) (Entered: 01/21/2021) |
| 01/22/2021 | | | MINUTE ORDER. Plaintiff may file a motion by January 27, 2021, with respect to the matters raised in his 80 Notice of Filing. Such motion shall be no longer than three pages. Defendant's and Intervenor's responses, not to exceed three pages, shall be due by February 2, 2021. Plaintiff's reply, of no more than two pages, shall be due by February 4, 2021. The parties shall appear for a telephonic post−discovery conference on February 8, 2021, at 9:30 a.m. The courtroom deputy will circulate dial−in information to counsel. Members of the public may access the conference by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. The public access line will be muted and should be used by only non−participating parties. Signed by Judge Amit P. Mehta on 1/22/2021. (lcapm1) (Entered: 01/22/2021) |
| 01/27/2021 | 81 | | MOTION for Discovery by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A−MSPB FOIA Regulations, # 2 Exhibit B−USDA's Admin Leave Regulations, # 3 Exhibit C−Eisemann's Email Signature)(GONZALEZ RAMOS, JOEY) (Entered: 01/27/2021) |
| 01/29/2021 | 82 | | Memorandum in opposition to re 81 MOTION for Discovery filed by ADR VANTAGE, INC.. (Murphy, John) Modified docket event/text on 2/1/2021 (eg). (Entered: 01/29/2021) |
| 02/02/2021 | 83 | | Memorandum in opposition to re 81 MOTION for Discovery filed by DEPARTMENT OF AGRICULTURE. (Truong, John) Modified docket event/text on 2/3/2021 (eg). (Entered: 02/02/2021) |
| 02/03/2021 | 84 | | REPLY to opposition to motion re 81 MOTION for Discovery filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− Archie Tucker's Deposition −Eisemann)(GONZALEZ RAMOS, JOEY) (Entered: 02/03/2021) |
| 02/05/2021 | 85 | | MOTION RESCIND THE JANUARY 19, 2021 COURT ORDER by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A− Excerpts from Archie Tucker's Deposition, # 2 Exhibit B− Email from John Truong to the Court, # 3 Exhibit C− Emails between Plaintiff and the EEOC)(GONZALEZ RAMOS, JOEY) (Entered: 02/05/2021) |
| 02/07/2021 | | | MINUTE ORDER denying Plaintiff's 81 Motion for Additional Discovery. Plaintiff's motion seeks to compel depositions of USDA's in−house agency counsel and outside DOJ counsel for this action. Plaintiff must overcome a heavy burden when seeking to depose counsel, see Coleman v. District of Columbia, 284 F.R.D. 16, 18 (D.D.C. 2012), a burden he has failed to satisfy here. Plaintiff has not shown how the information he seeks−−namely, who disclosed the fact that he is on paid administrative leave−−is relevant to any claim against ADR or any defense asserted by ADR. Moreover, the information−−the fact that Plaintiff is on paid leave−−is plainly discoverable, as it is relevant, at least, to his claim for damages. In addition, Plaintiff asks ADR to respond to his "discovery request" at ECF No. 80−5, but the referenced demand is beyond the scope of the additional discovery allowed by the court pursuant to the Memorandum Opinion and Order entered on December 7, 2020, ECF No. 78, at 11. Additionally, the discovery is not designed to obtain any fact relevant to any claim or defense but instead appears designed to harass |

| | | | |
|---|---|---|---|
| | | | opposing counsel into disclosing communications he has had with USDA's counsel and intrude into his investigative efforts and mental impressions, which are covered by the attorney work product privilege (e.g., asking counsel to admit that he asked DOJ and agency counsel for information about Plaintiff's administrative leave). Signed by Judge Amit P. Mehta on 2/7/2021. (lcapm1) (Entered: 02/07/2021) |
| 02/08/2021 | | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/8/2021 via teleconference. (Court Reporter: William Zaremba) (zjd) (Entered: 02/08/2021) |
| 02/08/2021 | | | MINUTE ORDER. Because the USDA does not intend to seek a protective order for the deposition of Archie Tucker, as it announced during the hearing held on this date, Plaintiff's 85 Motion to Rescind the January 29, 2021 Court Order is denied as moot. Signed by Judge Amit P. Mehta on 2/8/2021. (lcapm1) (Entered: 02/08/2021) |
| 02/08/2021 | 86 | | ORDER setting the schedule for further proceedings in this matter: (1) Defendant shall file its Motion for Summary Judgment on or before March 2, 2021; (2) Plaintiff shall file his Opposition to Defendant's Motion for Summary Judgment on or before March 23, 2021; (3) Defendant shall file its Reply on or before April 13, 2021. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/8/2021. (lcapm1) (Entered: 02/08/2021) |
| 02/22/2021 | 87 | | MOTION for Sanctions *Renewed* by ADR VANTAGE, INC.. (Attachments: # 1 Exhibit)(Murphy, John) (Entered: 02/22/2021) |
| 02/22/2021 | 88 | | MOTION for Summary Judgment *Renewed* by ADR VANTAGE, INC.. (Attachments: # 1 Exhibit)(Murphy, John) (Entered: 02/22/2021) |
| 02/23/2021 | 89 | | MOTION for Extension of Time to File Response/Reply *TO DEFENDANTS RULE 11 MOTION* by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Text of Proposed Order Proposed Order)(GONZALEZ RAMOS, JOEY) (Entered: 02/23/2021) |
| 02/24/2021 | | | MINUTE ORDER granting Plaintiff's 89 Motion for Extension of Time to Respond to Defendant's Rule 11 Motion. Plaintiff's response to Defendant's Renewed Motion for Rule 11 Sanctions shall be filed on or before April 1, 2021. Signed by Judge Amit P. Mehta on 2/24/2021. (lcapm1) (Entered: 02/24/2021) |
| 03/23/2021 | 90 | | Memorandum in opposition to re 88 MOTION for Summary Judgment *Renewed* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Statement of Facts Response to Defendant's Statement of Material Facts Not In Dispute, # 2 Affidavit Declaration of Joey Gonzalez Ramos, # 3 Exhibit A−SHRS Pictures, # 4 Exhibit B−Closure List, # 5 Exhibit C−EEO Complaints, # 6 Exhibit D−Emails, # 7 Exhibit E−ULP and EEOC Policies, # 8 Exhibit F−Deposition of Joey Gonzalez, # 9 Exhibit G−Performance Appraisals, # 10 Exhibit H−Deposition of Archie Tucker, # 11 Exhibit I−Janice Boarman's Declaration, # 12 Exhibit J−ADR Vantage's Contract, # 13 Exhibit K−Deposition of Dianne Lipsey, # 14 Exhibit L−Alan Meerow's Complaint, # 15 Exhibit M−Deposition of Clifford Ramsey, # 16 Exhibit N−Deposition of Rick Buccheri)(GONZALEZ RAMOS, JOEY) Modified docket event/text on 3/24/2021 (eg). (Entered: 03/23/2021) |

| 04/01/2021 | 91 | | RESPONSE re 87 MOTION for Sanctions *Renewed* filed by JOEY D. GONZALEZ RAMOS. (Attachments: # 1 Exhibit A−No Fear Act Notice, # 2 Exhibit B−Reflections of Civil Rights at the USDA, # 3 Exhibit C−Dianne Lipsey Deposition, # 4 Exhibit E−Archie Tucker Deposition, # 5 Exhibit F MSPB Publication, # 6 Exhibit F−John Murphy's Emails)(GONZALEZ RAMOS, JOEY) (Entered: 04/01/2021) |
|---|---|---|---|
| 04/05/2021 | 92 | | REPLY to opposition to motion re 89 MOTION for Extension of Time to File Response/Reply *TO DEFENDANTS RULE 11 MOTION* filed by ADR VANTAGE, INC.. (Attachments: # 1 Exhibit)(Murphy, John) (Entered: 04/05/2021) |
| 04/05/2021 | 93 | | REPLY to opposition to motion re 88 MOTION for Summary Judgment *Renewed* filed by ADR VANTAGE, INC.. (Murphy, John) (Entered: 04/05/2021) |
| 09/29/2021 | 94 | | MEMORANDUM OPINION re: 88 Defendant's Motion for Summary Judgment. Please see the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 9/29/2021. (lcapm2) (Entered: 09/29/2021) |
| 09/29/2021 | 95 | | ORDER: For the reasons stated in the 94 Memorandum Opinion, the court grants Defendant's 88 Motion for Summary Judgment. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 9/29/2021. (lcapm2) (Entered: 09/29/2021) |
| 09/29/2021 | 96 | | MEMORANDUM OPINION AND ORDER denying Defendant's 87 Renewed Motion for Sanctions. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 9/29/2021. (lcapm2) (Entered: 09/29/2021) |
| 10/27/2021 | 97 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 95 Order on Motion for Summary Judgment, 94 Memorandum & Opinion by JOEY D. GONZALEZ RAMOS. Filing fee $ 505, receipt number ADCDC−8828461. Fee Status: Fee Paid. Parties have been notified. (GONZALEZ RAMOS, JOEY) (Entered: 10/27/2021) |

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| JOEY D. GONZALEZ RAMOS, | ) | Case No.: 1:18-cv-01690-APM |
| Plaintiff, | ) | |
| vs. | ) | |
|  | ) | |
|  | ) | |
| ADR VANTAGE, INC, | ) | |
| Defendant. | ) | |
|  | ) | |

## **NOTICE OF APPEAL**

PLEASE TAKE NOTICE that the Plaintiff Joey D. Gonzalez Ramos hereby appeals to

the United States Court of Appeals for the District of Columbia this Court's Memorandum

Opinion dated September 29, 2021, [ECF No. 94] granting summary judgment for the Defendant

ADR Vantage, Inc. in this action.


Submitted on October 27, 2021


/s/ Joey D. Gonzalez
Joey D. Gonzalez Ramos
P.O. Box 145073,
Coral Gables, FL 33114-5073
(305)720-3114
joey@joeygonzalezlaw.com
*Pro Se Plaintiff*

I HEREBY CERTIFY that a true and correct copy of the above document was filed through CM/ECF and served via email this October 27, 2021, on all counsel or parties of record on the Service List:

<u>Service List</u>

John Murphy, Esq. (Bar #14407)
9210 Corporate Boulevard, Suite 320
Rockville, Maryland 20850
(301)-519-9150 (Office)
(301) 519-9152 (Fax)
jmurphy@walkermurphy.com
Counsel for Defendant

/s/ <u>Joey D. Gonzalez Ramos</u>
Joey D. Gonzalez Ramos

_____ )
JOEY D. GONZALEZ RAMOS,                    )
                                           )
      Plaintiff,                           )
                                           )
          v.                               )      Case No. 18-cv-01690 (APM)
                                           )
ADR VANTAGE, INC.,                         )
                                           )
      Defendants.                          )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court is a motion for sanctions filed by Defendant ADR Vantage, Inc. against Plaintiff Joey D. Gonzalez Ramos. Def.'s Renewed Mot. for Rule 11 Sanctions, ECF No. 87 [hereinafter Def.'s Mot.]. It seeks monetary sanctions pursuant to Federal Rule of Civil Procedure 11 on the theory that Plaintiff brought this action on improper grounds. *Id.* ¶¶ 1–3. For the reasons that follow, the court denies Defendant's motion.

### I.

This action stems from allegedly defamatory statements about Plaintiff in a climate assessment report ("Report") that the U.S. Department of Agriculture ("USDA") hired Defendant to prepare "after [the agency] received complaints from employees alleging a hostile work environment" at a Miami field office. Def.'s Renewed Mot. for Summ. J., ECF No. 88 [hereinafter Def.'s Renewed MSJ], Def.'s Stmt. of Material Facts Not in Dispute, ¶¶ 1–2; *see also* Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 23–33, 44.[1] The litigation has been "particularly contentious," *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 7136840, at *1 (D.D.C. Dec. 7, 2020), featuring extensive discovery disputes and multiple rounds of dispositive motions.

---

[1] The relevant facts are summarized in greater detail in the court's memorandum opinion granting Defendant's motion for summary judgment. Mem. Op., ECF No. 94.

*See id.*; *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 409283 (D.D.C. Jan. 26, 2020); *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2018 WL 6680531 (D.D.C. Dec. 19, 2018). Defendant first filed a motion for sanctions in April 2020, a month after it filed its first motion for summary judgment. Def.'s Mot. for Rule 11 Sanctions, ECF No. 62; Def.'s Mot. for Summ. J., ECF No. 55. The court denied both motions without prejudice to permit Plaintiff to take an additional deposition. *Gonzalez Ramos*, 2020 WL 7136840, at *5. Defendant then renewed its motions on February 22, 2021. Def.'s Mot.; Def.'s Renewed MSJ. The court granted Defendant's renewed motion for summary judgment in full on September 29, 2021. Mem. Op, ECF No. 94; Order, ECF No. 95.

## II.

"By presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party "certifies that" the filing "is not being presented for any improper purpose," and that "the claims, defenses, and other legal contentions are warranted." Fed. R. Civ. P. 11(b). "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" for the violation. Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings, or that are filed to harass another party." *In re Carvalho*, 598 B.R. 356, 363 (D.D.C. 2019) (cleaned up).

Defendant asserts three bases for sanctions in their Motion. Def.'s Mot. ¶¶ 1–3. The court will take each in turn. First, Defendant argues that "Plaintiff's Complaint was devoid of factual and legal merit from the outset," and that Plaintiff was "aware" of this "before the filing of the instant Complaint." *Id.* ¶ 1–2. More specifically, Defendant argues that "Plaintiff's claim . . . that his termination was somehow related to ADR is devoid of any good-faith factual or legal basis"

2

because "Plaintiff knew, before filing the instant litigation, that the information contained within ADR's Climate Assessment Report was true." Def.'s Mot., Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. [hereinafter Def.'s Mem.], at 6–7. But Defendant offers no factual support for this assertion. Notably, its motion for summary judgment did not advance truth as a defense to Plaintiff's defamation claims. *See* Def.'s Renewed MSJ ¶¶ 3–5 (asserting various defenses other than truth); Def.'s Renewed MSJ, Mem. of P. & A. in Supp. of Def.'s Mot., at 12–23. The court has made no determination as to the truth or falsity of the allegedly defamatory statements in the Report, let alone that Plaintiff knew the statements to be "true" before filing his Complaint. So, the court will not order sanctions on that ground.

Second, Defendant states that Plaintiff pursued this case in "bad faith." Def.'s Mem. at 7. In support of this argument, Defendant points to an earlier filing in the case in which Plaintiff stated that his "goal is to redress, reverse[,] and punish ADR for the damage its defamatory publication has done to him . . . [and] to publicly expose ADR's practices to labor organizations and to its current or potential clients, most of them federal agencies." Def.'s Mot. ¶ 2 (internal quotation marks omitted) (quoting Joint Meet & Confer Report, ECF No. 22, at 7). But as the court concluded when it denied Defendant's motion to dismiss in its entirety, Plaintiff advanced colorable arguments on at least some of his claims. *Gonzalez Ramos*, 2018 WL 6680531, at *1–3. The fact that Plaintiff's Complaint raised nonfrivolous claims is strong evidence that it was not filed for improper purposes. *See Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.3d 178 (D.C. Cir. 1980) (observing that "the presence of merit in a claim or defense may well negate any notion of bad faith in its filing"); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (noting that "evidence bearing on frivolousness or non-frivolousness will often be

3

highly probative of purpose"); *Chandler v. Berlin*, No. 18-cv-02136 (APM), 2020 WL 5593905, at \*3 (D.D.C. Sept. 18, 2020).[2]

This conclusion is not negated by the fact that Plaintiff expressed a desire to "publicly expose ADR's practices," including to "current or potential clients." Joint Meet & Confer Report, ECF No. 22, at 7. "Mere warnings by a party of its intention to assert nonfrivolous claims, with predictions of those claims' likely public reception, are not improper." *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995). Additionally, Defendant has not alleged—much less made a factual showing—that Plaintiff actually "directly contacted Defendant['s] clients or otherwise interfered with [its] business[]." *Chandler*, 2020 WL 5593905, at \*4; *see also Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 80–81 (2d Cir. 2000) (reversing the district court's finding that, where "at least some of [the plaintiff's] claims were colorable," plaintiff's counsel's "threat[] to interfere with the Firm's other clients provide[d] a basis for sanctions" in part because counsel never directly contacted the clients (cleaned up)). In short, Defendant has not shown that Plaintiff's "references to potentially embarrassing litigation" are anything more than "part of a larger endeavor to obtain recompense for a perceived wrong." *Chandler*, 2020 WL 5593905, at \*4 (internal quotation marks omitted) (quoting *Bouveng v. NYG Cap. LLC*, 175 F. Supp. 3d 280, 324–25 (S.D.N.Y. 2016)).

Finally, Defendant argues that Plaintiff engaged in "abusive litigation tactics" and made "[m]aterial [m]isrepresentations" to the court. Def.'s Mem. at 8. The court understands Defendant's motion to call for sanctions against Plaintiff for filing this suit in the first instance.

---

[2] Indeed, several circuits have interpreted Rule 11 to prohibit sanctioning a person for filing a complaint that raises non-frivolous claims, even if "one of [the plaintiff's] multiple purposes in seeking that relief may have been improper." *See Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *see also Townsend*, 929 F.2d at 1362; *Nat'l Ass'n of Gov't Emps, Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 224 (5th Cir. 1988); *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir. 1988).

*See* Def.'s Mot. ¶ 1 ("Plaintiff's Complaint was devoid of factual and legal merit *from the outset*" (emphasis added)): *id.* ¶ 2 (discussing Plaintiff's awareness of lack of merit "before *the filing of the instant Complaint*" (emphasis added)); *id.* ¶ 3 (discussing Plaintiff's apparent motive for initiating the litigation). Defendant does not explain how Plaintiff's aggressive tactics *during litigation* support an improper purpose *for bringing this action*.

Nor will the court impose sanctions based on Plaintiff's alleged "[m]isrepresentations." Def.'s Mem. at 8. Defendant claims that "Plaintiff . . . tried to hide . . . from [the] Court (and counsel) that he had an unredacted" version of the Report as early as April 25, 2017—contrary to his "prior repeated representations" that "he did not have an unredacted Climate Assessment until October 2017." Def.'s Mem. at 8–9. If Plaintiff had been forthcoming, Defendant argues, "this case would have been dismissed back in 2019." Def.'s Mem. at 9. But the evidence, viewed favorably to Plaintiff, can be construed to support his contention that the copy of the unredacted Report he received in April 2017 went undiscovered until months later. *See* Pl.'s Resp. in Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 90 [hereinafter Pl.'s MSJ Opp'n], at 7; Pl.'s MSJ Opp'n, Ex. C, ECF No. 90-5, at 1 (demonstrating the volume of materials Plaintiff received in April 2017 in response to his complaints of discrimination and retaliation); Pl.'s MSJ Opp'n, Decl. of Joey D. Gonzalez Ramos in Supp. of Pl.'s Opp'n, ECF No. 90-2 [hereinafter Gonzalez Ramos Decl.], ¶ 8 ("On February 10, 2018, I discovered a[n] unredacted copy of the Climate Assessment in a report of investigation for two unrelated claims of discrimination."). After all, if Plaintiff actually knew in April 2017 that he possessed an unredacted version of the Report, why would he have filed and pursued a Freedom of Information Act ("FOIA") request for the Report in the summer of 2017, as he did? *See* Gonzalez Ramos Decl. ¶ 7. The more plausible explanation is that he pursued the FOIA request because he did not realize that he already possessed the Report. Therefore, the court declines to impose sanctions for making misrepresentations.

5

**III.**

In sum, Defendants have not shown that the Complaint was filed for an improper purpose or without factual or legal merit. Accordingly, Defendant's motion for sanctions, ECF No. 87, is denied.

This is a final, appealable order.

Dated: September 29, 2021

_____
Amit P. Mehta
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| **JOEY D. GONZALEZ RAMOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 18-cv-1690 (APM)** |
| | ) | |
| **ADR VANTAGE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**<u>ORDER</u>**

For the reasons set forth in the court's Memorandum Opinion, ECF No. 94, the court grants Defendant's Motion for Summary Judgment.

This is a final, appealable Order.

Dated: September 29, 2021

_____
Amit P. Mehta
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
　　　　　　　　　　　　　　　　　　　　)
JOEY D. GONZALEZ RAMOS,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　　　)　　　　Case No. 18-cv-1690 (APM)
　　　　　　　　　　　　　　　　　　　　)
ADR VANTAGE, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)
_____ )

## MEMORANDUM OPINION

## I.　　INTRODUCTION

In 2016, Plaintiff Joey Gonzalez Ramos worked for the U.S. Department of Agriculture ("USDA") in a Miami field office. He alleges that the USDA hired an external contractor—Defendant ADR Vantage, Inc. ("ADR Vantage")—to smear him in a climate-assessment report in retaliation for his protected activities at the agency. He brought this action against Defendant, asserting claims of defamation, civil conspiracy, invasion of privacy, and intentional infliction of emotional distress, and seeking damages and injunctive relief. Before the court is Defendant's renewed motion for summary judgment. For the reasons that follow, the court grants Defendant's motion in full.

## II.　　BACKGROUND

### A.　　Factual Background

Plaintiff is an employee of the USDA. Pl.'s Resp. in Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 90 [hereinafter Pl.'s Opp'n], Decl. of Joey D. Gonzalez Ramos in Supp. of Pl.'s Opp'n, ECF No. 90-2 [hereinafter Gonzalez Ramos Decl.], ¶ 2. At the times relevant to this

action, he worked as an information technology ("IT") specialist at the Miami field office of the USDA Agricultural Research Service. *Id.* While working at the Miami office, he was also the president of the National Federation of Federal Employees, Local 1752. *Id.* ¶ 5. Plaintiff filed numerous union grievances and administrative complaints of discrimination against USDA employees and supervisors at the Miami field office. *Id.* ¶ 6.

Plaintiff also had complaints "alleging improper conduct" filed against him by USDA employees. Def.'s Renewed Mot. for Summ. J., ECF No. 88 [hereinafter Def.'s Mot.], Def.'s Stmt. of Material Facts Not in Dispute [hereinafter Def.'s SOF], ¶ 5. For example, one employee filed a complaint "assert[ing] that Plaintiff created a racially hostile work environment by using the 'N word.'" *Id.*

In late 2016, the USDA "sought a formal climate assessment after it received complaints from employees alleging a hostile work environment" at the Miami field office. *Id.* ¶ 2; *see also id.* ¶ 19 (noting that the office had received "a disproportionate number of complaints"); Def.'s Mot., Exs., ECF No. 88-1, Ex. 11 [hereinafter Tucker Dep.], at 175.[1] USDA leadership viewed the Miami office as "dysfunctional" and hoped that "a climate assessment report," which is generally "undertaken by a third-party neutral . . . to assess and identify themes and patterns in a certain work environment with the goal of improving workplace conditions," could "help identify some of the problems." Def.'s SOF ¶¶ 2, 19 (internal quotation marks omitted); *see also* Compl., ECF No. 1 [hereinafter Compl.], ¶ 26; Tucker Dep. at 91 ("This was a dysfunctional location . . . ."); *id.* (discussing USDA management's recognition that it "need[ed] to bring an . . . independent body in to do an assessment to try to figure out and get to the bottom of what's going

---

[1] When citing Defendant's exhibits, the court uses the internal pagination for each exhibit, even though Defendant filed its exhibits as a single attachment.

on, and what [it could] do to try to resolve some of these issues and get this location back on the right track"). The USDA also viewed the climate assessment as "a way for employees to feel comfortable sharing their honest assessments with an independent third party." Def.'s SOF ¶ 19; *see also* Pl.'s Opp'n, Pl.'s Resp. to Def.'s Stmt. of Material Facts Not in Dispute, ECF No. 90-1 [hereinafter Pl.'s Resp. to Def.'s SOF], ¶ 19(b) (admitting that Tucker so stated in his deposition); Tucker Dep. at 92–93 (expressing that USDA management viewed the climate assessment as "an opportunity [for employees] to talk to somebody who they got no allegiance to, no ties to, they can be comfortable talking with, and that's why we wanted an independent third-party who had no connection to this area office").[2]

Ultimately, the USDA contracted with Defendant, and Defendant sent some of its employees to the Miami office to conduct the assessment in mid-December 2016. *Id.* ¶¶ 3, 6; Compl. ¶ 25. Plaintiff "did not participate in the assessment" and, indeed, encouraged others not to do so. Def.'s SOF ¶ 6; Pl.'s Resp. to Def.'s SOF ¶ 6. The assessment "culminat[ed] in a formal Climate Assessment Report" ("the Report") in February 2017 that is the subject of this litigation. Def.'s SOF ¶ 3. Defendant "did not release [the Report] to anyone other than a handful of USDA executives." *Id.* ¶ 7; Pl.'s Resp. to Def.'s SOF ¶ 7 (denying that he has knowledge of who qualifies

---

[2] Plaintiff believes that Archie Tucker, the Area Director of the Southeast Area for USDA Agricultural Research Service, "hired ADR Vantage to conduct a so-called 'Climate Assessment' . . . with the pretext of understanding how to best address the station's work environment and take necessary 'managerial action.'" Pl.'s Opp'n at 2. He thus disputes Defendant's characterization of USDA management's view of the role of the climate assessment, Pl.'s Resp. to Def.'s SOF ¶ 19, but he does not dispute the contents of Tucker's deposition, from which the court has quoted at length in this paragraph. Because Plaintiff has not come forward with evidence for his "pretext" theory, *see id.*, there is no material factual dispute that USDA management sought a climate assessment with the stated purpose of identifying problems at the Miami field office, which was generating many employee complaints, and to use that information to set a course forward. *See id.*; Def.'s SOF ¶ 19.

as a "USDA executive" but not disputing that Defendant's release was limited and within the USDA). Plaintiff was not among those who received a copy of the Report.

On April 25, 2017, Plaintiff received a large set of documents in response to a complaint he had filed against his employer regarding incidents that predated the climate assessment. *See* Pl.'s Opp'n, Ex. C, ECF No. 90-5 [hereinafter Pl.'s EEO Compls.], at 1; Def.'s SOF ¶ 20. Those documents included an unredacted copy of the Report. *See id*. at 1–2. Plaintiff maintains that he did not notice the unredacted Report at that time. Pl.'s Opp'n at 6.

Less than a month later, on May 18, 2017, a USDA executive—Dr. Deborah Brennan—visited the Miami office. Compl. ¶ 31; Def.'s Mot., Exs., ECF No. 88-1, Ex. 3 [hereinafter Gonzalez Ramos Dep.], at 84. While there, she "discussed the climate assessment" and "mentioned that the climate assessment found that the IT specialist was defective in his performance." Gonzalez Ramos Dep. at 84; *see also* Compl. ¶ 31 ("At the time, Brennan made disparaging comments about Plaintiff's job performance before the attendees. According to Brennan she based her comments in the findings of the Climate Assessment.").

"Prompted by Brennan's comments, Plaintiff requested a copy" of the Report through a Freedom of Information Act ("FOIA") request. Compl. ¶ 32; *see also* Gonzalez Ramos Dep. at 75. On July 14, 2017, Plaintiff received a "heavily redacted copy" of the Report in response to his FOIA request. Gonzalez Ramos Decl. ¶ 7. He appealed the withholdings and, on October 20, 2017, received a copy of the Report that was "less redacted." *Id*. In February 2018, Plaintiff claims, he discovered the unredacted copy of the Report he had received almost a year prior. *Id.* ¶ 8. The Report contained numerous statements reflecting what other USDA employees had said about "the IT Specialist" and made recommendations that the USDA investigate some of those statements. *See* Def.'s Mot., Exs., ECF No. 88-1, Ex. 2 [hereinafter Climate Assessment Report],

4

at 9–10, 13–16, 19.  The "[four] actionable statements about Plaintiff in the Climate Assessment,"

*id.*, that he identifies as defamatory are as follows:

- "The IT Specialist is unreceptive to any kind of suggestion and he's impolite when he's annoyed or frustrated.  In a recent incident, he took something he shouldn't have.  We talked about it and he 'flipped out,' and raised his voice. It was very uncomfortable.  I don't go to him if I don't have to."

- "No action by [the Agricultural Research Service] will be effective in improving the atmosphere at [the Miami office] without addressing the issues involving [the IT Specialist and the Administrative Officer]."

- "Questions of Waste, Fraud, and Abuse.  ADR Vantage frequently works with agencies as a confidential neutral and in that capacity, we are obligated to report to the agency what we believe to be evidence of waste, fraud or abuse.  We do not know what definition USDA would use for these concepts but the conduct we have heard about from [Miami office] employees concerning the IT specialist would raise such a question for us."

- "Govern actions of the IT Specialist.  Move the reporting line of authority for the IT Specialist to the RL to ensure his availability and improve responsiveness and to track satisfaction from Researchers and others.  Investigate allegations that he has abused his access to data, emails and telephones as well as his conduct toward other employees and consider appropriate disciplinary measures as appropriate."

Climate Assessment Report at 10, 15, 16, and 19; Pl.'s Opp'n at 24.

### B.      Procedural Background

Plaintiff filed this action on July 18, 2018.  Compl.  Defendant moved to dismiss.  Def.'s

Mot. to Dismiss, ECF No. 4.  This court denied that motion, *Gonzalez Ramos v. ADR Vantage,*

*Inc.*, No. 18-cv-01690 (APM), 2018 WL 6680531 (D.D.C. Dec. 19, 2018), and the parties went on

to engage in a protracted and "particularly contentious" discovery process, *Gonzalez Ramos v.*

*ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 7136840, at *1 (D.D.C. Dec. 7, 2020);

*see also Gonzalez Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 2020 WL 409283

(D.D.C. Jan. 26, 2020).  Defendant filed its first motion for summary judgment in March 2020.

Def.'s Mot. for Summ. J., ECF No. 55.  The court denied that motion without prejudice to permit

Plaintiff to take an additional deposition.  *Gonzalez Ramos*, 2020 WL 7136840, at *5.  Defendant

filed a renewed motion on February 22, which the court now considers.[3]  Def.'s Mot. at 1–2.

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  A "genuine dispute" of a "material fact" exists when the fact "is capable of affecting the

substantive outcome of the litigation" and "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party."  *Elzeneiny v. District of Columbia*, 125 F. Supp. 3d 18, 28

(D.D.C. 2015).

In assessing a motion for summary judgment, the court looks at the facts in the light most

favorable to the nonmoving party and draws all justifiable inferences in that party's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  To defeat a motion for summary

judgment, the nonmoving party must put forward "more than mere unsupported allegations or

denials"; its opposition "must be supported by affidavits, declarations, or other competent

evidence, setting forth specific facts showing that there is a genuine issue for trial" and that a

reasonable jury could find in its favor.  *Elzeneiny*, 125 F. Supp. 3d at 28 (first citing Fed. R. Civ.

P. 56(e); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

---

[3] Plaintiff has filed a separate action against ADR Vantage and its counsel for defamation, invasion of privacy, and intentional infliction of emotional distress based on statements in Defendant's renewed motion for summary judgment. Am. Compl., *Gonzalez Ramos v. ADR Vantage, Inc.*, No. 21-cv-00592 (APM) (D.D.C.), ECF No. 10.  A motion to dismiss in that case is ripe for consideration.  Def.'s Prelim. Mot. to Dismiss Am. Compl., *Gonzalez Ramos*, No. 21-cv-00592 (APM), ECF No. 11.  The court does not address that motion in this Memorandum Opinion.

## IV. DISCUSSION

### A. Plaintiff's Defamation Claim (Count I)

In Count I, Plaintiff asserts a claim of defamation, arguing that "[t]here are at least [four] actionable statements about Plaintiff in the Climate Assessment." Pl.'s Opp'n at 24. Defendant raises three affirmative defenses to this claim: (1) it "is entitled to derivative sovereign immunity"; (2) the claim is "barred by the statute of limitations"; and (3) the Report is "subject to" a number of qualified privileges, including, most notably, the common-interest privilege. Def.'s Mot. ¶¶ 3–5; Def.'s Mot., Mem. of P. & A. in Supp. of Def.'s Renewed Mot. for Summ. J. [hereinafter Def.'s Mem.], at 20–23. The court finds that the common-interest privilege suffices to dispose of Plaintiff's defamation claim but will also discuss Defendant's statute-of-limitations defense. The court does not reach the issue of derivative sovereign immunity.

#### 1. *The Common-Interest Privilege*

Under District of Columbia law, the common-interest privilege, if applicable, is a complete defense to a claim of defamation. *Mosrie v. Trussell*, 467 A.2d 475, 477 (D.C. 1983). The defense applies to statements "(1) made in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has or honestly believes he has a duty (3) to a person who has such a corresponding interest or duty." *Payne v. Clark*, 25 A.3d 918, 925 (D.C. 2011) (internal quotation marks omitted). If a court determines that the common-interest privilege applies, "the defendant will be presumed to have been actuated by pure motives in its publication." *Id.* (internal quotation marks omitted). But "[t]wo circumstances foreclose asserting the privilege: first, excessive publication . . . and, second, publication with malice, which, within the context of the common interest privilege, is the equivalent of bad faith." *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 858 (D.C. Cir. 2006) (internal quotation marks omitted). "[T]he burden is on

7

the plaintiff to prove the privilege has been abused." *Payne*, 25 A.3d at 925 (internal quotation marks omitted).

Here, the privilege covers the four allegedly defamatory statements made about Plaintiff in the Report. The common-interest "privilege has been applied to employers or organizations reporting information on their own employees or members," *id.* at 926–27; to statements made by third parties to employers pursuant to investigations requested by the employer, *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 879 (D.C. 1998); and to other statements between stakeholders in the "proper functioning of" an organization about "anything . . . that materially affected" it, *Wood v. Am. Fed'n Gov't Emps.*, 316 F. Supp. 3d 475, 482 (D.D.C. 2018). The Report prepared by ADR fits squarely within this genre of cases. The USDA contracted with Defendant "to conduct a Climate Assessment after several years of complaints from employees at the USDA related to its Miami field office." Def.'s Mem. at 21. Their agreement required Defendant to "provide a comprehensive report outlining the issues identified and categorized from the assessment interviews; recommendations for mitigation; and a proposal for an attainable way forward." Def.'s Mot., Exs., ECF No. 88-1, Ex. 1, at 2. The "comprehensive report" was to include, among other things, "information on Employee Relation and Labor Relation issues at the location"; "the role of the Union at the Miami location"; and "an objective analysis on the challenges at the Miami location," including "concerns of hostile work environment." *Id.* at 2; *see also* Pl.'s Opp'n, Ex. J, ECF No. 90-12. Defendant thus was tasked with communicating to the USDA on subjects concerning the Miami field office's work environment, which would include Plaintiff's alleged disruptive behavior and misconduct, and the USDA had a legitimate interest in receiving such information. The privilege therefore squarely applies, and the burden is on Plaintiff

8

to show that "the privilege has been abused." *Payne*, 25 A.3d at 925 (internal quotation marks omitted).

Plaintiff has not met this burden. First, he has offered no proof creating a material dispute of fact as to excessive publication of the Report by Defendant. Plaintiff conceded at his deposition that he was not aware of ADR giving the Report to anyone other than "upper management at the USDA." Gonzalez Ramos Dep. at 80–82. Plaintiff instead accuses USDA officials, particularly Archie Tucker, the Area Director of the Southeast Area for USDA Agricultural Research Service, of widely distributing the Report. *See, e.g.*, Pl.'s Opp'n at 35. But that is not the relevant vector of publication. Plaintiff has sued ADR Vantage in this case, not the USDA, and so USDA's excessive publication, even if established, would not strip Defendant of the common-interest protection.[4] Plaintiff also cites *Campbell v. District of Columbia*, 126 F. Supp. 3d 141 (D.D.C. 2015)—a case that dealt with employer statements *to the press* about an employee, *id.* at 146—in support of his argument that the common-interest privilege does not apply to the Report. Pl.'s Opp'n at 34. Publication by Defendant to the press is not at issue here.

Second, even construing the facts in the light most favorable to Plaintiff, he has not shown that there is a genuine dispute of material fact as to whether Defendant "lost the common interest privilege by publishing the [Report] with malice." *Mastro*, 447 F.3d at 859. "District of Columbia law sets a high standard for establishing malice sufficient to defeat the protections of the common interest privilege." *Id.* It requires showing that the publication occurred "without just cause or

---

[4] Based on a header in his opposition brief, Plaintiff might be understood to assert that Defendant, as USDA's co-conspirator, can be held vicariously liable for the agency's excessive publications of the Report. *See* Pl.'s Opp'n at 35 ("ADR And Its Co-Conspirator Published The Defamatory Statements About Plaintiff Excessively"). But Plaintiff does not develop this argument, and "this Court 'may not do the [plaintiff's] summary-judgment work for it.'" *See Campbell*, 126 F. Supp. 3d at 151 ((quoting *Coleman v. District of Columbia*, 794 F.3d 49, 61 (D.C. Cir. 2015))). In any event, the court finds, based on the evidence presented, that no reasonable jury could find that ADR Vantage conspired with USDA officials to defame Plaintiff. *See infra* at 9–12.

excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will." *Id.* (internal quotation marks omitted). At the summary judgment stage, "to discern whether the plaintiff has presented sufficient evidence to demonstrate material facts in issue with respect to the applicability of the common interest privilege," courts "look[] to the primary motive by which the defendant is apparently inspired." *Payne*, 25 A.3d at 925 (internal quotation marks omitted). "[T]he fact that the defendant feels resentment and indignation towards the plaintiff and enjoys defaming him will not forfeit the privilege so long as the primary purpose of the statement is to further the interest which is entitled to protection." *Id.* at 925–26 (alterations omitted) (emphasis omitted) (internal quotation marks omitted).

Plaintiff argues that Defendant acted with malice because "[t]he primary motive in creating the Climate Assessment was to discredit Plaintiff in retaliation for his protected activities." Pl.'s Opp'n at 37. On this point, *Mastro v. PEPCO* is instructive. In that case, the D.C. Circuit affirmed a grant of summary judgment in favor of an employer on the grounds that the plaintiff had "raised no triable issues of fact as to [the defendant's] loss of the common interest privilege[,] [b]ecause neither excessive publication nor publication with malice exist[ed]." *Mastro*, 447 F.3d at 859. The allegedly defamatory statements at issue were contained in termination memoranda circulated to the employer's upper management and to the D.C. Department of Employment Services. *Id.* at 849. The court concluded that "[t]he primary purpose behind management's publication of the memoranda" was documenting the events giving rise to the plaintiff's termination, not "sully[ing] Mastro's reputation." *Id.* at 859. "Whatever impermissible motives may have prompted [the defendant] to terminate Mastro, Mastro has presented no evidence suggesting that the communication of that decision to a small group of appropriate individuals was driven by anything

10

more than the mundane need for businesses and governments to keep track of personnel actions." *Id.* The same is true here. Plaintiff has offered much speculation but no evidence that retaliation drove the Report. Instead, the facts plainly show a "mundane . . . business[] and government[]" purpose, *id.*: the USDA, driven by employee complaints, charged Defendant with assessing the working environment at its Miami field office, and in order to complete that task, Defendant had to report to the USDA on factors affecting the Miami working environment—including certain elements of Plaintiff's performance in his role that affected the office climate as perceived by other employees. *See* Def.'s Mem. at 21; Def.'s SOF ¶¶ 1–5, 19. Plaintiff has come forward with no evidence that retaliating against him was ADR Vantage's primary purpose in drafting the Report.

Plaintiff also alleges that the president of ADR Vantage was aware of "some connection between retaliation and statements made about Plaintiff," and so "when ADR Vantage admits that it was aware that the defamatory statements were payback for Plaintiff's protected activities, it is in fact admitting to having acted with malice." Pl.'s Opp'n at 38 (internal quotation marks omitted). Defendant has made no such admission. Rather, it stated that "many of the complaints/ criticisms expressed by [Plaintiff's] fellow employees" that contributed to the USDA hiring Defendant to conduct a Climate Assessment "stemmed from the unrelenting grievances he filed in his role as a union officer." Def.'s Mem. at 22. Defendant made this statement to explain why statements in the Report about Plaintiff were relevant to Defendant and the USDA's common interest: "Because the entire purpose of the Climate Assessment was to help the USDA gauge ways to improve the working environment at its Miami office, and the report was given to only the USDA's leadership," statements reflecting complaints by Plaintiff's coworkers were "precisely the type of situation where a qualified privilege should exist and be applied." *Id.* Moreover, even taking Plaintiff's mischaracterization of Defendant's words at face value, mere awareness of

11

"some connection between retaliation and statements made about the Plaintiff," Pl.'s Opp'n at 38 (internal quotation marks omitted), would not rise to the level of "conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will." *Mastro*, 447 F.3d at 859; *see also Moss v. Stockard*, 580 A.2d 1011, 1025 (D.C. 1990).

Plaintiff makes much of the Report's suggestion that he may have abused his position by improperly accessing stored materials, even though a USDA official, Tucker, was aware that the allegation had already been investigated and no wrongdoing had been found. Plaintiff argues that Tucker's awareness "that the accusations about Plaintiff abusing his access to computer and phone" that were included in the Report "were false" establishes malice. Pl.'s Opp'n at 37. Not so. Tucker is not the defendant in this case; ADR Vantage is. Plaintiff has supplied no evidence that ADR Vantage knew that Plaintiff had been cleared of wrongdoing by the time of the Report's publication. Given the purpose of the Climate Assessment and the associated Report—to "help identify" some of the "themes and patterns" in the "hostile work environment" at the Miami field office as a "tool" to be used in "improving workplace conditions," Def.'s SOF ¶¶ 2, 19; Def.'s Mem. at 21—Plaintiff simply has not established that Defendant's inclusion of statements that reflected other USDA employees' perceptions of Plaintiff's effect on the working environment was driven by a "primary motive" of "ill will or enmity." *Payne*, 25 A.3d at 925.

Finally, Plaintiff attempts to establish malice by transforming an out-of-circuit district court case into a dispositive, four-factor test, which he alleges he has "irrefutabl[y]" met. Pl.'s Opp'n at 38–39. This attempt is unavailing. First, the case Plaintiff cites, *Echtenkamp v. Loudon County Public Schools*, 263 F. Supp. 2d 1043 (E.D. Va. 2003), involves an application of Virginia law, not District of Columbia law. It also does not purport to set forth a four-factor test for malice; rather, it offers an example of an evidentiary showing that survived a motion to dismiss. *Id.*

12

at 1063. Moreover, both *Echtenkamp* and the Virginia Supreme Court case it cited in the portion of the opinion Plaintiff points to involved factual scenarios where the allegedly defamatory statements were made in bad faith by the defendant-employer in the events surrounding each plaintiff's termination. *Echtenkamp*, 263 F. Supp. 2d at 1052–53; *Oberbroeckling v. Lyle*, 362 S.E.2d 682, 685 (Va. 1987). Here, Defendant was not Plaintiff's employer, and the allegedly defamatory statements were made for a purpose independent of evaluating or influencing Plaintiff's employment: Defendant included the allegedly defamatory statements about Plaintiff in its report to reflect the views of Miami USDA employees, Pl.'s Opp'n at 37, and to deliver to the USDA a complete report of "themes and patterns in [the] work environment with the goal of improving workplace conditions." Def.'s SOF ¶ 2.

In sum, the common-interest privilege applies to the Report, and Plaintiff has not met his burden in rebutting its application. As a result, judgment as a matter of law is warranted in favor of Defendant on Plaintiff's defamation claim.

### 2. *The Statute of Limitations*

Even if the common-interest privilege does not apply, Plaintiff's defamation claim is time-barred, compelling summary judgment in favor of Defendant on that alternative ground. In his opposition to Defendant's motion for summary judgment, Plaintiff argues for the first time that his defamation claim is subject to Florida's two-year statute of limitations rather than the District of Columbia's one-year period. Pl.'s Opp'n at 4. That argument is a nonstarter. Federal courts sitting in diversity "apply the choice-of-law rules of the forum state." *Seed Co. Ltd. v. Westerman*, 832 F.3d 325, 331 (D.C. Cir. 2016). Here, of course, that means the court applies District of Columbia law. "D.C. choice-of-law rules . . . treat statutes of limitations as procedural, and therefore ordinarily mandate application of the District's own statute of limitations." *Jones v.*

13

*Kirchner*, 835 F.3d 74, 81 (D.C. Cir. 2016) (alteration omitted) (internal quotation marks omitted); *see also Seed Co.*, 832 F.3d at 331 ("The District of Columbia in turn requires us to apply its rules concerning the statute of limitations."). Thus, the District of Columbia's statute of limitations, not Florida's, governs this case.

Under District of Columbia law, "[a] claim for defamation must be filed within one year of accrual of the cause of action." *Maupin v. Haylock*, 931 A.2d 1039, 1041–42 (D.C. 2007). Generally, "the cause of action accrue[s], and the one-year limitations period beg[ins] to run, at the time the allegedly defamatory statement was published." *Id.* at 1042. However, in some defamation cases "where the defamatory statement is inherently undiscoverable," *McFadden v. Wash. Metro. Area Transit Auth.*, 949 F. Supp. 2d 214, 221 (D.D.C. 2013) (alteration omitted) (internal quotation marks omitted), courts have instead "applied the so-called 'discovery rule.'" *Id.* That rule provides that "the statute of limitations will not run until plaintiffs know or reasonably should have known that they suffered injury due to the defendants' wrongdoing." *Id.* (internal quotation marks omitted).

But it is not settled law that the discovery rule applies in every defamation case. The rule does not apply to defamation claims in the "mass media" context, where "the fact of injury . . . can be readily determined." *Chandler v. Berlin*, 998 F.3d 965, 971 (D.C. Cir. 2021) (alteration omitted) (internal quotation marks omitted). And "[t]he D.C. Court of Appeals has . . . expressly left open the question of whether the discovery rule should be applied where the statement was undiscoverable because a defendant concealed the material, or because it was not otherwise discoverable." *Id.* (internal quotation marks omitted). Here, the court is skeptical that the discovery rule applies because the statements at issue were not, at least as of April 20, 2017, "inherently undiscoverable." *McFadden*, 949 F. Supp. 2d at 221. Recall that Plaintiff admits to

14

receiving an unredacted version of the Report on or about that date. *See* Pl.'s EEO Compls.; Def.'s SOF ¶ 20. But both parties here assume that the discovery rule applies. *See* Def.'s Mem. at 16 (citing *Diamond v. Davis*, 680 A.2d 364 (D.C. 1996), and stating the discovery rule); Pl.'s Opp'n at 6 (asserting that "ADR Vantage does not appear to dispute the application of the discovery rule"); Def.'s Reply to Pl.'s Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 93 [hereinafter Def.'s Reply], at 4 (again citing *Diamond* and discussing inquiry notice). So, the court will do the same.

Even under the discovery rule's more generous definition of the accrual date, Plaintiff's defamation claim is untimely. Under the discovery rule, "a cause of action accrues when a plaintiff knew or should have known through the exercise of reasonable diligence of: (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Momenian v. Davidson*, 878 F.3d 381, 388 (D.C. Cir. 2017) (internal quotation marks omitted). Here, Plaintiff had actual knowledge of those three elements at least by May 18, 2017, entirely apart from the copy of the unredacted Report he received the month prior.[5] He concedes that "[o]n May 18, 2017," Dr. Deborah Brennan, a USDA official, "made disparaging comments about Plaintiff's job performance" in front of him and his coworkers at the Miami office. Compl. ¶ 31; Gonzalez Ramos Dep. at 84 ("[S]he mentioned that the climate assessment found that the IT specialist was

---

[5] Both parties devote much time to discussing whether Plaintiff's receipt of the unredacted Report as part of the April 2017 Report of Investigation ("ROI") put Plaintiff on inquiry notice, thus starting the limitations period. *See* Def.'s Reply at 4–5; Pl.'s Opp'n at 11–14. The April 2017 ROI was prepared in response to "EEO Complaints [about] race, national origin[,] and reprisal for prior EEO activity" that Plaintiff had submitted. Pl.'s Opp'n at 7; *see* Pl.'s EEO Compls. at 4. It is certainly possible that Plaintiff's receipt of the Report in April 2017 is enough to have placed Plaintiff on inquiry notice, particularly given that, according to him, both the April 2017 ROI and the Report contain proof of reprisals and retaliation against him. *See Diamond*, 680 A.2d at 372 (explaining that "a cause of action accrues for purposes of the statute of limitations when the plaintiff has either actual notice of her cause of action or is deemed to be on inquiry notice" and that "inquiry notice is that notice which a plaintiff would have possessed after due investigation" (internal quotation marks omitted)). The court need not decide that issue, however, because Plaintiff's defamation claim is time-barred even based on a later accrual date.

defective in his performance."). He further admits that, "[a]ccording to Brennan[,] she based her comments in the findings of the Climate Assessment." Compl. ¶ 31; Gonzalez Ramos Dep. at 84.

Based on his own account, then, Plaintiff was aware by May 2017 that the Report contained unflattering statements about his job performance, and that it had been published to, at least, Brennan. He knew that Defendant was the source of the Report. Pl.'s Opp'n at 8–9; *see* Pl.'s Resp. to Def.'s SOF ¶ 6 (discussing Plaintiff's awareness of, response to, and decision not to participate in Defendant's climate assessment). And as Defendant notes in its reply brief in support of its motion for summary judgment, "Plaintiff alleges he was aware of a 'conspiracy' against him dating back to at least 2015." Def.'s Reply at 4. He thus knew of the existence of an injury, its cause in fact, and some evidence of alleged wrongdoing as of May 2017. *See Momenian*, 878 F.3d at 388. That is enough under the discovery rule to trigger the accrual of the limitations period. *Id.*; *see also Stith v. Chadbourne & Parke, LLP*, 160 F. Supp. 2d 1, 7 (D.D.C. 2001); *McFadden*, 204 F. Supp. 3d 134, 153 (D.D.C. 2016). Because Plaintiff did not file this action until July 18, 2018—more than a year after May 18, 2017, and so outside the one-year statute of limitations—his defamation claim is time-barred.

Plaintiff responds that "the statute of limitations began to run on October 20, 2017," when he received a "slightly redacted copy" of the Report in response to his FOIA request, less than a year before he filed his action. Pl.'s Opp'n at 13–14. The court disagrees. As discussed, Plaintiff learned facts relating to the existence of his injury, its cause in fact, and some evidence of alleged wrongdoing by Defendant when Brennan publicly criticized his work performance based on the Report's findings in May 2017. That Plaintiff learned *more* information in October 2017, when he received a less-redacted version of the Report (even though he already possessed an unredacted copy, as well as a "heavily redacted" copy from which he admits he could glean "negative

16

comments" about him, Gonzalez Ramos Dep. at 77), does not restart the limitations period. His filing of the Complaint in July 2017 therefore was untimely.

**B.      Remaining Claims**

In addition to his defamation claim, Plaintiff asserts claims for civil conspiracy, false light invasion of privacy, intentional infliction of emotional distress, and permanent injunctive relief. The relationship between these claims and the defamation claim compels summary judgment in favor of Defendant in full. The court briefly explains why this is so for each claim.

*1.      Invasion of Privacy (Count IV)*

The court begins with Plaintiff's claim for false light invasion of privacy. *See* Compl. ¶¶ 66–75. "[U]nder District of Columbia law, a false light claim requires a showing of: (1) publicity; (2) about a false statement, representation or imputation; (3) understood to be of and concerning the plaintiff; and (4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 272 (D.D.C. 2017) (cleaned up) (internal quotation marks omitted). "[B]ecause the elements of a false light claim are similar to those of a defamation claim, courts often analyze the two claims in the same manner, particularly where a plaintiff rests both claims on the same underlying allegations." *Zimmerman*, 246 F. Supp. 3d at 274. Additionally, a one-year limitations period governs false light claims under District of Columbia law. *See Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007).

Here, Defendant's defamation and false-light claims are based on the same allegations: the allegedly false or otherwise damaging statements concerning Plaintiff that Defendant published in the Report. *See* Pl.'s Opp'n at 43 ("The previous discussions in the defamation section of this response should be sufficient to demonstrate that Plaintiff meets [elements] one through three [of

17

a false-light claim] . . . ."); *id.* at 23–25, 43–44; *see also Gonzalez Ramos*, 2018 WL 6680531, at *2 (noting that "Defendant's arguments as to defamation and false light invasion of privacy are one and the same"). As a result, Plaintiff's false-light claim suffers the same fate as his defamation claim, and Defendant's motion is granted as to the false-light claim.

> 2. *Intentional Infliction of Emotional Distress (Count III)*

A similar analysis applies to Plaintiff's claim of intentional infliction of emotional distress ("IIED"). *See* Compl. ¶¶ 62–65. "In a claim for intentional infliction of emotional distress, a defendant will be liable only if he or she engages in (1) extreme or outrageous conduct[,] which (2) intentionally or recklessly causes (3) severe emotional distress to another." *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624, 628 (D.C. 1997) (internal quotation marks omitted). The "extreme and outrageous" conduct Plaintiff points to on the part of Defendant is its "publishing defamatory and false information about Plaintiff" in the Report. Compl. ¶¶ 64–65; *see also* Pl.'s Opp'n at 43 ("The accusations in the Climate Assessment that Plaintiff was abusing his access to the data, email and telephones of his co-workers and committing fraud, waste and abuse caused Plaintiff a reasonable fear of losing his job or being charged criminally."). Plaintiff correctly notes that "statements that are defamatory per se by their very nature are likely to cause mental and emotional distress," *Carey v. Piphus*, 435 U.S. 247, 262 (1978), and that some defamatory statements may therefore form the basis of an IIED claim, so long as each of the elements of the tort can be shown. Pl.'s Opp'n at 42–43. But because the statements at issue are subject to the common-interest privilege, Defendant cannot be held liable for them under what is effectively a defamation claim by a different name.

Moreover, because Plaintiff's IIED claim is "intertwined" with, and indeed "completely dependent on," his defamation claim, it "falls subject to" the one-year statute of limitations and is,

like the defamation claim, untimely. *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 73 (D.D.C. 1988) (internal quotation marks omitted); *see also Burda v. Nat'l Ass'n of Postal Sup'rs*, 592 F. Supp. 273, 281 (D.D.C. 1984), *aff'd*, 771 F.2d 1555 (D.C. Cir. 1985); *Mittleman v. United States*, 104 F.3d 410, 416 (D.C. Cir. 1997) (observing that, under District of Columbia law, "emotional injury arising out of the publication of false statements, as from false light invasion of privacy, would be governed by the one-year statute of limitations").

The court grants Defendant's motion as to Plaintiff's IIED claim.

### 3. Civil Conspiracy (Count II)

Plaintiff's Complaint includes a freestanding "civil conspiracy" count. Compl. ¶¶ 54–61. "Under District of Columbia law, a civil conspiracy is not an independent tort but only a means for establishing vicarious liability for an underlying tort." *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009) (cleaned up). It is "a theory of liability, not a separate cause of action that demands its own count." *Baird v. Holway*, 539 F. Supp. 2d 79, 91 (D.D.C. 2008). Because "a civil conspiracy claim incorporates . . . every substantive element of the underlying tort," Nader, 567 F.3d at 697, and because judgment will be entered against Plaintiff on his underlying tort claims, the same holds true for his civil-conspiracy claim. In addition, for good measure, civil conspiracy claims incorporate the statute of limitations of the underlying tort and thus Plaintiff's civil conspiracy claim is time-barred. *Nader*, 567 F.3d at 697 ("[A] civil conspiracy claim incorporates not only every substantive element of the underlying tort, but also its statute of limitations . . . .").

The court therefore grants Defendant's motion with respect to Plaintiff's civil conspiracy count.

### 4. *Permanent Injunctive Relief (Count V)*

Finally, Plaintiff asserts a freestanding count for "permanent injunctive relief." Compl. ¶¶ 76–81. Because none of Plaintiff's theories of liability are viable, he is entitled to no relief. The court grants summary judgment on this "claim."

## V. CONCLUSION

For the foregoing reasons, the court grants Defendant's motion for summary judgment as to all claims. A final, appealable Order accompanies this Memorandum Opinion.

Dated: September 29, 2021

Amit P. Mehta
United States District Court Judge